IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| JERRY LAZA | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| CITY OF PALESTINE, MIKE | § | JURY TRIAL REQUESTED |
| ALEXANDER, RONALD STUTES | § | |
| | § | |
| *Defendants.* | § | |

**DEFENDANT CITY OF PALESTINE'S**
**NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to the terms and provisions of 28 U.S.C. §§ 1441, and 1446, The City of Palestine, Texas ("Defendant" or " City of  Palestine"), Defendant in the cause styled *Jerry Laza v. City of Palestine, Mike Alexander, and Ronald Stutes,* originally pending as Cause No. DCCV16-356-349A, in the 349th Judicial District Court, Anderson County, Texas, ("the "State Court Action"), files this Notice of Removal to the United States District Court of  the Eastern District of Texas, Tyler Division.

**I.**
**BASIS FOR REMOVAL—FEDERAL QUESTION**

This Notice of Removal is filed on the basis of the existence of a federal question pursuant to 28 U.S.C. §1441(a). Federal-question jurisdiction exists because the claims brought by Plaintiff Jerry Laza arise under federal law, more specifically claims of violations of Article I, Section 10 of the United States Constitution, 42 U.S.C.A. §1983, and violations of the Fifth and Fourteenth Amendments to the United States Constitution.

## II.
## PLAINTIFF'S CLAIM UNDER ARTICLE I, SECTION 10 OF THE UNITED STATES CONSTITUTION, AND 42 U.S.C.A. §1983

In his First Amended Counterclaim, Plaintiff states that this action is brought pursuant to 42 U.S.C. § 1983. See Exhibit A at pg. 7. It is unclear from his pleadings which alleged actions on the part of the Defendants ostensibly fall under this claim, but Plaintiff does contend that Defendants "significantly impaired" his "vested right" with regard to his "duly filed zoning change applications …" See Exhibit A at pg. 8.

Plaintiff also asserts a cause of action under Article 1, Section 10 of the United States Constitution. See Exhibit A at pg. 8. In pertinent part, this section of the Constitution limits a state's power to interfere with legal contracts. See U.S. Const. art. I, § 10. Plaintiff contends that the "City's legislative action unreasonably impaired, altered and extinguished existing terms and its obligations under a agreement with Laza in violation of the contracts clause of the Constitution of the United States." See Exhibit A at pg. 8.

## III.
## PLAINTIFF'S CLAIMS OF VIOLATION OF THE 5TH AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTION

Plaintiff also brings causes of actions "under … the Fifth Amendment and the Fourteenth Amendment of the United States Constitution …" See Exhibit A at pg. 8. With regard to the Fifth Amendment, it is unclear which specific alleged actions purportedly fall under this claim, but Plaintiff contends that "Defendant's combined legislative and quasi-judicial actions … caused an unlawful restriction in the use of [his] property and a loss in its value." See Exhibit A at pg. 8. Plaintiff contends further that Defendant's "conduct gives rise to … claims for … inverse condemnation and in the alternative, an unlawful taking under the Constitution of the United States …" See Exhibit A at pg. 8. These allegations seem to fall within the relative

purview of the Fifth Amendment, which prohibits the taking of private property for public use without just compensation. See U.S. Const. amend. V.

With regard to his equal protection claim under the 14th Amendment to the United States Constitution, Plaintiff argues that Defendant's "intentional conduct also caused [him] to be treated differently than other similarly situated persons in violation of the equal protection clause." See Exhibit A at pg. 8. Laza also states that these "violations were done under the color and authority of state law and constitute state action." See Exhibit A at pg. 8.

### IV.
### VENUE

The Tyler Division of the Eastern District of Texas is the United States district and division embracing Anderson County, Texas, the county in which the State Court Action was filed and is pending. Therefore, venue of this removed action is proper in this Court.

### V.
### CONSENT

At the time of the filing of this Removal, Defendant City of Palestine, Texas is the only Defendant who has been served with citation in the State Court Action. Co-Defendants Mike Alexander and Ronald Stutes have not been served with the State Court Action by Plaintiff Jerry Laza nor have any attempts made to serve them. Therefore, consent of the non-served co-Counter-Defendants in this case is not necessary at this time.

### VI.
### NATURE OF THE CASE

In June 2016, the City of Palestine filed a lawsuit in the 349th Judicial District Court of Anderson County, Texas against Jerry Laza for civil penalties and injunctive relief related to alleged violations of City Ordinances and the Palestine City Code. These alleged violations involve the use by Counter-Plaintiff Laza of his property, which is zoned residential, as a

junkyard and outdoor storage yard, as opposed to its stated use as a "lawnmower shop". The alleged violations include unauthorized storage of junked equipment, failure to maintain property in keeping with the City of Palestine City Code, unauthorized keeping of livestock on the property, and several other violations of City Ordinances and Zoning Laws.

After an initial round of discovery was finally complete in January 2017, the City requested a temporary injunction hearing, which was set for March 3. Defendant Laza moved to postpone that hearing, and the court determined a temporary injunction hearing would not be necessary if a swift trial on the merits could be scheduled. That trial was scheduled for June 5, 2017.

After Defendant Jerry Laza announced not ready for trial, a temporary injunction hearing was held on June 7 and 8. Due to delays in obtaining the transcript of the hearing, no ruling on the temporary injunction has been issued. Therefore, trial is now scheduled for September 18, 2017.

On August 18, 2017, 31 days prior to the trial setting, Jerry Laza filed his First Amended Counterclaim (Exhibit A), which included new counterclaims against the City of Palestine as well as against Mike Alexander, City Manager, Ronald Stutes, City Attorney, and "Defendant, John or Jane Does 1-9, City Council Persons." In that pleading, **for the first time,** Jerry Laza alleges violations of the Texas Open Meetings Act, violation of constitutional rights pursuant to §1983 of Title 42 of the United States Code, the Texas Constitution (Article I, §17 and Article I, §19), Texas's common law of contracts, the Contracts Clause of the United States Constitution, the Fifth Amendment to the United States Constitution, and the Fourteenth Amendment to the United States Constitution.

On August 21, 2017, 28 days prior to the trial setting. Jerry Laza filed his Second Amended Counterclaim (Exhibit B) which includes the same allegations included in the first amended counterclaim.

In response, the City of Palestine filed a Motion to Sever the Counterclaims first alleged in Plaintiff Laza's First Amended Counterclaim and re-stated in Plaintiff Laza's Second Amended Counterclaim on the basis that such counterclaims, if not severed from the underlying suit, would inevitably and unnecessarily delay the initial lawsuit. The Court granted Palestine's Motion to Sever on **September 15, 2017** and ordered that Plaintiff's Laza's new counterclaims be severed from the original suit and be given the new Cause Number DCCV16-356-349A.

## VII.
## JURY DEMAND

Defendant City of Palestine hereby respectfully requests that a jury be empaneled to try the facts and issues of this cause.

## VIII.
## REMOVAL IS TIMELY

Defendant City of Palestine timely files this Notice of the Removal of Action pursuant to 28 U.S.C.§1446(b).  Specifically, Plaintiff Laza filed suit on the underlying federal claim by and through the filing of Counter-Plaintiff Jerry Laza's Fourth Amended Original Answer and First Amended Counterclaim and Petition for Relief and Inverse Condemnation and Violation for Texas Open Meetings Act, Seeking Damages and Demand for Jury Trial on **August 18, 2017**. This Removal is filed within thirty days of service of the Original Counterclaim via electronic service on August 18, 2017. Removal is therefore timely. *See* 28 U.S.C. §1446(b).

## IX.
## NOTICE TO THE STATE COURT

Defendant City of Palestine has filed a Notice of Removal to Federal Court with the 349th Judicial District Court, Anderson County, Texas, on the same date the instant Notice of Removal was filed in this Court. A copy of the notice provided to the state court is attached as Exhibit D. The filing fee has been tendered to the United States District Court for the Eastern District of Texas, Tyler Division, along with the original Notice of Removal.

## X.
## STATE COURT PLEADINGS PROVIDED

Pursuant to 28 U.S.C. §1446(a), this Notice of Removal is accompanied by copies of the following:

a. Pleadings asserting causes of action, e.g. petitions, counterclaims, cross actions, third party actions, interventions, and all answers to such pleadings: *Defendant/Counter-Plaintiff Jerry Laza's Fourth Amended Original Answer and First Amended Counterclaim and Petition for Relief and Inverse Condemnation and Violation of Texas Open Meetings Act, Seeking Damages and Demand for Jury Trial* (Exhibit A); *Defendant/Counter Plaintiff Jerry Laza's Fifth Amended Original Answer and Second Amended Counterclaim, Preservation of Counterclaim, and Petition for Relief and Inverse Condemnation and Violation of Texas Open Meetings Act, Seeking Damages, Alternative Damages and Demand for Jury Trial* (Exhibit B); *Counter-Defendant City of Palestine's Motion to Strike and Motion in the Alternative to Sever* (Exhibit C);

b. Notice of Removal to Federal Court (Exhibit D);

    c. Order Granting Counter-Defendant City of Palestine's Motion to Sever (Exhibit E).

A certified copy of the docket sheet for the State Court Action is not available for forwarding to this Court as the cause of action was only created by the aforementioned Order Granting the Counter-Defendant City of Palestine's Motion to Sever on September 15, 2017, and the State Court has not had the time to create such a docket sheet yet. However, once one is created for this matter, it will be forwarded to the Court. This Notice of Removal is accompanied by a list of all counsel of record, including addresses, telephone numbers and parties represented. (Exhibit F). *See* E.D.Tex. Local Rule CV-81. The case is being removed from the 349th Judicial District Court of Anderson County, Texas, 500 N. Church Street, Suite 30, Palestine, Texas 75801. *See id.*

**WHEREFORE**, Defendant City of Palestine respectfully prays that this Notice of Removal be filed, that the State Court Action pending in the 349th Judicial District Court, Anderson County, Texas be removed to and proceed in the United States District Court for the Eastern District of Texas, Tyler Division, and for any further relief, both in law or equity, to which the City of Palestine, Texas may show itself justly entitled.

Dated: September 18, 2017      Respectfully submitted,

              By: */s/ J. Matt Rowan*
                James D. Hankins
                State Bar No. 0891230
                LAW OFFICE OF JAMES D. HANKINS
                606 E. Crawford Street
                Palestine, Texas 75802
                (903) 729-2102
                (903) 729-4732 (Facsimile)
                jdh@jameshankinslaw.com

        RONALD D. STUTES
State Bar No. 19452600
J. MATT ROWAN
State Bar No. 24033137POTTER MINTON
A Professional Corporation
110 N. College, Suite 500
Tyler, Texas  75702
(903) 597 8311
(903) 593 0846 (Facsimile)
ronstutes@potterminton.com

*Attorneys for*
**CITY OF PALESTINE**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF electronic mail system per Local Rule CV-5(a)(3) on September 18, 2017.

        */s/ J. Matt Rowan*
        J. Matt Rowan