# EXHIBIT

# "A"

Filed: 8/18/2017 3:40 PM
Janice Staples
District Clerk
Anderson County, Texas
Janice Staples

NO. DCCV16-356-349

| | |
|---|---|
| CITY OF PALESTINE<br>Plaintiff, | IN THE DISTRICT COURT |
| V. | 349TH JUDICIAL DISTRICT |
| JERRY LAZA<br>Defendant. | OF ANDERSON COUNTY, TEXAS |
| JERRY LAZA<br>Counter Plaintiff | IN THE DISTRICT COURT |
| V. | |
| CITY OF PALESTINE,<br>MIKE ALEXANDER AND<br>RONALD STUTES | 349TH JUDICIAL DISTRICT |
| Counter-defendants | OF ANDERSON COUNTY, TEXAS |

**DEFENDANT JERRY LAZA'S FOURTH AMENDED ORIGINAL ANSWER AND DEFENDANT JERRY LAZA'S FIRST AMENDED COUNTERCLAIM AND PETITION FOR RELIEF AND INVERSE CONDEMNATION AND VIOLATION OF TEXAS OPEN MEETINGS ACT, SEEKING DAMAGES AND DEMAND FOR JURY TRIAL**

1. Defendant Jerry Laza asks the Court to order that discovery be conducted according to a Level 3 discovery-control plan tailored to the circumstances of the suit, as authorized by Texas Rule of Civil Procedure 190.4.

2. Defendant generally denies the allegations in plaintiff's first amended original petition.

3. Defendant designates James C. Mosser as Attorney in Charge and that he replaces all other attorneys so designated.

4. Defendant denies that plaintiff is entitled to recover in the capacity in which plaintiff sues.

5. There is a defect of the parties.

6. Defendant denies plaintiff's allegations that plaintiff gave notice and proof of plaintiff's claim.

**DEFENSES**

7. Paragraphs 1-54 are incorporated herein, in haec verba.

8. Defendant is not liable to plaintiff because:

    a. of an accord and satisfaction. Twenty years ago operated his business in the same fashion as he does today. Previously (twenty years ago) the plaintiff requested that Laza move to his present location and promised to rezone his present property to operate his (Laza's) business in the same manner as he had in the past and continues to do today. The plaintiff also agreed to have some of the land designated as agricultural, in return for

       his move and relocation of his business to his present location. Laza agreed to the demands of the plaintiff and made the move and established his new business location as requested by the plaintiff. Some of the land was rezoned, Laza operates his business today in the same manner and fashion as he did 20 years ago, just as he agree to do, at the specific agreement of the plaintiff.

b. plaintiff's own acts or omissions proximately caused or contributed to plaintiff's alleged injuries. If defendant is found liable for damages, defendant intends to seek a reduction of damages under the proportionate-responsibility statute.

c. of duress. Twenty years ago, plaintiff engaged in threats of actions toward plaintiff without legal justification, by threatening to prosecute Laza and take Laza's land. The plaintiff's destroyed defendant's free agency, in that he was not of able to counter the threats made by the plaintiff and defendant's free agency was destroyed.

d. As a result of the plaintiff's threats and actions, defendant's free will was overcome, causing defendant to act in a manner that defendant would not otherwise have acted, and which defendant was not legally bound to do, in that he acquiesced to the demands of the plaintiff and accepted the relocation demanded by the plaintiff to his present location. Ten years later plaintiff began a series of prosecutions that ended in favor of Laza, now more than four years later the plaintiff is trying a new technique of intimidation and persecution.

e. Plaintiff's threats were imminent, in that they were planning to make criminal complaints against Laza, accordingly, defendant had no present means of protecting herself. Therefore, plaintiff's action is barred for duress.

f. More than four years ago, Plaintiff originally prosecuted Laza on these very same claims contained in this lawsuit, and Laza was aquitted by a jury; Plaintiff has now waited 10 years to falsely claim that Laza is in violation of the same charges he was acquitted of:

    i. Plaintiff has claimed the same facts as previously tried to a jury, and there has been an unreasonable delay in asserting a legal or equitable right; and

    ii. Based on the conduct and promises of the Plaintiff, Laza conducted his business for the last 20 years in the same manner and in the same location he occupies today, and he has made a good faith change of position to his detriment and he has acted in reliance upon the delay by the plaintiff to act for more than the past 4 years.

g.     of estoppel. Plaintiff, with full knowledge of the provisions of the law as it relates to home rule cities and its rights under those provisions, waives all rights whatsoever under its ordinances when it agrees to relocate and re-zone for the benefit of Laza when it forced Laza to relocate to his present location. Plaintiff agreed to allow Laza to continue operating his business as he did twenty years ago, when it demanded that he relocate. Plaintiff's claims are barred, in whole or in part, by estoppel. Plaintiff falsely represented to Defendant that he would be allowed to operate his business in the same manner and fashion at its present location as he did at its previous location. Plaintiff concealed from Defendant that plaintiff did not rezone all of Laza's property. Plaintiff's representations concealment concerned facts material to Laza's agreement to relocate and consequences of which Plaintiff now complains. Plaintiff had knowledge of the true facts or the means of obtaining such knowledge through due diligence and intended that Defendant act or refrain from acting in reliance on Plaintiff's representations and concealment. Defendant did, in fact, act or refrain from acting in reliance on Plaintiff's representations and concealment to Defendant's detriment.

h.     of fraud. Prior to Laza's relocation to his present business address as alleged in plaintiff's petition, and in order to persuade defendant to enter into the agreement to relocate, plaintiff stated to defendant that the land would be re-zoned to accommodate Laza's business and that he would be permitted to continue operating in the same manner in the present location as he did in the previous location. The statements were a material misrepresentation in that the re-zoning was limited and subsequently the plaintiff began harassing Laza and filed criminal complaints against Laza for the very conduct that the Plaintiff has originally authorized. Plaintiff knew the statements were false when they were made. Plaintiff intended that defendant would act on the statement, and plaintiff did in fact act on the statements by relocating his business. As a result, defendant was injured in that by the plaintiff's conduct in restricting Laza's business activities and the plaintiff's criminal and civil prosecutions.

i.     of laches. Plaintiff previously mor than 20 years ago allowed and insisted that Laza move to his present location, and agree that he could conduct business just as he has for more than 4 years, more than 4 years ago, plaintiff prosecuted claims against the defendant which were to a jury in which the defendant was found not guilty or the plaintiff dismissed the claims, and never prosecuted those claims again until it filed this lawsuit on the same matters and issues, more than 6 years later; for the following:

    i.     Unlawfully allow large black animal to run at large 2005;

    ii.     Allow tall weeds over 18 inches to grow on his property;2003

      iii.    did not have a screening fence on his property 2003;

      iv.    failure to keep the property free from rubbish, trash, filth and other impure or unwholesome matter 2006;

      v.    using his property as a junkyard or salvage yard 2006;

      vi.    Keeping of livestock within City of Palestine 2009;

      vii.    then and there allowed horse too be in City of Palestine 2007;

      viii.    allowed a donkey too be in City of Palestine 2007; (sic).

j. of waiver. Plaintiff previously prosecuted all claims contained in its amended petition and previously disposed of them by agreement, reached a settlement that the defendant has complied with, or the defendant was found not guilty of the same claims by a jury.

k. of consent. Plaintiff agreed to allow the defendant to continue to operate in the manner in which he is operating and the agreement was reached twenty years ago and again in the years of 2003-2007.

l. of ratification. Plaintiff agreed to allow the defendant to continue to operate in the manner in which he is operating and the agreement was reached twenty years ago and again in the years of 2003-2007.

m. Of counterclaim. and

n. of res judicata. Plaintiff has previously tried these same cases and agreed to allow the defendant to continue to operate in the manner in which he is operating and the agreement was reached in the years of 2003-2007.

o. Plaintiff has failed to exhaust administrative remedies. Therefore, this cause brought by plaintiff is premature, and there is no issue ripe for determination in this court. Plaintiff's claims, if any, have been waived; and plaintiff is estopped from asserting the claims related to the application of the zoning regulations. Defendant is entitled to a reasonable time to respond to correspondence from the zoning board. The Plaintiff has not objected to the zoning application.

**Plea to the Jurisdiction**

9. The City of Palestine does not have standing to prosecute this lawsuit because it has not passed an ordinance permitting this litigation and lawsuit.

**Subject Matter Jurisdiction**

10. The Court does not have Subject Matter Jurisdiction, because this is a matter pending before the zoning board of adjustment and it has not made a final determination.

**Texas Rule of Civil Procedure 12**

11. Paragraphs 1-54 are incorporated herein, in haec verba.

12. Under Tex. R. Civ. P. 12, the plaintiff is required to show its authority to prosecute this lawsuit and it has not passed an ordinance of authorization related to this lawsuit.

13. The attorneys (Ron Stutes or James Hankins) representing the plaintiff in this matter do not have the requisite authority by ordinance or resolution to prosecute the claims.

14. The City Administrator has not been provided the requisite authority by ordinance or resolution to hire any attorney to prosecute this lawsuit.

**Special Exceptions**

15. Jerry Laza specially excepts to Plaintiff's Second Amended Original Petition and Request for Temporary and Permanent Injunctions and asks the Court to order plaintiff to replead specificity, to give defendant notice of the plaintiff claims and cure its pleading defects.

16. Defendant specially excepts to paragraphs 8 and 11, because plaintiff's pleading does not give fair notice of plaintiff's claim.

    a. Paragraph 8, claims that there are violations of the Palestine City Code, but fails to attach the subject Palestine Zoning Ordinance(s) as claimed, neither does the plaintiff identify how the subject properties are being used as a junkyard or salvage yard, and fails to plead with sufficient specificity to identify the specific acts that violate the subject Palestine Zoning Ordinance(s) so that defendant may identify the alleged violations or if any exist.. Jerry Laza specially excepts to Plaintiff's First Amended Original Petition and Request for Temporary and Permanent Injunctions and asks the Court to order plaintiff to replead specificity, to give defendant notice of the plaintiff claims and cure its pleading defects.

    b. Paragraph 11, claims to identify persons and property other than the defendant or defendant's property that suffer from adverse impacts without specifically identifying those specific sufferings or specific adverse impacts, or specific risks of substantial danger or specific injuries, or what specific ordinance satisfies which subject generic or general complaint so that defendant may identify the alleged violations or if any exist. Plaintiff fails to identify with specificity what impacts, risks or harm, will be or could be irreparable. Plaintiff fails to identify with specificity what neighbors of defendant have experienced rat infestation, caused solely by the defendants actions, or inactions, or what neighbors have done to curb their own rat infestation, or that an occurrence of expansion of any junkyard to the adjacent property has ever taken place, and plaintiff does

        not identify with specificity and conduct or results or property in paragraph 11, so that defendant may identify the alleged violations or if any exist. Jerry Laza specially excepts to Plaintiff's Second Amended Original Petition and Request for Temporary and Permanent Injunctions and asks the Court to order plaintiff to replead specificity, to give defendant notice of the plaintiff claims and cure its pleading defects

c.   Defendant specially excepts to plaintiff's petition because it merely restates zoning ordinance and does not identify how there is a violation, and does not state how the defendant violates the regulation, how it does promotes public health, safety, morals, or welfare, and it is unreasonable, and it is unconstitutional. The allegations against the defendant are made without any supporting facts and are mere conclusions of the pleader. Plaintiff therefore fails to sustain the legal burden of showing the absence of any facts to support the governing body of the city in passing the complained of sections of the city codes in the proper exercise of its police power. Of which special exception defendant requests judgment of the court.

**ORIGINAL COUNTERCLAIMS**

**DEFENDANT JERRY LAZA'S COUNTERCLAIM AND PETITION FOR DECLARATORY RELIEF AND INVERSE CONDEMNATION, SEEKING DAMAGES AND DEMAND FOR JURY TRIAL**

17.   Paragraphs 1-54 are incorporated herein, *in haec verba*.

18.   Without waiving its defenses asserted in the foregoing answer, Laza, as Counter-Plaintiff, complains of the City of Palestine, Plaintiff and now Counter-Defendant, and for such cause of action alleges by way of counterclaim as follows:

19.   Pursuant to Tex. R. Civ. P. 190.1, counter plaintiff intends to conduct discovery in this case under Level 3.

20.   At all times mentioned in this petition, counter plaintiff was and is an individual residing in Anderson County Texas.

21.   Counter Defendant City of Palestine, is a home rule municipality located in the State of Texas, Anderson County which may be served with process by serving Teresa Herrera the City Secretary at City of Palestine, 504 N. Queen Street, Palestine, TX 75801 Anderson County, Texas.

22.   Laza the Counter Plaintiff owns property located in the City of Palestine which is the subject of this lawsuit.

23.   Plaintiff acquired the property on *1998*. At that time, the property was underdeveloped land, unoccupied and suitable for Laza's use as agreed to by

DEFENDANT JERRY LAZA'S FOURTH AMENDED ORIGINAL ANSWER AND
DEFENDANT JERRY LAZA'S FIRST AMENDED COUNTERCLAIM AND PETITION
FOR RELIEF AND INVERSE CONDEMNATION AND VIOLATION OF TEXAS OPEN
MEETINGS ACT                                               Page 6 OF 11

the Counter-Plaintiff and the Counter-Defendant, and to be changed to a commercial zoning designation, under counter-defendant's zoning and land use regulations. Plaintiff acquired the property with the intent of constructing and expanding his lawnmower storage and small motor repair facility, all with the agreement of the Counter-Defendant.

24. The Counter Plaintiff, is Jerry Laza, by and through his undersigned counsel, sues the Counter Defendants, the City of Palestine, the City Attorney Ronald Stutes and the City Administrator Mike Alexander, ultra vires acts, and for injunctive relief and damages resulting from the Defendants' intentional deprivation of the Plaintiff's constitutionally protected rights and the ultra vires acts of . This action is brought pursuant to Title 42 Section 1983 of the Code of Laws of the United States of America, the Texas Constitution, and Texas's common law of contracts and Texas Statutes and their ultra vires conduct.

25. The City of Palestine, the City Attorney Ronald Stutes and the City Administrator Mike Alexander are acting ultra vires because they do not have an ordinance or resolution authorizing their respective actions as required by the laws enacted by the City of Palestine, Anderson County Texas and the State of Texas.

## JURISDICTIONAL BASIS OF THE CLAIMS

26. This action is brought pursuant to United States Constitution Article 1 Section 10 and 42 U.S.C.A. § 1983 and claims violations of the Plaintiff's civil rights as guaranteed by the Contracts Clause and Fourteenth Amendment to the United States Constitution and  in violation of the Texas Constitution Art. I, § 17.

27. This court has jurisdiction over the claims. This action arises out of the Constitution of the United States of America and alleges violations of constitutionally protected rights of the Counter Plaintiff who is a citizen of the United States of America and the Texas Constitution Art. I, § 17 and Counter Plaintiff is citizen of the State of Texas.

28. The claims brought under the Texas Constitution, common law of contracts and statutory law arising from the same operative nucleus of facts and circumstances that form part of the same case and controversy.

29. All of the actions of the Counter Defendant giving rise to this action substantially occurred in Anderson County, Texas.

30. The amount in controversy exceeds $600,000; exclusive of statutory entitlement to attorney's fees and costs.

## THE PARTIES

31. The Counter Plaintiff, Jerry Laza, at all relevant times owned the lots identified on Exhibit A attached hereto and incorporated in haec verba. The lots are now located in the City of Palestine Anderson County Texas.

32. The Counter Defendant, City of Palestine, (The City) is a Home Rule City empowered by and deriving its authority from the Texas Constitution and Texas Statutes and the duly enacted City ordinances.

**Causes of Action**

33. This cause of action is brought as a result of the City's purposeful and ostensibly authorized violations of Laza's rights under Article 1, Section 10 and the Fifth Amendment and the Fourteenth Amendment of the United States Constitution, and the Texas Constitution, Art. I, § 17. The Counter-Defendant continues its violation of Texas Constitution Art. I, § 19 Sec. 19.

34. In 2012, the City adopted ordinances, which changed the future land use designation of Laza's property after Laza had been using the property for over 10 years in a commercial and agricultural manner. The City's legislative action unreasonably impaired, altered and extinguished existing terms and its obligations under a agreement with Laza in violation of the contracts clause of the Constitution of the United States.

35. This Single-Family Residential land use designation was adopted and continued based upon improper pretextual motives and for arbitrary and capricious reasons without any rational basis, in violation of due process. Counter-Defendants agreed 20 years ago to change Laza'a zoning to commercial. Counter-Defendant has refused to accept Laza's prior use and change the zoning of certain parcels to commercial and have prosecuted Laza because of his 20 year use of the subject parcels as counter-defendants agreed. Even after the criminal prosecution and the acquittal by a jury, 10 years ago, in 2016, the Counter-Defendant after permitting Laza's use of the parcels as commercial and agricultural properties, filed a civil lawsuit to force Laza to change his 20 year old use of the property as a commercial use. The Counter-Defendant City through its policy and the ultra vires conduct of the City Attorney and the City Administrator, unlawfully frustrated and significantly impaired Laza's vested right in having his duly filed zoning change applications and other requests heard under the then-existing comprehensive plan, which permitted a land use consistent with the Counter-Defendant's prior agreement. The Counter-Defendant's combined legislative and quasi-judicial actions were ultra vires and caused an unlawful restriction in the use of Laza's property and a loss in its value. The Counter-Defendant's intentional conduct also caused Laza to be treated differently than other similarly situated persons in violation of the equal protection clause. These violations were done under the color and authority of state law and constitute state action. The aforementioned conduct gives rise to the state claims for breach of contract, declaratory relief, and inverse condemnation and in the alternative, an unlawful taking under the Constitution of the United States and the Constitution of the State of Texas. The Counter-Defendant fails and refuses to comply with Sec. 19. "No citizen of this State shall be deprived of life, liberty,

property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land." Tex. Const. art. I, § 19.

36. All conditions precedent have occurred.

37. Defendant requests that plaintiff deliver to defendant requests for disclosure pursuant to Tex. R. Civ. P. 194.

38. Defendant seeks monetary relief over $200,000 but not more than $1,000,000. Tex. R. Civ. P. 47(c)(4).

**Violation of Texas Open Meetings Act**

39. Paragraphs 1-54 are incorporated herein, in haec verba.

40. Defendant, City Administrator, is the city administrator of the City of Palestine, Anderson County, Texas. Defendant, Mike Anderson, may be served at the City of Palestine, 504 N. Queen Street, Palestine, TX 75801 Anderson County, Texas.

41. Defendant, John or Jane Does 1-9, City Council Persons, are the Council Persons of the City of Palestine, Anderson County, Texas. Defendants, John or Jane Does 1-9, may be served at the City of Palestine, 504 N. Queen Street, Palestine, TX 75801 Anderson County, Texas.

42. This suit is brought against each City Council Person individually and as members of the City Council of the City of Palestine Anderson County Texas.

43. The City Administrator Mike Alexander under sworn testimony, stated that he held meeting with member of the City Council of the City of Palestine, and discussed the above captioned and numbered lawsuit as it related to the authority of the City Council to pass an ordinance or resolution authorizing the subject litigation.

44. On any date published in Anderson County there is no meeting notice related to a City Council meeting held and posted an agenda of that meeting pursuant to Section 551.041 of the Texas Government Code. The posted agenda included did not include any notice or agenda related to the above described authority or ordinance authorization of the above captioned and numbered lawsuit or th authority of the City Attorney or the City Administrator.

45. The Texas Open Meetings Act requires written notice of the subject of each meeting under Section 551.041 of the Texas Government Code.

46. In violation of Section 551.041 of the Texas Government Code, the City Attorney and the City Administrator and John Does 1-9, also heard and discussed the above captioned and numbered lawsuit at the an unnoticed meeting, even though this subject was not listed on any posted agenda. Nothing on the posted agenda indicated the substance of the presentation made by the City

      Administrator Mike Alexander, which covered discussions concerning the authority and the ordinance to prosecute this litigation in the above captioned and numbered lawsuit.

47. Counter-Plaintiff has standing to sue the city for violation of the Open Meetings Act as an "interested person," in that he is a defendant in the original litigation and he is the target of the alleged violation.

48. Counter-Plaintiff has a probable right of recovery in this action, in that the Counter-Defendants are persons that have unlawfully prosecuted claims against the Counter-Plaintiff and violated the Texas Open Meetings Act.

49. Counter-Plaintiff has a probable right of recovery in this action, in that the City Attorney and in concert with the City Administrator have violated Texas Law and caused damages to the Counter-Plaintiff.

50. Counter-Plaintiff has no adequate remedy at law other than injunctive relief to protect plaintiff from the harm threatened, in that the City of Palestine, intends to violate the laws of Texas and the United States, and breach its agreements with th Counter-Plaintiff, by failing to honor its agreements, and to refuse to allow the operation of the Counter-Plaintiff's business as was agreed 20 years ago. Monetary damages will not compensate plaintiff for the harm done by Counter-Defendant's actions.

51. The court should issue a temporary injunction to preserve the status quo prior to the conduct by counter-defendant in violation of the Open Meetings Act;

52. On final trial, the temporary injunction should be made permanent;

53. Counter-Plaintiff should be awarded attorney fees and costs under Section 551.142(b) of the Texas Government Code and under Section 37.009 of the Texas Civil Practice and Remedies Code, together with pre-and postjudgment interest on those amounts at the legal rate of 5%; and Counter-Plaintiff be awarded any other relief to which plaintiff is entitled.

**Prayer**

54. For these reasons, Defendant requests that the court dismiss this lawsuit, for lack of jurisdiction and lack of authority of plaintiff to prosecute this lawsuit, defendant asks the Court to set dismiss plaintiff for failure to replead as to special exceptions and, sustain his special exceptions, plea to the jurisdiction and order plaintiff to replead and cure its pleading defects and, if plaintiff does not cure its defects, strike the defective portions of plaintiff's pleading, and dismiss this case as to the claims against the Defendant. To enter judgment for the Counter-Plaintiff that his land is use as commercial land and has been for 20 years, and that the Counter-Defendant has breached its agreements with Counter-Plaintiff and has unlawfully taken Laza's land by applying zoning ordinances to land in the City of Palestine, that reduces the value of the subject

land, and applies these laws against the Counter-Plaintiff and not to others and treats Laza in a unlawful and disparate manner, in violation of the Texas and United States Constitutions. Award Counter-Plaintiff attorney's fee in the amount of $100,000. And if an appeal is filed to the Court of Appeals, attorney's fees in the amount of $150,000, and if an appeal to the Texas Supreme Court attorney's fees in the amount $200,000.

Respectfully submitted, MOSSER LAW PLLC
By: /s/ James C. Mosser
James C. Mosser
Texas Bar No. 00789784
Nicholas D. Mosser
Texas Bar No. 24075405
Email:CourtDocuments@MosserLaw.com
2805 Dallas Parkway
Suite 222
Plano, Texas 75093
Tel. (972) 733-3223
Fax. (972) 473-0600
Lawyer for Defendant Jerry Laza

**CERTIFICATE OF SERVICE**
I certify that on August 18, 2017, a true and correct copy of this document was served on James Hankins attorney for the City of Palestine electronically through the electronic filing manager under Tex. R. Civ. P. 21 and 21a.
/s/ James C. Mosser
James C. Mosser