# EXHIBIT

## "C"

Filed: 8/25/2017 1:52 PM
Janice Staples
District Clerk
Anderson County, Texas
Shirley Furnish

Cause No. DCCV16-356-349

| | | |
|---|---|---|
| CITY OF PALESTINE, TEXAS, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | |
| | § | |
| JERRY LAZA, | § | |
| *Defendant.* | § | |
| | § | ANDERSON COUNTY, TEXAS |
| JERRY LAZA, | § | |
| *Counter-plaintiff,* | § | |
| | § | |
| VS. | § | |
| | § | |
| CITY OF PALESTINE, MIKE | § | |
| ALEXANDER, AND RONALD STUTES, | § | |
| *Counter-defendants.* | § | 349th JUDICIAL DISTRICT |

## COUNTER-DEFENDANT CITY OF PALESTINE'S MOTION TO STRIKE AND MOTION IN THE ALTERNATIVE TO SEVER

The City of Palestine, Texas, Plaintiff in this lawsuit and counter-defendant in the Counterclaim filed by Jerry Laza, moves the Court to strike the First and Second Amended Counterclaims filed by Jerry Laza. In the alternative, the City of Palestine moves that the court sever the counterclaims filed by Jerry Laza.

## INTRODUCTION

In June 2016, the City of Palestine filed a lawsuit against Jerry Laza for civil penalties and injunctive relief. After an initial round of discovery was finally complete in January 2017, the City requested a temporary injunction hearing, which was set for March 3. Defendant Laza moved to postpone that hearing, and the court determined a temporary injunction hearing would not be necessary if a swift trial on the merits could be scheduled. That trial was scheduled for June 5, 2017.

After Defendant Jerry Laza announced not ready for trial (approximately one year after the suit was filed), a temporary injunction hearing was held on June 7 and 8. Due to delays in obtaining the transcript of the hearing, no ruling on the temporary injunction has been issued. Trial is scheduled for September 18, 2017.

On August 18, 2017, 31 days prior to the trial setting, but 435 days after the lawsuit was filed, Jerry Laza filed his First Amended Counterclaim (Exhibit A), which included new counterclaims against the City of Palestine as well as against Mike Alexander, City Manager, Ronald Stutes, City Attorney, and "Defendant, John or Jane Does 1-9, City Council Persons."[1] In that pleading, for the first time, Jerry Laza alleges violations of the Texas Open Meetings Act, violation of constitutional rights pursuant to §1983 of Title 42 of the United States Code, the Texas Constitution (Article I, §17 and Article I, §19), Texas's common law of contracts, the Contracts Clause of the United States Constitution, the Fifth Amendment to the United States Constitution, and the Fourteenth Amendment to the United States Constitution.

On August 21, 2017, 28 days prior to the trial setting. Jerry Laza filed his Second Amended Counterclaim (Exhibit B) which includes the same allegations included in the first amended counterclaim.

## MOTION TO STRIKE

On May 8, 2017, this court entered a scheduling order (Exhibit C) which required Amended Pleadings asserting new claims or defenses to be filed by May 10, 2017, and other amended pleadings to be filed by May 30, 2017. While the trial setting changed, the

---

[1] Counsel for Counter-plaintiff was apparently unable to visit the City of Palestine's website to learn how many councilmembers the City of Palestine has (six, not 9), or what the names of those councilmembers are.

**COUNTER-DEFENDANT CITY OF PALESTINE'S MOTION TO STRIKE AND MOTION IN THE ALTERNATIVE TO SEVER –**
Page 2
{A47/06319/0030/W1517871.1 }

deadline for filing amended pleadings had passed and none of these claims had been made prior to May 10.

In any event, the injection of new claims and 11 new parties (9 of which have not yet been named) is nothing more than a transparent attempt to obtain further delay of the September 18 trial setting. The new claims are not only untimely, they are not well-supported.

A review of the new claims demonstrates how empty they are, and how clearly they are designed to serve no purpose other than delay. For example:

- Paragraph 47 of the Second Amended Counterclaim (Paragraph 43 of the First Amended Counterclaim) states "The City Administrator Mike Alexander under sworn testimony, stated that he held meeting with member of the City Council of the City of Palestine and discussed the above captioned and numbered lawsuit as it related to the authority of the City Council to pass an ordinance or resolution authorizing the subject litigation."

- Paragraph 48 of the Second Amended Counterclaim (Paragraph 44 of the First Amended Counterclaim) states "On any date published in Anderson County there is no meeting notice related to a City Council meeting held and posted an agenda of that meeting pursuant to Section 551.041 of the Texas Government Code. The posted agenda included did not include any notice or agenda related to the above described authority or ordinance authorization of the above captioned and numbered lawsuit or the authority of the City Attorney or the City Administrator."

**COUNTER-DEFENDANT CITY OF PALESTINE'S MOTION TO STRIKE AND MOTION IN THE ALTERNATIVE TO SEVER –**
**Page 3**
{A47/06319/0030/W1517871.1 }

The only sworn testimony Mike Alexander (City Manager, not City Administrator) has given in this proceeding is an affidavit filed in response to Laza's Rule 12 Motion to Show Authority, which this court has denied. That affidavit does not state what Jerry Laza asserts. The last paragraph of the affidavit states "The City Council of the City of Palestine has been made aware of this suit. No city councilmember has expressed any desire for prosecution of the suit to be discontinued." The affidavit doesn't say that he "held meeting with member [sic] of the City Council;" it does not say that the council discussed the litigation "as it related to the authority of the City Council to pass an ordinance or resolution authorizing the subject litigation." The allegation is completely baseless, false, and made either knowingly without a basis or negligently without checking the actual document (which would also have revealed that Mr. Alexander is the City Manager, not the City Administrator).

In addition, the City Council posted a discussion of this litigation on the following dates:

June 27, 2016

July 11, 2016

November 14, 2016

November 28, 2016

March 13, 2017

June 12, 2017

July 10, 2017

August 14, 2107

**COUNTER-DEFENDANT CITY OF PALESTINE'S MOTION TO STRIKE AND MOTION IN THE ALTERNATIVE TO SEVER –**
**Page 4**
{A47/06319/0030/W1517871.1 }

Although the unintelligible and ungrammatical allegations in Paragraph 48 are difficult to discern, when read in connection with Paragraph 50 (Paragraph 46 of the First Amended Counterclaim), which alleges that the City Attorney and City Administrator and City Council "heard and discussed" the lawsuit at an unposted meeting "even though the subject was not listed on any posted agenda," it is clear that Jerry Laza is alleging that the City of Palestine has never posted this lawsuit for discussion. In fact, that allegation is demonstrably false, as it was posted on eight different occasions. *See* Exhibit D. So what purpose can be served by making such an allegation which is so easily proven false? Clearly, it is to attempt to further delay the proceeding.

A further example of the unsupportable pleadings in the counterclaim is found in the middle of paragraph 38 of the Second Amended Counterclaim (Paragraph 35 of the First Amended Counterclaim), where Laza asserts that "The Counter-Defendant City through its policy and the ultra vires conduct of the City Attorney and the City Administrator, unlawfully frustrated and significantly impaired Laza's vested right in having his duly filed zoning change applications and other requests heard under the then-existing comprehensive plan . . ." Laza has, for the first time, recently filed a zoning change application for some of the tracts involved in this suit. The applications are currently in process for consideration by the Planning and Zoning Commission, as required by City Ordinances and state law. The assertion that Laza's right to have applications heard has been frustrated is completely without any basis in fact. Instead, it is nothing more than an attempt to keep the suit from being heard on schedule.

The new counterclaims are not timely, unfairly inject new parties and new issues into a proceeding a full 14 months after the lawsuit was filed, go directly counter to the Court's

instruction that this case be ready to try on September 18, 2017, and are filed solely for the purpose of delay. They should be stricken.

## ALTERNATIVE MOTION TO SEVER

If the Court does not strike the new counterclaims, the City of Palestine requests in the alternative that the Court sever Laza's counterclaims from the claims made by the City of Palestine, which have been ready for trial for several months.

The Tyler Court of Appeals has set out the basis for deciding a Motion for Severance:

> Severance of claims under the Texas Rules of Civil Procedure rests within the sound discretion of the trial court. Although the trial court has broad discretion in determining whether to grant severance, that discretion is not unlimited. Instead, the trial court is required to exercise a sound and legal discretion within limits created by the circumstances of the particular case. That a claim *may* be severed does not always mean that it *must*. But there is no room for the exercise of discretion when all of the facts and circumstances of the case unquestionably require a separate trial to prevent manifest injustice, there is no fact or circumstance supporting or tending to support a contrary conclusion, and the legal rights of the parties will not be prejudiced thereby. A claim is properly severable only if (1) the controversy involves more than one cause of action; (2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted; and (3) the severed claim is not so interwoven with the remaining action that they involve the same facts and issues. The controlling reasons for a severance are to do justice, avoid prejudice, and further convenience. *In re Texas Farm Bureau Underwriters*, 374 S.W.3d 651, 656 (Tex. App.—Tyler 2012, orig. proceeding) (internal citations omitted).*Id.*

In this case, the counterclaim is clearly a separate cause of action from the claims made by the City of Palestine, so the first test is met. Similarly, the claims made by Jerry Laza could have made in a separate suit. Finally, although the facts and issues in the cases appear to be the same at first glance, in fact, they are completely separate. Whether the City of Palestine is required to adopt a resolution or ordinance authorizing the lawsuit is neither

material nor relevant to any issue in the suit against Jerry Laza. The facts relevant to that suit are whether Jerry Laza is operating a junkyard in a commercial and residential zone, whether Jerry Laza is operating a commercial business in a residential zone, whether there is trash and rubbish gathered on the premises, whether there are junk vehicles on the premises, and whether Jerry Laza is storing used lawnmowers outside in front of the primary building and on unimproved surfaces. Whether the City of Palestine entered into an oral contract with Jerry Laza 20 years ago, and whether the City is complying with the alleged terms of the alleged contract, is not relevant to whether Jerry Laza is in violation of city ordinances in 2016 and 2016. Whether the City Council of the City of Palestine violated the Open Meetings Act is not a fact that is material or relevant to whether Jerry Laza is continuing to violate the city's zoning ordinance.

The controlling reasons for severance, to avoid prejudice and do justice, are paramount in this situation. The Court advised the parties that this case should be ready for trial in June, and expressed its impatience with defendant when it announced that it was not ready for trial. The Court has now set this case for September, and has indicated that the parties should be ready for trial on September 18. If Jerry Laza had inserted new claims and new issues in June, there may have been an adequate time to do the necessary additional discovery to prepare defenses to the new claims. But Jerry Laza waited until the very last minute in an effort to delay the trial on the civil penalties and injunctive relief that the City of Palestine has been seeking since March.

## CONCLUSION

Desperate to avoid the judgment of a court and a jury, Jerry Laza has filed counterclaims that attempt to inject new issues, new parties, and new facts into this case.

The purpose of this filing is transparently to cause delay in the proceeding. The Court should not countenance this strategy.

Accordingly, the City of Palestine respectfully requests that this Court strike Counter-Plaintiff Jerry Laza's First and Second Amended Counterclaims. Alternatively, the City of Palestine requests that the Court sever Jerry Laza's counterclaims from the primary lawsuit in this case, assign it a separate cause number, and go forward with the trial on the main case in September. The City of Palestine also pleads for such other relief in law or in equity to which it may be justly entitled.

Respectfully submitted,

LAW OFFICE OF JAMES D. HANKINS
606 E. Crawford Street
Palestine, Texas 75802
(903) 729-2102
(903) 729-4732 (Facsimile)
jdh@jameshankinslaw.com

James D. Hankins
State Bar No. 08912300

POTTER MINTON
A Professional Corporation
110 N. College, Suite 500
Tyler, Texas  75702
(903) 597 8311
(903) 593 0846 (Facsimile)
ronstutes@potterminton.com

By: /s/ Ronald D. Stutes

RONALD D. STUTES
State Bar No. 19452600

ATTORNEYS FOR CITY OF PALESTINE

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been served via the electronic service provider upon Defendant's counsel of record, Robert Hindman, 5620 Old Bullard Road, Suite 105, Tyler Texas 75703-4358 (attorney@tyler.net), and on James C. Mosser, 2805 Dallas Parkway, Suite 222, Plano, Texas 75093 (CourtDocuments@MosserLaw.com) on August 25, 2017.

/s/ Ronald D. Stutes
Ronald D. Stutes

## EXHIBITS

| | |
|---|---|
| A | Defendant Jerry Laza's Fourth Amended Original Answer and First Amended Counterclaim |
| B | Defendant Jerry Laza's Fifrth Amended Original Answer and Second Amended Counterclaim |
| C | Scheduling Order |
| D | Posted City of Palestine Agendas for June 27, 2016, July 11, 2016, November 14, 2016, November 28, 2016, March 13, 2017, June 12, 2017, July 10, 2017, August 14, 2107 |

# EXHIBIT

## "A"

NO. <u>DCCV16-356-349</u>

| | |
|---|---|
| CITY OF PALESTINE | IN THE DISTRICT COURT |
| Plaintiff, | |
| V. | 349TH JUDICIAL DISTRICT |
| JERRY LAZA | |
| Defendant. | OF ANDERSON COUNTY, TEXAS |
| JERRY LAZA | |
| Counter Plaintiff | IN THE DISTRICT COURT |
| V. | |
| CITY OF PALESTINE, | 349TH JUDICIAL DISTRICT |
| MIKE ALEXANDER AND | |
| RONALD STUTES | |
| Counter-defendants | OF ANDERSON COUNTY, TEXAS |

**DEFENDANT JERRY LAZA'S FIFTH AMENDED ORIGINAL ANSWER AND
DEFENDANT JERRY LAZA'S SECOND AMENDED COUNTERCLAIM,
PRSERVATION OF COUNTERCLAIM,  AND PETITION FOR RELIEF AND INVERSE
CONDEMNATION AND VIOLATION OF TEXAS OPEN MEETINGS ACT, SEEKING
DAMAGES, ALTERNATIVE DAMAGES AND DEMAND FOR JURY TRIAL**

1.  Defendant Jerry Laza asks the Court to order that discovery be conducted according to a Level 3 discovery-control plan tailored to the circumstances of the suit, as authorized by Texas Rule of Civil Procedure 190.4.

2.  Defendant generally denies the allegations in plaintiff's first amended original petition.

3.  Defendant designates James C. Mosser as Attorney in Charge and that he replaces all other attorneys so designated.

4.  Defendant denies that plaintiff is entitled to recover in the capacity in which plaintiff sues.

5.  There is a defect of the parties.

6.  Defendant denies plaintiff's allegations that plaintiff gave notice and proof of plaintiff's claim.

**DEFENSES**

7.  Paragraphs 1-57 are incorporated herein, in haec verba.

8.  Defendant is not liable to plaintiff because:

    a.  of an accord and satisfaction. Twenty years ago operated his business in the same fashion as he does today. Previously (twenty years ago) the plaintiff requested that Laza move to his present location and promised to

rezone his present property to operate his (Laza's) business in the same manner as he had in the past and continues to do today. The plaintiff also agreed to have some of the land designated as agricultural, in return for his move and relocation of his business to his present location. Laza agreed to the demands of the plaintiff and made the move and established his new business location as requested by the plaintiff. Some of the land was rezoned, Laza operates his business today in the same manner and fashion as he did 20 years ago, just as he agree to do, at the specific agreement of the plaintiff.

b.     plaintiff's own acts or omissions proximately caused or contributed to plaintiff's alleged injuries. If defendant is found liable for damages, defendant intends to seek a reduction of damages under the proportionate-responsibility statute.

c.     of duress. Twenty years ago, plaintiff engaged in threats of actions toward plaintiff without legal justification, by threatening to prosecute Laza and take Laza's land. The plaintiff's destroyed defendant's free agency, in that he was not of able to counter the threats made by the plaintiff and defendant's free agency was destroyed.

d.     As a result of the plaintiff's threats and actions, defendant's free will was overcome, causing defendant to act in a manner that defendant would not otherwise have acted, and which defendant was not legally bound to do, in that he acquiesced to the demands of the plaintiff and accepted the relocation demanded by the plaintiff to his present location. Ten years later plaintiff began a series of prosecutions that ended in favor of Laza, now more than four years later the plaintiff is trying a new technique of intimidation and persecution.

e.     Plaintiff's threats were imminent, in that they were planning to make criminal complaints against Laza, accordingly, defendant had no present means of protecting herself. Therefore, plaintiff's action is barred for duress.

f.     More than four years ago, Plaintiff originally prosecuted Laza on these very same claims contained in this lawsuit, and Laza was aquitted by a jury; Plaintiff has now waited 10 years to falsely claim that Laza is in violation of the same charges he was acquitted of:

i.     Plaintiff has claimed the same facts as previously tried to a jury, and there has been an unreasonable delay in asserting a legal or equitable right; and

ii.    Based on the conduct and promises of the Plaintiff, Laza conducted his business for the last 20 years in the same manner and in the

same location he occupies today, and he has made a good faith change of position to his detriment and he has acted in reliance upon the delay by the plaintiff to act for more than the past 4 years.

g.    of estoppel. Plaintiff, with full knowledge of the provisions of the law as it relates to home rule cities and its rights under those provisions, waives all rights whatsoever under its ordinances when it agrees to relocate and re-zone for the benefit of Laza when it forced Laza to relocate to his present location. Plaintiff agreed to allow Laza to continue operating his business as he did twenty years ago, when it demanded that he relocate. Plaintiff's claims are barred, in whole or in part, by estoppel. Plaintiff falsely represented to Defendant that he would be allowed to operate his business in the same manner and fashion at its present location as he did at its previous location. Plaintiff concealed from Defendant that plaintiff did not rezone all of Laza's property. Plaintiff's representations concealment concerned facts material to Laza's agreement to relocate and consequences of which Plaintiff now complains. Plaintiff had knowledge of the true facts or the means of obtaining such knowledge through due diligence and intended that Defendant act or refrain from acting in reliance on Plaintiff's representations and concealment. Defendant did, in fact, act or refrain from acting in reliance on Plaintiff's representations and concealment to Defendant's detriment.

h.    of fraud. Prior to Laza's relocation to his present business address as alleged in plaintiff's petition, and in order to persuade defendant to enter into the agreement to relocate, plaintiff stated to defendant that the land would be re-zoned to accommodate Laza's business and that he would be permitted to continue operating in the same manner in the present location as he did in the previous location. The statements were a material misrepresentation in that the re-zoning was limited and subsequently the plaintiff began harassing Laza and filed criminal complaints against Laza for the very conduct that the Plaintiff has originally authorized. Plaintiff knew the statements were false when they were made. Plaintiff intended that defendant would act on the statement, and plaintiff did in fact act on the statements by relocating his business. As a result, defendant was injured in that by the plaintiff's conduct in restricting Laza's business activities and the plaintiff's criminal and civil prosecutions.

i.    of laches. Plaintiff previously mor than 20 years ago allowed and insisted that Laza move to his present location, and agree that he could conduct business just as he has for more than 4 years, more than 4 years ago, plaintiff prosecuted claims against the defendant which were to a jury in which the defendant was found not guilty or the plaintiff dismissed the claims, and never prosecuted those claims again until it filed this lawsuit

on the same matters and issues, more than 6 years later; for the following:

    i.      Unlawfully allow large black animal to run at large 2005;

    ii.     Allow tall weeds over 18 inches to grow on his property;2003

    iii.    did not have a screening fence on his property 2003;

    iv.    failure to keep the property free from rubbish, trash , filth and other impure or unwholesome matter 2006;

    v.     using his property as a junkyard or salvage yard 2006;

    vi.    Keeping of livestock within City of Palestine 2009;

    vii.   then and there allowed horse too be in City of Palestine 2007;

    viii.   allowed a donkey too be in City of Palestine 2007; (sic).

j.    of waiver. Plaintiff previously prosecuted all claims contained in its amended petition and previously disposed of them by agreement, reached a settlement that the defendant has complied with, or the defendant was found not guilty of the same claims by a jury.

k.    of consent. Plaintiff agreed to allow the defendant to continue to operate in the manner in which he is operating and the agreement was reached twenty years ago and again in the years of 2003-2007.

l.    of ratification. Plaintiff agreed to allow the defendant to continue to operate in the manner in which he is operating and the agreement was reached twenty years ago and again in the years of 2003-2007.

m.    Of counterclaim.

n.    Defendant Laza has a pending claim before the City of Palestine Zoning Board related to the zoning and claim for damages, which displaces this court's jurisdiction. and

o.    of res judicata. Plaintiff has previously tried these same cases and agreed to allow the defendant to continue to operate in the manner in which he is operating and the agreement was reached in the years of 2003-2007.

p.    Plaintiff has failed to exhaust administrative remedies. Therefore, this cause brought by plaintiff is premature, and there is no issue ripe for determination in this court. Plaintiff's claims, if any, have been waived; and plaintiff is estopped from asserting the claims related to the application of the zoning regulations. Defendant is entitled to a reasonable time to respond to correspondence from the zoning board. The Plaintiff has not objected to the zoning application.

**Plea to the Jurisdiction**

9.  The City of Palestine does not have standing to prosecute this lawsuit because it has not passed an ordinance permitting this litigation and lawsuit and Defendant Laza has a pending claim before the City of Palestine Zoning Board related to the zoning and claim for damages, which displaces this court's jurisdiction.

**Subject Matter Jurisdiction**

10. The Court does not have Subject Matter Jurisdiction, because this is a matter pending before the zoning board of adjustment in the City of Palestine and it has not made a final determination and has not refused to pay compensation.

**Texas Rule of Civil Procedure 12**

11. Paragraphs 1-57 are incorporated herein, in haec verba.

12. Under Tex. R. Civ. P. 12, the plaintiff is required to show its authority to prosecute this lawsuit and it has not passed an ordinance of authorization related to this lawsuit.

13. The attorneys (Ron Stutes or James Hankins) representing the plaintiff in this matter do not have the requisite authority by ordinance or resolution to prosecute the claims.

14. The City Administrator has not been provided the requisite authority by ordinance or resolution to hire any attorney to prosecute this lawsuit.

**Special Exceptions**

15. Jerry Laza specially excepts to Plaintiff's Second Amended Original Petition and Request for Temporary and Permanent Injunctions and asks the Court to order plaintiff to replead specificity, to give defendant notice of the plaintiff claims and cure its pleading defects.

16. Defendant specially excepts to paragraphs 8 and 11, because plaintiff's pleading does not give fair notice of plaintiff's claim.

    a.  Paragraph 8, claims that there are violations of the Palestine City Code, but fails to attach the subject Palestine Zoning Ordinance(s) as claimed, neither does the plaintiff identify how the subject properties are being used as a junkyard or salvage yard, and fails to plead with sufficient specificity to identify the specific acts that violate the subject Palestine Zoning Ordinance(s) so that defendant may identify the alleged violations or if any exist.. Jerry Laza specially excepts to Plaintiff's First Amended Original Petition and Request for Temporary and Permanent Injunctions and asks the Court to order plaintiff to replead specificity, to give defendant notice of the plaintiff claims and cure its pleading defects.

b.   Paragraph 11, claims to identify persons and property other than the defendant or defendant's property that suffer from adverse impacts without specifically identifying those specific sufferings or specific adverse impacts, or specific risks of substantial danger or specific injuries, or what specific ordinance satisfies which subject generic or general complaint so that defendant may identify the alleged violations or if any exist. Plaintiff fails to identify with specificity what impacts, risks or harm, will be or could be irreparable. Plaintiff fails to identify with specificity what neighbors of defendant have experienced rat infestation, caused solely by the defendants actions, or inactions, or what neighbors have done to curb their own rat infestation, or that an occurrence of expansion of any junkyard to the adjacent property has ever taken place, and plaintiff does not identify with specificity and conduct or results or property in paragraph 11, so that defendant may identify the alleged violations or if any exist. Jerry Laza specially excepts to Plaintiff's Second Amended Original Petition and Request for Temporary and Permanent Injunctions and asks the  Court to order plaintiff to replead specificity, to give defendant notice of the plaintiff claims and cure its pleading defects

c.   Defendant specially excepts to plaintiff's petition because it merely restates zoning ordinance and does not identify how there is a violation, and does not state how the defendant violates the regulation, how it does promotes public health, safety, morals, or welfare, and it is unreasonable, and it is unconstitutional. The allegations against the defendant are made without any supporting facts and are mere conclusions of the pleader. Plaintiff therefore fails to sustain the legal burden of showing the absence of any facts to support the governing body of the city in passing the complained of sections of the city codes in the proper exercise of its police power. Of which special exception defendant requests judgment of the court.

**ORIGINAL COUNTERCLAIMS**

**DEFENDANT JERRY LAZA'S COUNTERCLAIM AND PETITION FOR DECLARATORY RELIEF AND INVERSE CONDEMNATION, SEEKING DAMAGES AND DEMAND FOR JURY TRIAL**

17.   Paragraphs 1-57 are incorporated herein, in haec verba.

18.   Without waiving its defenses asserted in the foregoing answer, Laza, as Counter-Plaintiff, complains of the City of Palestine, Plaintiff and now Counter-Defendant, and for such cause of action alleges by way of counterclaim as follows:

19.   Pursuant to Tex. R. Civ. P. 190.1, counter plaintiff intends to conduct discovery in

this case under Level 3.

20. At all times mentioned in this petition, counter plaintiff was and is an individual residing in Anderson County Texas.

21. Counter Defendant City of Palestine, is a home rule municipality located in the State of Texas, Anderson County which may be served with process by serving Teresa Herrera the City Secretary at City of Palestine, 504 N. Queen Street, Palestine, TX 75801 Anderson County, Texas.

22. Laza the Counter Plaintiff owns property located in the City of Palestine which is the subject of this lawsuit.

23. Plaintiff acquired the property on *1998*. At that time, the property was underdeveloped land, unoccupied and suitable for Laza's use as agreed to by the Counter-Plaintiff and the Counter-Defendant, and to be changed to a commercial zoning designation, under counter-defendant's zoning and land use regulations. Plaintiff acquired the property with the intent of constructing and expanding his lawnmower storage and small motor repair facility, all with the agreement of the Counter-Defendant.

24. The Counter-Plaintiff, is Jerry Laza, by and through his undersigned counsel, sues the Counter-Defendants, the City of Palestine, the City Attorney Ronald Stutes and the City Administrator Mike Alexander, ultra vires acts, and for injunctive relief and damages resulting from the Defendants' intentional deprivation of the Plaintiff's constitutionally protected rights and the ultra vires acts of , the City Attorney Ronald Stutes and the City Administrator Mike Alexander.

25. This action is brought pursuant to Title 42 Section 1983 of the Code of Laws of the United States of America, the Texas Constitution, and Texas's common law of contracts and Texas Statutes and their ultra vires conduct.

26. The City of Palestine, the City Attorney Ronald Stutes and the City Administrator Mike Alexander are acting ultra vires because they do not have an ordinance or resolution authorizing their respective actions as required by the laws enacted by the City of Palestine, Anderson County Texas and the State of Texas.

**JURISDICTIONAL BASIS OF THE CLAIMS**

27. This action is brought pursuant to United States Constitution Article 1 Section 10 and 42 U.S.C.A. § 1983 and claims violations of the Plaintiff's civil rights as guaranteed by the Contracts Clause and Fourteenth Amendment to the United States Constitution and in violation of the Texas Constitution Art. I, § 17.

28. This court has jurisdiction over the claims. This action arises out of the Texas Constitution Art. I, § 17 and Counter Plaintiff is citizen of the State of Texas and

the Constitution of the United States of America and alleges violations of constitutionally protected rights of the Counter-Plaintiff who is a citizen of the United States of America, and such Federal Claims are preserved to the United States District Court in the Eastern District of Texas, if the claims are not satisfactorily adjudicated in the Texas District Court in Anderson County and if compensation is not awarded to Counter-Plaintiff Laza.

29.   The claims brought under the Texas Constitution, common law of contracts and statutory law arising from the same operative nucleus of facts and circumstances that form part of the same case and controversy.

30.   All of the actions of the Counter Defendant giving rise to this action substantially occurred in Anderson County, Texas.

31.   The amount in controversy exceeds $600,000; exclusive of statutory entitlement to attorney's fees and costs.

**THE PARTIES**

32.   The Counter Plaintiff, Jerry Laza, at all relevant times owned the lots identified on Exhibit A attached hereto and incorporated in haec verba. The lots are located in the City of Palestine Anderson County Texas.

33.   The Counter Defendant, City of Palestine, (The City) is a Home Rule City empowered by and deriving its authority from the Texas Constitution and Texas Statutes and the duly enacted City ordinances.

**Causes of Action**

34.   Paragraphs 1-57 are incorporated herein, in haec verba.

35.   This cause of action is brought as a result of the City's purposeful and ostensibly authorized violations of Laza's rights under Article 1, Section 10 and the Fifth Amendment and the Fourteenth Amendment of the United States Constitution, and such Federal Claims are preserved to the United States District Court in the Eastern District of Texas, if the claims are not satisfactorily adjudicated in the Texas District Court in Anderson County and if compensation is not awarded to Counter-Plaintiff Laza and are in the alternative to the State Court Claims.

36.   This cause of action is brought as a result of the City's purposeful and ostensibly authorized violations of Laza's rights under The Texas Constitution, Art. I, § 17. The Counter-Defendant continues its violation of  Texas Constitution Art. I, § 19 Sec. 19.

37.   In 2012, the City adopted ordinances, which changed the future land use designation of Laza's property after Laza had been using the property for over 10 years in a commercial and agricultural manner. The City's legislative action unreasonably impaired, altered and extinguished existing terms and its

obligations under a agreement with Laza in violation of the contracts clause of the Constitution of the United States and The Texas Constitution, Art. I, § 17. The Counter-Defendant continues its violation of  Texas Constitution Art. I, § 19 Sec. 19.

38.   This Single-Family Residential land use designation was adopted and continued based upon improper pretextual motives and for arbitrary and capricious reasons without any rational basis, in violation of due process due process clause of the United States Constitution and The Texas Constitution, Art. I, § 17, the Counter-Defendant continues its violation of  Texas Constitution Art. I, § 19 Sec. 19. Counter-Defendants agreed 20 years ago to change Laza'a zoning to commercial. Counter-Defendant has refused to accept Laza's prior use and change the zoning of certain parcels to commercial and have prosecuted Laza because of his 20 year use of the subject parcels as counter-defendants agreed. Even after the criminal prosecution and the acquittal by a jury, 10 years ago; in 2016, the Counter-Defendant after permitting Laza's use of the parcels as commercial and agricultural properties, filed a civil lawsuit to force Laza to change his 20 year old use of the property as a commercial use to single family residential land, based upon improper pretextual motives and for arbitrary and capricious reasons without any rational basis, in violation of due process due process clause of the United States Constitution and The Texas Constitution, Art. I, § 17, the Counter-Defendant continues its violation of  Texas Constitution Art. I, § 19 Sec. 19. The Counter-Defendant City through its policy and the ultra vires conduct of the City Attorney and the City Administrator, unlawfully frustrated and significantly impaired Laza's vested right in having his duly filed zoning change applications and other requests heard under the then-existing comprehensive plan, which permitted a land use consistent with the Counter-Defendant's prior agreement. The Counter-Defendant's combined legislative and quasi-judicial actions were ultra vires and caused an unlawful restriction in the use of Laza's property and a loss in its value.

39.   The Counter-Defendant's intentional conduct also caused Laza to be treated differently than other similarly situated persons in violation of the equal protection clause. These violations were done under the color and authority of state law and constitute state action. The aforementioned conduct gives rise to the state claims for breach of contract, declaratory relief, and inverse condemnation and in the alternative and further preserved to the United States District Court, an unlawful taking under the Constitution of the United States and the Constitution of the State of Texas. The Counter-Defendant fails and refuses to comply with Sec. 19. "No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land." Tex. Const. art. I, § 19.

40.   All conditions precedent have occurred.

DEFENDANT JERRY LAZA'S FIFTH AMENDED ORIGINAL ANSWER AND DEFENDANT JERRY
LAZA'S SECOND AMENDED COUNTERCLAIM, PRSERVATION OF COUNTERCLAIM,  AND PETITION
FOR RELIEF AND INVERSE CONDEMNATION AND VIOLATION OF TEXAS OPEN MEETINGS ACT,
SEEKING DAMAGES, ALTERNATIVE DAMAGES AND DEMAND FOR JURY TRIAL     Page 9 OF 12

41.    Defendant requests that plaintiff deliver to defendant requests for disclosure pursuant to Tex. R. Civ. P. 194.

42.    Defendant seeks monetary relief over $200,000 but not more than $1,000,000. Tex. R. Civ. P. 47(c)(4).

**Violation of Texas Open Meetings Act**

43.    Paragraphs 1-57 are incorporated herein, in haec verba.

44.    Defendant, City Administrator, is the city administrator of the City of Palestine, Anderson County, Texas. Defendant, Mike Anderson, may be served at the City of Palestine, 504 N. Queen Street, Palestine, TX 75801 Anderson County, Texas by serving the City Secretary.

45.    Defendant, John or Jane Does 1-9,  City Council Persons, are the Council Persons of the City of Palestine, Anderson County, Texas. Defendants, John or Jane Does 1-9, may be served at the City of Palestine, 504 N. Queen Street, Palestine, TX 75801 Anderson County, Texas by serving the City Secretary.

46.    This suit is brought against each City Council Person individually and as members of the City Council of the City of Palestine Anderson County Texas.

47.    The City Administrator Mike Alexander under sworn testimony, stated that he held meeting with member of the City Council of the City of Palestine, and discussed the above captioned and numbered lawsuit as it related to the authority of the City Council to pass an ordinance or resolution authorizing the subject litigation.

48.    On any date published in Anderson County there is no meeting notice related to a City Council meeting held and posted an agenda of that meeting pursuant to Section 551.041 of the Texas Government Code. The posted agenda included did not include any notice or agenda related to the above described authority or ordinance authorization of the above captioned and numbered lawsuit or the authority of the City Attorney or the City Administrator.

49.    The Texas Open Meetings Act requires written notice of the subject of each meeting under Section 551.041 of the Texas Government Code.

50.    In violation of Section 551.041 of the Texas Government Code, the City Attorney and the City Administrator and John Does 1-9, also heard and discussed the above captioned and numbered lawsuit at the unnoticed meeting, even though this subject was not listed on any posted agenda. Nothing on the posted agenda indicated the substance of the presentation made by the City Administrator Mike Alexander, which covered discussions concerning the authority and the ordinance to prosecute this litigation in the above captioned and numbered lawsuit.

51.     Counter-Plaintiff has standing to sue the city for violation of the Open Meetings Act as an "interested person," in that he is a defendant in the original litigation and he is the target of the alleged violation.

52.     Counter-Plaintiff has a probable right of recovery in this action, in that the Counter-Defendants are persons that have unlawfully prosecuted claims against the Counter-Plaintiff and violated the Texas Open Meetings Act.

53.     Counter-Plaintiff has a probable right of recovery in this action, in that the City Attorney and in concert with the City Administrator have violated Texas Law and caused damages to the Counter-Plaintiff.

54.     Counter-Plaintiff has no adequate remedy at law other than injunctive relief to protect plaintiff from the harm threatened, in that the City of Palestine, intends to violate the laws of Texas and the United States, and breach its agreements with th Counter-Plaintiff, by failing to honor its agreements, and to refuse to allow the operation of the Counter-Plaintiff's business as was agreed 20 years ago. Monetary damages will not compensate plaintiff for the harm done by Counter-Defendant's actions.

55.     The court should issue a temporary injunction to preserve the status quo prior to the conduct by counter-defendant in violation of the Open Meetings Act;

56.     On final trial, the temporary injunction should be made permanent;

57.     Counter-Plaintiff should be awarded attorney fees and costs under Section 551.142(b) of the Texas Government Code and under Section 37.009 of the Texas Civil Practice and Remedies Code, together with pre-and postjudgment interest on those amounts at the legal rate of 5%; and Counter-Plaintiff be awarded any other relief to which plaintiff is entitled.

**Prayer**

58.     For these reasons, Defendant requests that the court dismiss this lawsuit, for lack of jurisdiction and lack of authority of plaintiff to prosecute this lawsuit, defendant asks the Court to set  dismiss plaintiff for failure to replead as to special exceptions, sustain his special exceptions, plea to the jurisdiction and order plaintiff to replead and cure its pleading defects and, if plaintiff does not cure its defects, strike the defective portions of plaintiff's pleading, and dismiss this case as to the claims against the Defendant. To enter judgment for the Counter-Plaintiff that his land is use as commercial land and has been for 20 years, and that the Counter-Defendant has breached its agreements with Counter-Plaintiff and has unlawfully taken Laza's land by applying zoning ordinances to land in the City of Palestine, that reduces the value of the subject land, and applies these laws against the Counter-Plaintiff and not to others and treats Laza in a unlawful and disparate manner, in violation of the Texas and

United States Constitutions. Award Counter-Plaintiff attorney's fee in the amount of $100,000. And if an appeal is filed to the Court of Appeals, attorney's fees in the amount of $150,000, and if an appeal to the Texas Supreme Court attorney's fees in the amount $200,000.

Respectfully submitted, MOSSER LAW PLLC

By: /s/ James C. Mosser _____
James C. Mosser
Texas Bar No. 00789784
Nicholas D. Mosser
Texas Bar No. 24075405
Email:CourtDocuments@MosserLaw.com
2805 Dallas Parkway
Suite 222
Plano, Texas 75093
Tel. (972) 733-3223
Fax. (972) 473-0600
Lawyer for Defendant Jerry Laza

**CERTIFICATE OF SERVICE**

I certify that on August 21, 2017, a true and correct copy of this document was served on James Hankins attorney for the City of Palestine electronically through the electronic filing manager under Tex. R. Civ. P. 21 and 21a.

/s/ James C. Mosser _____
James C. Mosser

# EXHIBIT

# "B"

Filed: 8/18/2017 3:40 PM
Janice Staples
District Clerk
Anderson County, Texas
Janice Staples

NO. <u>DCCV16-356-349</u>

| | |
|---|---|
| CITY OF PALESTINE | IN THE DISTRICT COURT |
| Plaintiff, | |
| V. | 349TH JUDICIAL DISTRICT |
| JERRY LAZA | |
| Defendant. | OF ANDERSON COUNTY, TEXAS |
| JERRY LAZA | |
| Counter Plaintiff | IN THE DISTRICT COURT |
| V. | |
| CITY OF PALESTINE, | 349TH JUDICIAL DISTRICT |
| MIKE ALEXANDER AND | |
| RONALD STUTES | |
| Counter-defendants | OF ANDERSON COUNTY, TEXAS |

### DEFENDANT JERRY LAZA'S FOURTH AMENDED ORIGINAL ANSWER AND DEFENDANT JERRY LAZA'S FIRST AMENDED COUNTERCLAIM AND PETITION FOR RELIEF AND INVERSE CONDEMNATION AND VIOLATION OF TEXAS OPEN MEETINGS ACT, SEEKING DAMAGES AND DEMAND FOR JURY TRIAL

1.  Defendant Jerry Laza asks the Court to order that discovery be conducted according to a Level 3 discovery-control plan tailored to the circumstances of the suit, as authorized by Texas Rule of Civil Procedure 190.4.

2.  Defendant generally denies the allegations in plaintiff's first amended original petition.

3.  Defendant designates James C. Mosser as Attorney in Charge and that he replaces all other attorneys so designated.

4.  Defendant denies that plaintiff is entitled to recover in the capacity in which plaintiff sues.

5.  There is a defect of the parties.

6.  Defendant denies plaintiff's allegations that plaintiff gave notice and proof of plaintiff's claim.

### DEFENSES

7.  Paragraphs 1-54 are incorporated herein, in haec verba.

8.  Defendant is not liable to plaintiff because:

    a.  of an accord and satisfaction. Twenty years ago operated his business in the same fashion as he does today. Previously (twenty years ago) the plaintiff requested that Laza move to his present location and promised to rezone his present property to operate his (Laza's) business in the same manner as he had in the past and continues to do today. The plaintiff also agreed to have some of the land designated as agricultural, in return for

DEFENDANT JERRY LAZA'S FOURTH AMENDED ORIGINAL ANSWER AND
DEFENDANT JERRY LAZA'S FIRST AMENDED COUNTERCLAIM AND PETITION
FOR RELIEF AND INVERSE CONDEMNATION AND VIOLATION OF TEXAS OPEN
MEETINGS ACT                                                    Page 1 OF 11

his move and relocation of his business to his present location. Laza agreed to the demands of the plaintiff and made the move and established his new business location as requested by the plaintiff. Some of the land was rezoned, Laza operates his business today in the same manner and fashion as he did 20 years ago, just as he agree to do, at the specific agreement of the plaintiff.

b.    plaintiff's own acts or omissions proximately caused or contributed to plaintiff's alleged injuries. If defendant is found liable for damages, defendant intends to seek a reduction of damages under the proportionate-responsibility statute.

c.    of duress. Twenty years ago, plaintiff engaged in threats of actions toward plaintiff without legal justification, by threatening to prosecute Laza and take Laza's land. The plaintiff's destroyed defendant's free agency, in that he was not of able to counter the threats made by the plaintiff and defendant's free agency was destroyed.

d.    As a result of the plaintiff's threats and actions, defendant's free will was overcome, causing defendant to act in a manner that defendant would not otherwise have acted, and which defendant was not legally bound to do, in that he acquiesced to the demands of the plaintiff and accepted the relocation demanded by the plaintiff to his present location. Ten years later plaintiff began a series of prosecutions that ended in favor of Laza, now more than four years later the plaintiff is trying a new technique of intimidation and persecution.

e.    Plaintiff's threats were imminent, in that they were planning to make criminal complaints against Laza, accordingly, defendant had no present means of protecting herself. Therefore, plaintiff's action is barred for duress.

f.    More than four years ago, Plaintiff originally prosecuted Laza on these very same claims contained in this lawsuit, and Laza was aquitted by a jury; Plaintiff has now waited 10 years to falsely claim that Laza is in violation of the same charges he was acquitted of:

i.    Plaintiff has claimed the same facts as previously tried to a jury, and there has been an unreasonable delay in asserting a legal or equitable right; and

ii.    Based on the conduct and promises of the Plaintiff, Laza conducted his business for the last 20 years in the same manner and in the same location he occupies today, and he has made a good faith change of position to his detriment and he has acted in reliance upon the delay by the plaintiff to act for more than the past 4 years.

DEFENDANT JERRY LAZA'S FOURTH AMENDED ORIGINAL ANSWER AND
DEFENDANT JERRY LAZA'S FIRST AMENDED COUNTERCLAIM AND PETITION
FOR RELIEF AND INVERSE CONDEMNATION AND VIOLATION OF TEXAS OPEN
MEETINGS ACT                      Page 2 OF 11

g.    of estoppel. Plaintiff, with full knowledge of the provisions of the law as it relates to home rule cities and its rights under those provisions, waives all rights whatsoever under its ordinances when it agrees to relocate and re-zone for the benefit of Laza when it forced Laza to relocate to his present location. Plaintiff agreed to allow Laza to continue operating his business as he did twenty years ago, when it demanded that he relocate. Plaintiff's claims are barred, in whole or in part, by estoppel. Plaintiff falsely represented to Defendant that he would be allowed to operate his business in the same manner and fashion at its present location as he did at its previous location. Plaintiff concealed from Defendant that plaintiff did not rezone all of Laza's property. Plaintiff's representations concealment concerned facts material to Laza's agreement to relocate and consequences of which Plaintiff now complains. Plaintiff had knowledge of the true facts or the means of obtaining such knowledge through due diligence and intended that Defendant act or refrain from acting in reliance on Plaintiff's representations and concealment. Defendant did, in fact, act or refrain from acting in reliance on Plaintiff's representations and concealment to Defendant's detriment.

h.    of fraud. Prior to Laza's relocation to his present business address as alleged in plaintiff's petition, and in order to persuade defendant to enter into the agreement to relocate, plaintiff stated to defendant that the land would be re-zoned to accommodate Laza's business and that he would be permitted to continue operating in the same manner in the present location as he did in the previous location. The statements were a material misrepresentation in that the re-zoning was limited and subsequently the plaintiff began harassing Laza and filed criminal complaints against Laza for the very conduct that the Plaintiff has originally authorized. Plaintiff knew the statements were false when they were made. Plaintiff intended that defendant would act on the statement, and plaintiff did in fact act on the statements by relocating his business. As a result, defendant was injured in that by the plaintiff's conduct in restricting Laza's business activities and the plaintiff's criminal and civil prosecutions.

i.    of laches. Plaintiff previously mor than 20 years ago allowed and insisted that Laza move to his present location, and agree that he could conduct business just as he has for more than 4 years, more than 4 years ago, plaintiff prosecuted claims against the defendant which were to a jury in which the defendant was found not guilty or the plaintiff dismissed the claims, and never prosecuted those claims again until it filed this lawsuit on the same matters and issues, more than 6 years later; for the following:

   i.    Unlawfully allow large black animal to run at large 2005;

   ii.   Allow tall weeds over 18 inches to grow on his property;2003

DEFENDANT JERRY LAZA'S FOURTH AMENDED ORIGINAL ANSWER AND DEFENDANT JERRY LAZA'S FIRST AMENDED COUNTERCLAIM AND PETITION FOR RELIEF AND INVERSE CONDEMNATION AND VIOLATION OF TEXAS OPEN MEETINGS ACT                                                        Page 3 OF 11

      iii.    did not have a screening fence on his property 2003;

      iv.    failure to keep the property free from rubbish, trash , filth and other impure or unwholesome matter 2006;

      v.    using his property as a junkyard or salvage yard 2006;

      vi.    Keeping of livestock within City of Palestine 2009;

      vii.    then and there allowed horse too be in City of Palestine 2007;

      viii.    allowed a donkey too be in City of Palestine 2007; (sic).

j.    of waiver. Plaintiff previously prosecuted all claims contained in its amended petition and previously disposed of them by agreement, reached a settlement that the defendant has complied with, or the defendant was found not guilty of the same claims by a jury.

k.    of consent. Plaintiff agreed to allow the defendant to continue to operate in the manner in which he is operating and the agreement was reached twenty years ago and again in the years of 2003-2007.

l.    of ratification. Plaintiff agreed to allow the defendant to continue to operate in the manner in which he is operating and the agreement was reached twenty years ago and again in the years of 2003-2007.

m.    Of counterclaim. and

n.    of res judicata. Plaintiff has previously tried these same cases and agreed to allow the defendant to continue to operate in the manner in which he is operating and the agreement was reached in the years of 2003-2007.

o.    Plaintiff has failed to exhaust administrative remedies. Therefore, this cause brought by plaintiff is premature, and there is no issue ripe for determination in this court. Plaintiff's claims, if any, have been waived; and plaintiff is estopped from asserting the claims related to the application of the zoning regulations. Defendant is entitled to a reasonable time to respond to correspondence from the zoning board. The Plaintiff has not objected to the zoning application.

**Plea to the Jurisdiction**

9.    The City of Palestine does not have standing to prosecute this lawsuit because it has not passed an ordinance permitting this litigation and lawsuit.

**Subject Matter Jurisdiction**

10.    The Court does not have Subject Matter Jurisdiction, because this is a matter pending before the zoning board of adjustment and it has not made a final determination.

DEFENDANT JERRY LAZA'S FOURTH AMENDED ORIGINAL ANSWER AND
DEFENDANT JERRY LAZA'S FIRST AMENDED COUNTERCLAIM AND PETITION
FOR RELIEF AND INVERSE CONDEMNATION AND VIOLATION OF TEXAS OPEN
MEETINGS ACT                             Page 4 OF 11

**Texas Rule of Civil Procedure 12**

11.     Paragraphs 1-54 are incorporated herein, in haec verba.

12.     Under Tex. R. Civ. P. 12, the plaintiff is required to show its authority to prosecute this lawsuit and it has not passed an ordinance of authorization related to this lawsuit.

13.     The attorneys (Ron Stutes or James Hankins) representing the plaintiff in this matter do not have the requisite authority by ordinance or resolution to prosecute the claims.

14.     The City Administrator has not been provided the requisite authority by ordinance or resolution to hire any attorney to prosecute this lawsuit.

**Special Exceptions**

15.     Jerry Laza specially excepts to Plaintiff's Second Amended Original Petition and Request for Temporary and Permanent Injunctions and asks the Court to order plaintiff to replead specificity, to give defendant notice of the plaintiff claims and cure its pleading defects.

16.     Defendant specially excepts to paragraphs 8 and 11, because plaintiff's pleading does not give fair notice of plaintiff's claim.

      a.     Paragraph 8, claims that there are violations of the Palestine City Code, but fails to attach the subject Palestine Zoning Ordinance(s) as claimed, neither does the plaintiff identify how the subject properties are being used as a junkyard or salvage yard, and fails to plead with sufficient specificity to identify the specific acts that violate the subject Palestine Zoning Ordinance(s) so that defendant may identify the alleged violations or if any exist.. Jerry Laza specially excepts to Plaintiff's First Amended Original Petition and Request for Temporary and Permanent Injunctions and asks the Court to order plaintiff to replead specificity, to give defendant notice of the plaintiff claims and cure its pleading defects.

      b.     Paragraph 11, claims to identify persons and property other than the defendant or defendant's property that suffer from adverse impacts without specifically identifying those specific sufferings or specific adverse impacts, or specific risks of substantial danger or specific injuries, or what specific ordinance satisfies which subject generic or general complaint so that defendant may identify the alleged violations or if any exist. Plaintiff fails to identify with specificity what impacts, risks or harm, will be or could be irreparable. Plaintiff fails to identify with specificity what neighbors of defendant have experienced rat infestation, caused solely by the defendants actions, or inactions, or what neighbors have done to curb their own rat infestation, or that an occurrence of expansion of any junkyard to the adjacent property has ever taken place, and plaintiff does

DEFENDANT JERRY LAZA'S FOURTH AMENDED ORIGINAL ANSWER AND
DEFENDANT JERRY LAZA'S FIRST AMENDED COUNTERCLAIM AND PETITION
FOR RELIEF AND INVERSE CONDEMNATION AND VIOLATION OF TEXAS OPEN
MEETINGS ACT                                              Page 5 OF 11

not identify with specificity and conduct or results or property in paragraph 11, so that defendant may identify the alleged violations or if any exist. Jerry Laza specially excepts to Plaintiff's Second Amended Original Petition and Request for Temporary and Permanent Injunctions and asks the  Court to order plaintiff to replead specificity, to give defendant notice of the plaintiff claims and cure its pleading defects

c.    Defendant specially excepts to plaintiff's petition because it merely restates zoning ordinance and does not identify how there is a violation, and does not state how the defendant violates the regulation, how it does promotes public health, safety, morals, or welfare, and it is unreasonable, and it is unconstitutional. The allegations against the defendant are made without any supporting facts and are mere conclusions of the pleader. Plaintiff therefore fails to sustain the legal burden of showing the absence of any facts to support the governing body of the city in passing the complained of sections of the city codes in the proper exercise of its police power. Of which special exception defendant requests judgment of the court.

## ORIGINAL COUNTERCLAIMS

**DEFENDANT JERRY LAZA'S COUNTERCLAIM AND PETITION FOR DECLARATORY RELIEF AND INVERSE CONDEMNATION, SEEKING DAMAGES AND DEMAND FOR JURY TRIAL**

17.    Paragraphs 1-54 are incorporated herein, *in haec verba.*

18.    Without waiving its defenses asserted in the foregoing answer, Laza, as Counter-Plaintiff, complains of the City of Palestine, Plaintiff and now Counter-Defendant, and for such cause of action alleges by way of counterclaim as follows:

19.    Pursuant to Tex. R. Civ. P. 190.1, counter plaintiff intends to conduct discovery in this case under Level 3.

20.    At all times mentioned in this petition, counter plaintiff was and is an individual residing in Anderson County Texas.

21.    Counter Defendant City of Palestine, is a home rule municipality located in the State of Texas, Anderson County which may be served with process by serving Teresa Herrera  the City Secretary at City of Palestine, 504 N. Queen Street, Palestine, TX 75801 Anderson County, Texas.

22.    Laza the Counter Plaintiff owns property located in the City of Palestine which is the subject of this lawsuit.

23.    Plaintiff acquired the property on *1998*. At that time, the property was underdeveloped land, unoccupied and suitable for Laza's use as agreed to by

DEFENDANT JERRY LAZA'S FOURTH AMENDED ORIGINAL ANSWER AND DEFENDANT JERRY LAZA'S FIRST AMENDED COUNTERCLAIM AND PETITION FOR RELIEF AND INVERSE CONDEMNATION AND VIOLATION OF TEXAS OPEN MEETINGS ACT                      Page 6 OF 11

the Counter-Plaintiff and the Counter-Defendant, and to be changed to a commercial zoning designation, under counter-defendant's zoning and land use regulations. Plaintiff acquired the property with the intent of constructing and expanding his lawnmower storage and small motor repair facility, all with the agreement of the Counter-Defendant.

24.   The Counter Plaintiff, is Jerry Laza, by and through his undersigned counsel, sues the Counter Defendants, the City of Palestine, the City Attorney Ronald Stutes and the City Administrator Mike Alexander, ultra vires acts, and for injunctive relief and damages resulting from the Defendants' intentional deprivation of the Plaintiff's constitutionally protected rights and the ultra vires acts of . This action is brought pursuant to Title 42 Section 1983 of the Code of Laws of the United States of America, the Texas Constitution, and Texas's common law of contracts and Texas Statutes and their ultra vires conduct.

25.   The City of Palestine, the City Attorney Ronald Stutes and the City Administrator Mike Alexander are acting ultra vires because they do not have an ordinance or resolution authorizing their respective actions as required by the laws enacted by the City of Palestine, Anderson County Texas and the State of Texas.

## JURISDICTIONAL BASIS OF THE CLAIMS

26.   This action is brought pursuant to United States Constitution Article 1 Section 10 and 42 U.S.C.A. § 1983 and claims violations of the Plaintiff's civil rights as guaranteed by the Contracts Clause and Fourteenth Amendment to the United States Constitution and  in violation of the Texas Constitution Art. I, § 17.

27.   This court has jurisdiction over the claims. This action arises out of the Constitution of the United States of America and alleges violations of constitutionally protected rights of the Counter Plaintiff who is a citizen of the United States of America and the Texas Constitution Art. I, § 17 and Counter Plaintiff is citizen of the State of Texas.

28.   The claims brought under the Texas Constitution, common law of contracts and statutory law arising from the same operative nucleus of facts and circumstances that form part of the same case and controversy.

29.   All of the actions of the Counter Defendant giving rise to this action substantially occurred in Anderson County, Texas.

30.   The amount in controversy exceeds $600,000; exclusive of statutory entitlement to attorney's fees and costs.

## THE PARTIES

31.   The Counter Plaintiff, Jerry Laza, at all relevant times owned the lots identified on Exhibit A attached hereto and incorporated in haec verba. The lots are now located in the City of Palestine Anderson County Texas.

DEFENDANT JERRY LAZA'S FOURTH AMENDED ORIGINAL ANSWER AND DEFENDANT JERRY LAZA'S FIRST AMENDED COUNTERCLAIM AND PETITION FOR RELIEF AND INVERSE CONDEMNATION AND VIOLATION OF TEXAS OPEN MEETINGS ACT                                        Page 7 OF 11

32.   The Counter Defendant, City of Palestine, (The City) is a Home Rule City empowered by and deriving its authority from the Texas Constitution and Texas Statutes and the duly enacted City ordinances.

**Causes of Action**

33.   This cause of action is brought as a result of the City's purposeful and ostensibly authorized violations of Laza's rights under Article 1, Section 10 and the Fifth Amendment and the Fourteenth Amendment of the United States Constitution, and the Texas Constitution, Art. I, § 17. The Counter-Defendant continues its violation of  Texas Constitution Art. I, § 19 Sec. 19.

34.   In 2012, the City adopted ordinances, which changed the future land use designation of Laza's property after Laza had been using the property for over 10 years in a commercial and agricultural manner. The City's legislative action unreasonably impaired, altered and extinguished existing terms and its obligations under a agreement with Laza in violation of the contracts clause of the Constitution of the United States.

35.   This Single-Family Residential land use designation was adopted and continued based upon improper pretextual motives and for arbitrary and capricious reasons without any rational basis, in violation of due process. Counter-Defendants agreed 20 years ago to change Laza'a zoning to commercial. Counter-Defendant has refused to accept Laza's prior use and change the zoning of certain parcels to commercial and have prosecuted Laza because of his 20 year use of the subject parcels as counter-defendants agreed. Even after the criminal prosecution and the acquittal by a jury, 10 years ago, in 2016, the Counter-Defendant after permitting Laza's use of the parcels as commercial and agricultural properties, filed a civil lawsuit to force Laza to change his 20 year old use of the property as a commercial use. The Counter-Defendant City through its policy and the ultra vires conduct of the City Attorney and the City Administrator, unlawfully frustrated and significantly impaired Laza's vested right in having his duly filed zoning change applications and other requests heard under the then-existing comprehensive plan, which permitted a land use consistent with the Counter-Defendant's prior agreement. The Counter-Defendant's combined legislative and quasi-judicial actions were ultra vires and caused an unlawful restriction in the use of Laza's property and a loss in its value. The Counter-Defendant's intentional conduct also caused Laza to be treated differently than other similarly situated persons in violation of the equal protection clause. These violations were done under the color and authority of state law and constitute state action. The aforementioned conduct gives rise to the state claims for breach of contract, declaratory relief, and inverse condemnation and in the alternative, an unlawful taking under the Constitution of the United States and the Constitution of the State of Texas. The Counter-Defendant fails and refuses to comply with Sec. 19. "No citizen of this State shall be deprived of life, liberty,

property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land." Tex. Const. art. I, § 19.

36.  All conditions precedent have occurred.

37.  Defendant requests that plaintiff deliver to defendant requests for disclosure pursuant to Tex. R. Civ. P. 194.

38.  Defendant seeks monetary relief over $200,000 but not more than $1,000,000. Tex. R. Civ. P. 47(c)(4).

**Violation of Texas Open Meetings Act**

39.  Paragraphs 1-54 are incorporated herein, in haec verba.

40.  Defendant, City Administrator, is the city administrator of the City of Palestine, Anderson County, Texas. Defendant, Mike Anderson, may be served at the City of Palestine, 504 N. Queen Street, Palestine, TX 75801 Anderson County, Texas.

41.  Defendant, John or Jane Does 1-9,  City Council Persons, are the Council Persons of the City of Palestine, Anderson County, Texas. Defendants, John or Jane Does 1-9, may be served at the City of Palestine, 504 N. Queen Street, Palestine, TX 75801 Anderson County, Texas.

42.  This suit is brought against each City Council Person individually and as members of the City Council of the City of Palestine Anderson County Texas.

43.  The City Administrator Mike Alexander under sworn testimony, stated that he held meeting with member of the City Council of the City of Palestine, and discussed the above captioned and numbered lawsuit as it related to the authority of the City Council to pass an ordinance or resolution authorizing the subject litigation.

44.  On any date published in Anderson County there is no meeting notice related to a City Council meeting held and posted an agenda of that meeting pursuant to Section 551.041 of the Texas Government Code. The posted agenda included did not include any notice or agenda related to the above described authority or ordinance authorization of the above captioned and numbered lawsuit or th authority of the City Attorney or the City Administrator.

45.  The Texas Open Meetings Act requires written notice of the subject of each meeting under Section 551.041 of the Texas Government Code.

46.  In violation of Section 551.041 of the Texas Government Code, the City Attorney and the City Administrator and John Does 1-9, also heard and discussed the above captioned and numbered lawsuit at the an unnoticed meeting, even though this subject was not listed on any posted agenda. Nothing on the posted agenda indicated the substance of the presentation made by the City

DEFENDANT JERRY LAZA'S FOURTH AMENDED ORIGINAL ANSWER AND
DEFENDANT JERRY LAZA'S FIRST AMENDED COUNTERCLAIM AND PETITION
FOR RELIEF AND INVERSE CONDEMNATION AND VIOLATION OF TEXAS OPEN
MEETINGS ACT                                                    Page 9 OF 11

Administrator Mike Alexander, which covered discussions concerning the authority and the ordinance to prosecute this litigation in the above captioned and numbered lawsuit.

47.   Counter-Plaintiff has standing to sue the city for violation of the Open Meetings Act as an "interested person," in that he is a defendant in the original litigation and he is the target of the alleged violation.

48.   Counter-Plaintiff has a probable right of recovery in this action, in that the Counter-Defendants are persons that have unlawfully prosecuted claims against the Counter-Plaintiff and violated the Texas Open Meetings Act.

49.   Counter-Plaintiff has a probable right of recovery in this action, in that the City Attorney and in concert with the City Administrator have violated Texas Law and caused damages to the Counter-Plaintiff.

50.   Counter-Plaintiff has no adequate remedy at law other than injunctive relief to protect plaintiff from the harm threatened, in that the City of Palestine, intends to violate the laws of Texas and the United States, and breach its agreements with th Counter-Plaintiff, by failing to honor its agreements, and to refuse to allow the operation of the Counter-Plaintiff's business as was agreed 20 years ago. Monetary damages will not compensate plaintiff for the harm done by Counter-Defendant's actions.

51.   The court should issue a temporary injunction to preserve the status quo prior to the conduct by counter-defendant in violation of the Open Meetings Act;

52.   On final trial, the temporary injunction should be made permanent;

53.   Counter-Plaintiff should be awarded attorney fees and costs under Section 551.142(b) of the Texas Government Code and under Section 37.009 of the Texas Civil Practice and Remedies Code, together with pre-and postjudgment interest on those amounts at the legal rate of 5%; and Counter-Plaintiff be awarded any other relief to which plaintiff is entitled.

**Prayer**

54.   For these reasons, Defendant requests that the court dismiss this lawsuit, for lack of jurisdiction and lack of authority of plaintiff to prosecute this lawsuit, defendant asks the Court to set  dismiss plaintiff for failure to replead as to special exceptions and, sustain his special exceptions, plea to the jurisdiction and order plaintiff to replead and cure its pleading defects and, if plaintiff does not cure its defects, strike the defective portions of plaintiff's pleading, and dismiss this case as to the claims against the Defendant. To enter judgment for the Counter-Plaintiff that his land is use as commercial land and has been for 20 years, and that the Counter-Defendant has breached its agreements with Counter-Plaintiff and has unlawfully taken Laza's land by applying zoning ordinances to land in the City of Palestine, that reduces the value of the subject

DEFENDANT JERRY LAZA'S FOURTH AMENDED ORIGINAL ANSWER AND
DEFENDANT JERRY LAZA'S FIRST AMENDED COUNTERCLAIM AND PETITION
FOR RELIEF AND INVERSE CONDEMNATION AND VIOLATION OF TEXAS OPEN
MEETINGS ACT                                                    Page 10 OF 11

land, and applies these laws against the Counter-Plaintiff and not to others and treats Laza in a unlawful and disparate manner, in violation of the Texas and United States Constitutions. Award Counter-Plaintiff attorney's fee in the amount of $100,000. And if an appeal is filed to the Court of Appeals, attorney's fees in the amount of $150,000, and if an appeal to the Texas Supreme Court attorney's fees in the amount $200,000.

Respectfully submitted, MOSSER LAW PLLC

By: /s/ James C. Mosser

James C. Mosser
Texas Bar No. 00789784
Nicholas D. Mosser
Texas Bar No. 24075405
Email:CourtDocuments@MosserLaw.com
2805 Dallas Parkway
Suite 222
Plano, Texas 75093
Tel. (972) 733-3223
Fax. (972) 473-0600
Lawyer for Defendant Jerry Laza

**CERTIFICATE OF SERVICE**

I certify that on August 18, 2017, a true and correct copy of this document was served on James Hankins attorney for the City of Palestine electronically through the electronic filing manager under Tex. R. Civ. P. 21 and 21a.

/s/ James C. Mosser

James C. Mosser

DEFENDANT JERRY LAZA'S FOURTH AMENDED ORIGINAL ANSWER AND DEFENDANT JERRY LAZA'S FIRST AMENDED COUNTERCLAIM AND PETITION FOR RELIEF AND INVERSE CONDEMNATION AND VIOLATION OF TEXAS OPEN MEETINGS ACT                                    Page 11 OF 11

# EXHIBIT

## "C"

FILED FOR RECORD

2017 MAY -8  PH 4: 08

Cause No. DCCV16-356-349

DISTRICT CLERK
ANDERSON COUNTY, TX

| CITY OF PALESTINE, TEXAS, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | ANDERSON COUNTY, TEXAS |
| | § | |
| JERRY LAZA, | § | |
| *Defendant.* | § | 349th JUDICIAL DISTRICT |

## DISCOVERY CONTROL PLAN AND SCHEDULING ORDER

It is ORDERED that discovery in this case will be conducted according to this discovery-control plan and that the parties will meet and adhere to the following deadlines:

1.  This case will be ready and is set for jury trial on June 5, 2017 at 9:00 a.m. (the "Trial Setting"). The reset of the Trial Setting will reset the remaining dates established in this Order or established by the Texas Rules of Civil Procedure unless otherwise provided by order. Except by agreement of the party, leave of court, or where expressly authorized by the Texas Rules of Civil Procedure, no party may obtain discovery of information subject to disclosure under Rule 194 by any other form of discovery.

2.  Pretrial matters will be complete by the following dates:

| | |
|---|---|
| May 5, 2017 | Demand for jury trial, if any, must be filed. |
| May 10, 2017 | Amended pleadings asserting new claims or defenses. |
| Deadline passed | Party seeking affirmative relief to designate experts and provide reports. |
| May 10, 2017 | Party opposing affirmative relief to designate expert provide reports. |
| May 19, 2017 | Fact discovery closes. (Provided, however, that any additional discovery propounded on or before May 8, 2017 shall be responded to by May 22, 2017.) |
| May 17, 2017 | Designation of rebuttal experts and provide reports. |
| May 24, 2017 | Expert discovery closes. |
| May 30, 2017 | Other amended pleadings. |

The parties may by written agreement alter these deadlines. Amended pleadings responsive to timely filed pleadings under this schedule may be filed after the deadline for amended pleadings if filed within two weeks after the pleading to which they respond.

DISCOVERY CONTROL PLAN AND SCHEDULING ORDER – Page 1
{A47\06319\0030\W1483276.4 }

3.    Any objection or motion to exclude or limit expert testimony due to qualification of the expert or reliability of the opinions must be filed no later than May 25, 2017, or such objection is waived. Any motion to compel responses to discovery (other than relating to factual matters arising after the end of fact discovery) must be filed no later than 7 days after the close of fact discovery or such complaint is waived, except for the sanction of exclusion under Rule 193.6.

4.    Each side may have 50 hours of depositions, and each party may have 25 interrogatories, subject to the conditions of Rule 190.3(b)(2) and (3).

5.    The parties have completed mediation.

6.    By June 1, 2017, the parties shall exchange designations of deposition testimony to be offered in direct examination and a list of exhibits, including any demonstrative aids and affidavits, and shall exchange copies of any exhibits not previously produced in discovery. Except for records to be offered by way of business record affidavits, each exhibit must be identified separately and not by category or group designation. By June 5, 2017, at 9:00 a.m., the parties shall submit in writing their objections to the opposing party's proposed exhibits.

7.    A hearing on expert objections will be heard at 10:00 a.m. on June 2, 2017.

SO ORDERED this _8th_ day of May, 2017.

                                       Dwight Phifer
                                       District Judge Presiding

AGREED:

Ronald D. Stutes,                /s/ James S. Mosser

Attorney for Plaintiff              James C. Mosser,
City of Palestine, Texas          Attorney for Defendant
                                    Jerry Laza

# EXHIBIT

# "D"

Will Brule, Council District #1
Mitchell Jordan, Council District #2
Vickey L. Chivers, Council District #3
Joseph Thompson, Council District #4
Doug Smith, Council District #5
Steve Presley, Council District #6



Mike Alexander, Interim City Manager
Teresa Herrera, City Secretary
Ronald D. Stutes, City Attorney

Bob Herrington, Mayor

**NOTICE OF MEETING**
**CITY COUNCIL AGENDA**
Monday, June 27, 2016
Work Session @ 4:30 p.m., City Hall Conference Room
Regular Meeting @ 5:30 p.m., City Council Chambers
504 N. Queen Street
Palestine, Texas

**The City Council may meet in Closed Session regarding any item on this agenda if necessary, as permitted by Subchapter D of Chapter 551 of the Texas Government Code.**

**WORK SESSION**
1) Discuss a resolution to accept a Homeland Security Grant in the amount of $12,000 for upgrade communications packages for police vehicles.
2) Discuss the proposed Purchasing Policy.
3) Discuss a budget amendment for Phase I of the KSA proposal for Historic Downtown Assessment Study.
4) Discuss wireless options for City employees.
5) Discuss ways to improve Council decisions by better planning.
6) Update on the acquisition of property in Anderson County by the U. S. Fish & Wildlife Service, the effect of the acquisition on the ability of the City of Palestine to fully utilize the easement it owns across that land for the transport of raw water from the Neches River to the City's water treatment plant, and the various strategies to preserve the City's property rights.

**REGULAR MEETING**

A.     **CALL TO ORDER**

B.     **INVOCATION AND PLEDGE OF ALLEGIANCE**
       Invocation followed by Pledge of Allegiance

C.     **PROPOSED CHANGES OF AGENDA ITEMS**

D.     **PUBLIC COMMENTS, PUBLIC RECOGNITION, AND ANNOUNCEMENTS**
       1) Recognition of new Fire Fighters Joshua Mims and Johnathan Phillips.

E.     **CONFLICT OF INTEREST DISCLOSURES**

F.     **MAYOR'S REPORT**

G.     **ITEMS FROM COUNCIL**
       1) Recognition by Council.
       2) Update on Attendance, Upcoming Activities, and Future Development at the Texas State Railroad
       3) Update on Community Events

H.     **CITY MANAGER'S REPORT**
       1) City Attorney Fees
       2) Update on the April 30th Flooding
       3) Departmental Report
          a) Fire
          b) Police CID

    c)   Customer Service
    d)   Library
    e)   Municipal Court
    f)   Civic Center
    g)   Parks & Recreation
    h)   Facility Maintenance & Retail Fund

**I.**    **REGULAR AGENDA**
1) Consider a Resolution to accept a Homeland Security Grant in the amount of $12,000 to upgrade communications packages for police vehicles.
2) Consider an Ordinance for a Budget Amendment for Fiscal Year 2015-2016 in the amount of $12,000 for PEDC.
3) Consider authorizing the City Manager to negotiate a contract with Sam Silverstein to develop and provide a plan of Non-negotiable Core Values.
4) Consider approval of the Purchasing Policy.
5) Consider approval of the proposed wireless plan.
6) Consider authorizing the Finance Department to advertise for engineering consultation services to define specifications for a fixed base water metering system.
7) Update on Municipal Prosecutor Services.

**J.**    **CLOSED SESSION**
Council will go into Closed Session pursuant to Section 551.087 to deliberate economic development negotiations and 551.071 to consult with city attorney; pending or contemplated litigation:
1) Discuss Project Nation Star.
2) Discuss pending litigation (*City of Palestine v. Jerry Laza*, Cause No. DCCV16-356-349, 349th District Court, Anderson County) and possible settlement offers regarding owner Jerry Laza and property located 1019 W Oak and 1101 W Oak.

**K.**    **RECONVENE IN REGULAR SESSION**
1) Take any action necessary regarding Project Nation Star.
2) Take any action necessary regarding pending litigation (*City of Palestine v. Jerry Laza*, Cause No. DCCV16-356-349, 349th District Court, Anderson County) and possible settlement offers regarding owner Jerry Laza and property located 1019 W Oak and 1101 W Oak.

**L.**    **ADJOURN**

CERTIFICATION

I, the undersigned authority, do hereby certify that this Notice of Meeting was posted on the outdoor bulletin board at the main entrance to City Hall, 504 N. Queen Street, Palestine, Texas, on the following date and time:

Friday, June 24, 2016    *at 2:30 pm*

                                             Ami Ashworth, Deputy City Secretary

**In compliance with the Americans with Disabilities Act, the City of Palestine will provide for reasonable accommodations for persons attending City Council meetings. Requests for accommodations or interpretive services must be made 48 hours prior to the meetings. Please contact the City Secretary's office for further information at 903-731-8414.**

Will Brule, Council District #1
Mitchell Jordan, Council District #2
Vickey L. Chivers, Council District #3
Joseph Thompson, Council District #4
Doug Smith, Council District #5
Steve Presley, Council District #6


★ THE CITY OF ★
**PALESTINE**
★ TEXAS · 1846 ★

Mike Alexander, Interim City Manager
Teresa Herrera, City Secretary
Ronald D. Stutes, City Attorney

Bob Herrington, Mayor

**NOTICE OF MEETING**
<u>CITY COUNCIL AGENDA</u>
Monday, July 11, 2016
Work Session @ <u>4:00</u> p.m., City Hall Conference Room
Regular Meeting @ 5:30 p.m., City Council Chambers
504 N. Queen Street
Palestine, Texas

The City Council may meet in Closed Session regarding any item on this agenda if necessary, as permitted by Subchapter D of Chapter 551 of the Texas Government Code.

<u>WORK SESSION</u>
1) Discuss ways to improve Council decisions by better planning. – Councilmember Will Brule
2) Discuss the proposed purchasing policy. – Finance Director Steve Groom
3) Aftermath of the April 30, 2016 flooding. – EM Coordinator Scott Parkhurst
4) Discuss proposed amendments to Chapter 40 Development, Article XI. Off-Street Parking, Driveways, and Storage Yard Standards. – Development Services Director Jeffrey Lyons
5) Discuss the RFP-1605 selection and interview process City of Palestine Audit Services. – Finance Director Steve Groom
6) Discuss the RFP and selection process for city prosecutor. – Finance Director Steve Groom
7) Discuss Rail Road Quite Zone. – Public Works Director Tim Perry

<u>REGULAR MEETING</u>
A.   <u>CALL TO ORDER</u>

B.   <u>INVOCATION AND PLEDGE OF ALLEGIANCE</u>
     Invocation followed by Pledge of Allegiance

C.   <u>PROPOSED CHANGES OF AGENDA ITEMS</u>

D.   <u>PUBLIC COMMENTS, PUBLIC RECOGNITION, AND ANNOUNCEMENTS</u>
     1) Recognition of new Fire Fighter Jerry Weems.
     2) Recognition of Fire Fighters that attended Swift Water Training.
     3) Recognition of Ami Ashworth for Water Quality Report.

E.   <u>CONFLICT OF INTEREST DISCLOSURES</u>

F.   <u>PUBLIC HEARINGS</u>
     1) Public hearing for a zoning change request from R-2, Single Family Detached, Medium Density District to C-2, Local Retail Commercial located at 321 W. Palestine Avenue being Lot 4, Block 33 of the Green's North Hills Addition and generally located approximately 70-feet north of the intersections of W. Palestine Avenue and Tennessee Avenue on the east side of Tennessee Avenue.

G.   <u>MAYOR'S REPORT</u>

H.   <u>ITEMS FROM COUNCIL</u>
     1) Recognition by Council.
     2) Update on Attendance, Upcoming Activities, and Future Development at the Texas State Railroad
     3) Update on Community Events

I.  **CITY MANAGER'S REPORT**
   1) Departmental Report
      a) Public Works – Tim Perry
      b) Utilities – Tim Perry
      c) Development Services – Jeffrey Lyons
      d) Communications Web Report – Nate Smith

J.  **OPEN BIDS**
   1) Open bids for the Fort Street Block Grant TxCDBG Project No. 7215360, Water Sewer, and Street Improvements.

K.  **REGULAR AGENDA**
   1) Consider approval of the purchasing policy. – Finance Director Steve Groom
   2) Consider an ordinance granting a zoning change from R-2, Single Family Detached, Medium Density District to C-2, Local Retail Commercial located at 321 W. Palestine Avenue being Lot 4, Block 33 of the Green's North Hills Addition and generally located approximately 70-feet north of the intersections of W. Palestine Avenue and Tennessee Avenue on the east side of Tennessee Avenue. – Development Services Director Jeffrey Lyons
   3) Consider an ordinance repealing Article XI. Off-Street Parking, Driveway, and Storage Yard Standards of Chapter 40, Development, of the Palestine Code of Ordinances, and adopting a new Article XI. - Development Services Director Jeffrey Lyons
   4) Consider the RFP-1605 selection and interview process City of Palestine Audit Services – Finance Director Steve Groom
   5) Consider the RFP and interview process for city prosecutor. - Finance Director Steve Groom

L.  **CLOSED SESSION**
   Council will go into Closed Session pursuant to Section 551.087 to deliberate regarding economic development negotiations, Section 551.074 regarding personnel matters, Section 551.072 regarding deliberation regarding real property (the purchase, exchange, lease or value of real property), and Section 551.071 to consult with city attorney.
   1) Discuss Project Nation Star.
   2) Discuss the appointment, employment, evaluation, reassignment, duties, discipline, or dismissal of city employees.
   3) Discuss the purchase, exchange, lease or value of Real Estate.
   4) Discuss litigation (*City of Palestine v. Jerry Laza*, Cause No. DCCV16-356-349, 349th District Court, Anderson County) and possible settlement offers regarding owner Jerry Laza and property located 1019 W Oak and 1101 W Oak.

M.  **RECONVENE IN REGULAR SESSION**
   1) Take any actions regarding project Nation Star.
   2) Take any actions regarding appointment, employment, evaluation, reassignment, duties, discipline, or dismissal of city employees.
   3) Take any actions on the purchase, exchange, lease or value of Real Estate.

N.  **ADJOURN**

CERTIFICATION

I, the undersigned authority, do hereby certify that this Notice of Meeting was posted on the outdoor bulletin board at the main entrance to City Hall, 504 N. Queen Street, Palestine, Texas, on the following date and time.

Friday, July 08, 2016 *at 3:00 pm*

Ami Ashworth, Deputy City Secretary

**In compliance with the Americans with Disabilities Act, the City of Palestine will provide for reasonable accommodations for persons attending City Council meetings. Requests for accommodations or interpretive services must be made 48 hours prior to the meetings. Please contact the City Secretary's office for further information at 903-731-8414.**

Will Brule, Council District #1
Mitchell Jordan, Council District #2
Vickey L. Chivers, Council District #3
Joseph Thompson, Council District #4
Doug Smith, Council District #5
Steve Presley, Council District #6


* THE CITY OF *
PALESTINE
TEXAS · 1846

Mike Alexander, Interim City Manager
Teresa Herrera, City Secretary
Ronald D. Stutes, City Attorney

Bob Herrington, Mayor

**NOTICE OF MEETING**
**CITY COUNCIL AGENDA**
**Monday, November 14, 2016**
**Work Session @ 4:30 p.m., City Hall Conference Room**
**Regular Meeting @ 5:30 p.m., City Council Chambers**
**504 N. Queen Street**
**Palestine, Texas**

**The City Council may meet in Closed Session regarding any item on this agenda if necessary, as permitted by Subchapter D of Chapter 551 of the Texas Government Code.**

**WORK SESSION**
1) Discuss Progressive Waste services. Interim City Manager Mike Alexander
2) Discuss ordinance creating the Zoning Ordinance Rewrite Committee. City Attorney Ron Stutes
3) Discuss Hotel Occupancy Tax Funding Application to grant $5,000 to the ICEE Success Foundation for the *Curious* Museum. Marketing Manager Mary Raum

**REGULAR MEETING**
A. **CALL TO ORDER**

B. **INVOCATION AND PLEDGE OF ALLEGIANCE**
Invocation followed by Pledge of Allegiance.

C. **PROPOSED CHANGES OF AGENDA ITEMS**

D. **PUBLIC COMMENTS, PUBLIC RECOGNITION, AND ANNOUNCEMENTS**

E. **CONFLICT OF INTEREST DISCLOSURES**

F. **MAYOR'S REPORT**

G. **ITEMS FROM COUNCIL**
1) Recognition by Council.
2) Update on Attendance, Upcoming Activities, and Future Development at the Texas State Railroad.
3) Update on Community Events.

H. **CITY MANAGER'S REPORT**
1) Update regarding the Mall pad sites. John P. Christon
2) Departmental Report
    a) Development Services
    b) Facility Maintenance
    c) Public Works
    d) Library
    e) Web Metrics
    f) Police-Patrol Stats
    g) Police-Support Services

I. **CONSENT AGENDA**
The Consent Items shall be considered for action as a whole, unless one or more Councilmembers objects. Approval of the consent agenda authorized the City Manager to implement each item in accordance with staff recommendations.
1) Consider awarding Bid: B2016-PW-01 Water and Wastewater Chemical Bids to Cabot Norit America's Inc. Deputy Public Works Director Felipe Garcia

    2) Consider approval of invoices over $25,000 to TML Intergovernmental Risk Pool, Progressive Waste, HealthFirst TPA, and TCEQ. Finance Director Steve Groom
    3) Consider approval of an Ordinance to permit the operation of golf cart on public streets. City Secretary Teresa Herrera

**J.**    **REGULAR AGENDA**
    1) Consider approval of expenditure for Case DV26 Ddl Drum Roller from ASCO Equipment. Deputy Public Works Director Rob Thames
    2) Consider approval of Hotel Occupancy Tax Funding Application to grant $5,000 to the ICEE Success Foundation for the *Curious* Museum. Marketing Manager Mary Raum
    3) Consider setting City Council dates for the remainder of the year. City Secretary Teresa Herrera
    4) Consider approval of an ordinance creating the Zoning Ordinance Rewrite Committee. City Attorney Ron Stutes

**K.**    **CLOSED SESSION**
Council will go into Closed Session pursuant to Section 551.071 to consult with city attorney; pending or contemplated litigation and Section 551.074 regarding personnel matters:
    1) Discuss pending litigation (*City of Palestine v. Jerry Laza*, Cause No. DCCV16-356-349, 349th District Court, Anderson County) and possible settlement offers regarding owner Jerry Laza and property located at 1019 W. Oak and 1101 W. Oak;
    2) Discuss the appointment, employment, evaluation, reassignment, duties, discipline, or dismissal of Fire Department employees;
    3) Discuss the appointment, employment, evaluation, reassignment, duties, discipline, or dismissal of the Police Chief/Interim City Manager Mike Alexander; and
    4) Discuss the appointment, employment, evaluation, reassignment, duties, discipline, or dismissal of the City Manager; specifically, employment contract with Kevin Coleman to be City Manager.

**L.**    **RECONVENE IN REGULAR SESSION**
    1) Take any action regarding pending litigation (*City of Palestine v. Jerry Laza*, Cause No. DCCV16-356-349, 349th District Court, Anderson County) and possible settlement offers regarding owner Jerry Laza and property located at 1019 W. Oak and 1101 W. Oak;
    2) Take any action regarding the appointment, employment, evaluation, reassignment, duties, discipline, or dismissal of Fire Department employees;
    3) Take any action necessary regarding the appointment, employment, evaluation, reassignment, duties, discipline, or dismissal of the Police Chief/Interim City Manager Mike Alexander; and
    4) Take any action necessary regarding the appointment, employment, evaluation, reassignment, duties, discipline, or dismissal of the City Manager; specifically, employment contract with Kevin Coleman to be City Manager.

**M.**    **ADJOURN**

CERTIFICATION

I, the undersigned authority, do hereby certify that this Notice of Meeting was posted on the outdoor bulletin board at the main entrance to City Hall, 504 N. Queen Street, Palestine, Texas, on the following date and time:

Friday, November 11, 2016    at   12:00   pm        *Teresa Herrera*

                                          Teresa Herrera, City Secretary

**In compliance with the Americans with Disabilities Act, the City of Palestine will provide for reasonable accommodations for persons attending City Council meetings. Requests for accommodations or interpretive services must be made 48 hours prior to the meetings. Please contact the City Secretary's office for further information at 903-731-8414.**

Will Brule, Council District #1
Mitchell Jordan, Council District #2
Vickey L. Chivers, Council District #3
Joseph Thompson, Council District #4
Doug Smith, Council District #5
Steve Presley, Council District #6


• THE CITY OF •
PALESTINE
TEXAS • 1846

Mike Alexander, Interim City Manager
Teresa Herrera, City Secretary
Ronald D. Stutes, City Attorney

Bob Herrington, Mayor

**NOTICE OF MEETING**
**CITY COUNCIL AGENDA**
**Monday, November 28, 2016**
**Work Session @ 4:30 p.m., City Hall Conference Room**
**Regular Meeting @ 5:30 p.m., City Council Chambers**
**504 N. Queen Street**
**Palestine, Texas**

**The City Council may meet in Closed Session regarding any item on this agenda if necessary, as permitted by Subchapter D of Chapter 551 of the Texas Government Code.**

**WORK SESSION**
1) Discuss discontinuing the use of Fluorosilicic Acid to the drinking water. Deputy Public Works Director Felipe Garcia
2) Discuss formal disannexation petition for the properties on Highway 19 South, annexed in 2007. City Secretary Teresa Herrera
3) Discuss status and time extension to allow mall pad sites developer to complete due diligence. City Attorney Ron Stutes
4) Update regarding Zoning Ordinance Steering Committee. Development Director Jeffrey Lyons

**REGULAR MEETING**
A.    **CALL TO ORDER**

B.    **INVOCATION AND PLEDGE OF ALLEGIANCE**
      Invocation followed by Pledge of Allegiance

C.    **PROPOSED CHANGES OF AGENDA ITEMS**

D.    **PUBLIC COMMENTS, PUBLIC RECOGNITION, AND ANNOUNCEMENTS**

E.    **CONFLICT OF INTEREST DISCLOSURES**

F.    **PUBLIC HEARINGS**
      1) Public Hearing regarding amendments to Appendix A, Zoning, Section 4.6 Zoning Use Graphs and Section 3.2, General Definitions to define breweries and distilleries and determine appropriate zoning districts where distilleries are allowed to operate. Development Services Director Jeffrey Lyons

G.    **MAYOR'S REPORT**

H.    **ITEMS FROM COUNCIL**
      1) Recognition by Council.
      2) Update on Attendance, Upcoming Activities, and Future Development at the Texas State Railroad.
      3) Update on Community Events.

I.    **CITY MANAGER'S REPORT**
      1) City Attorney Fees
      2) Departmental Report
         a) Utilities
         b) CID Statistics
         c) Finance (Municipal Court, Check Register, Water Billing Summary, & Monthly Financial Summary)

J.    **BOARD APPOINTMENTS**
      1)   Consider board reappointments of Julie Abston to Place 5 and Linda Williams to Place 6 to
           Historic Landmarks Commission with term to expire on September 30, 2018.
      2)   Consider board appointment of MJ Dyer to Place 5 to Tourism Advisory Board with term to
           expire on September 30, 2018.

K.    **CONSENT AGENDA**
      The Consent Items shall be considered for action as a whole, unless one or more Councilmembers
      objects. Approval of the consent agenda authorized the City Manager to implement each item in
      accordance with staff recommendations.
      1)   Consider approval of minutes of the Work Session and Regular Meeting of September 26, 2016.

L.    **REGULAR AGENDA**
      1)   Consider discontinuing the use of Fluorosilicic Acid to the drinking water. Deputy Public Works
           Director Felipe Garcia
      2)   Consider formal disannexation petition for the properties on Highway 19 South, annexed in
           2007. City Secretary Teresa Herrera
      3)   Consider time extension to allow mall pad sites developer to complete due diligence. City
           Attorney Ron Stutes
      4)   Consider an ordinance amending Appendix A, Zoning, Section 4.6 Zoning Use Graphs and Section
           3.2, General Definitions to define breweries and distilleries and determine appropriate zoning
           districts where distilleries are allowed to operate. Development Services Director Jeffrey Lyons

M.    **CLOSED SESSION**
      Council will go into Closed Session pursuant to Section 551.074 regarding personnel matters and
      Section 551.071 to consult with city attorney; pending or contemplated litigation:
      1)   Discuss the appointment, employment, evaluation, reassignment, duties, discipline, or dismissal
           of the City Manager; specifically, employment contract with City Manager Mike Alexander.
      2)   Discuss Employee and Organizational Development Process including appointment,
           employment, evaluation, reassignment, duties, discipline, or dismissal of the city employees.
      3)   Discuss pending litigation (*City of Palestine v. Jerry Laza*, Cause No. DCCV16-356-349, 349th
           District Court, Anderson County).

N.    **RECONVENE IN REGULAR SESSION**
      1)   Take any action necessary regarding appointment, employment, evaluation, reassignment,
           duties, discipline, or dismissal of the City Manager; specifically, employment contract with City
           Manager Mike Alexander.
      2)   Take any action necessary regarding Employee and Organizational Development Process
           including appointment, employment, evaluation, reassignment, duties, discipline, or dismissal of
           the city employees.
      3)   Take any action necessary regarding pending litigation (*City of Palestine v. Jerry Laza*, Cause No.
           DCCV16-356-349, 349th District Court, Anderson County).

O.    **ADJOURN**

<u>CERTIFICATION</u>

I, the undersigned authority, do hereby certify that this Notice of Meeting was posted on the outdoor bulletin
board at the main entrance to City Hall, 504 N. Queen Street, Palestine, Texas, on the following date and time:

<u>Friday, November 25, 2016</u>  at  3 00  p.m.                          Teresa Herrera

                                                        Teresa Herrera, City Secretary

**In compliance with the Americans with Disabilities Act, the City of Palestine will provide for**
**reasonable accommodations for persons attending City Council meetings. Requests for**
**accommodations or interpretive services must be made 48 hours prior to the meetings. Please contact**
**the City Secretary's office for further information at 903-731-8414.**

Will Brule, Council District #1
Mitchell Jordan, Council District #2
Vickey L. Chivers, Council District #3
Joseph Thompson, Council District #4
Doug Smith, Council District #5
Steve Presley, Council District #6



· THE CITY OF ·
**PALESTINE**
· TEXAS · 1846 ·

Mike Alexander, City Manager
Teresa Herrera, City Secretary
Ronald D. Stutes, City Attorney

Bob Herrington, Mayor

**NOTICE OF MEETING**
**CITY COUNCIL AGENDA**
**Monday, March 13, 2017**
**Work Session @ 5:00 p.m., City Hall Conference Room**
**Regular Meeting @ 5:30 p.m., City Council Chambers**
**504 N. Queen Street**
**Palestine, Texas**

**The City Council may meet in Closed Session regarding any item on this agenda if necessary, as permitted by Subchapter D of Chapter 551 of the Texas Government Code.**

**WORK SESSION**
1) Discuss revised cost of a second signal and cross arm at Magnolia and Spring Street Railroad crossing in the amount of $39,635.50. Public Works Director Tim Perry
2) Discuss proposed dates for Town Hall meetings for Special Election on Sales Tax. Asst. City Manager Michael Hornes

**REGULAR MEETING**
A. **CALL TO ORDER**

B. **INVOCATION AND PLEDGE OF ALLEGIANCE**
   Invocation followed by Pledge of Allegiance.

C. **PROPOSED CHANGES OF AGENDA ITEMS**

D. **PUBLIC COMMENTS, PUBLIC RECOGNITION, AND ANNOUNCEMENTS**
   1) Recognition Police Officer John Dougherty for his promotion to Corporal. Interim Police Chief John Herod
   2) National Women's Month Proclamation.

E. **CONFLICT OF INTEREST DISCLOSURES**

F. **MAYOR'S REPORT**

G. **ITEMS FROM COUNCIL**
   1) Recognition by Council.
   2) Update on Attendance, Upcoming Activities, and Future Development at the Texas State Railroad.
   3) Update on Community Events.

H. **CITY MANAGER'S REPORT**
   1) Departmental Report
      a) Police CID
      b) Web
      c) Development Services
      d) Library
      e) Finance Sales Tax Remittance Update
      f) Fire

I. **CONSENT AGENDA**

The Consent Items shall be considered for action as a whole, unless one or more Councilmembers objects. Approval of the consent agenda authorized the City Manager to implement each item in accordance with staff recommendations.
1) Consider approval of minutes of the Work Session and Regular Meeting of December 12, 2017.
2) Consider a Resolution appointing Election Workers for the May 6, 2017, City Officer Election.
3) Consider approval of Invoices over $25,000. Finance Director Steve Groom

J.   **REGULAR AGENDA**
1) Consider expenditure in the amount of $63,077 to purchase one ton pick-up truck and one half-ton pick-up truck from All Star Ford. Public Works Director Tim Perry

K.   **CLOSED SESSION**
Council will go into Closed Session pursuant to Section 551.072 regarding deliberation regarding real property (the purchase, exchange, lease or value of real property), and Section 551.071 to consult with city attorney.
1) Update on pending litigation (*City of Palestine v. Jerry Lasa*, Cause No. DCCV16-359-349, 349th District Court, Anderson County).
2) Update on Mall Pad Sites and other negotiations.

L.   **RECONVENE IN REGULAR SESSION**

M.   **ADJOURN**

CERTIFICATION

I, the undersigned authority, do hereby certify that this Notice of Meeting was posted on the outdoor bulletin board at the main entrance to City Hall, 504 N. Queen Street, Palestine, Texas, on the following date and time:

Friday, March 10, 2017   at 3:30 p.m.

Teresa Herrera, City Secretary

**In compliance with the Americans with Disabilities Act, the City of Palestine will provide for reasonable accommodations for persons attending City Council meetings. Requests for accommodations or interpretive services must be made 48 hours prior to the meetings. Please contact the City Secretary's office for further information at 903-731-8414.**

Will Brule, Council District #1
Mitchell Jordan, Council District #2
Vickey L. Chivers, Council District #3
Joe Baxter, Council District #4
Doug Smith, Council District #5
Ann Connor, Council District #6



Mike Alexander, City Manager
Michael Hornes, Asst. City Manager
Teresa Herrera, City Secretary
Ronald D. Stutes, City Attorney

Steve Presley, Mayor

**NOTICE OF MEETING**
**CITY COUNCIL AGENDA**
**Monday, June 12, 2017**
**Work Session @ 4:30 p.m., City Hall Conference Room**
**Regular Meeting @ 5:30 p.m., City Council Chambers**
**504 N. Queen Street**
**Palestine, Texas**

The City Council may meet in Closed Session regarding any item on this agenda if necessary, as permitted by Subchapter D of Chapter 551 of the Texas Government Code.

**WORK SESSION**
1) Public Works & Utilities 101. Public Works Director Tim Perry

**REGULAR MEETING**
**A.    CALL TO ORDER**

**B.    INVOCATION AND PLEDGE OF ALLEGIANCE**
Invocation followed by Pledge of Allegiance

**C.    PROPOSED CHANGES OF AGENDA ITEMS**

**D.    PUBLIC COMMENTS, PUBLIC RECOGNITION, AND ANNOUNCEMENTS**
1) Certificates of Appreciation for assisting in cleanup of Lower Lake to Johnny Daniels, Zachary Holloway, Alex Vasquez, Steven Salas Jr., Salvador Rios, Jimmy Essary, John Boy, James Gray, Steven Salas, Daniel Garcia, Jarrod Fletcher, Raymond Martin, and Joel Deleon. Community Services Deputy Director Ricky Dorsey
2) Recognition of Firefighters Derek Hunt, Geary Johnson, JP Manley, and Tim Ingram. Fire Chief Shannon Davis

**E.    CONFLICT OF INTEREST DISCLOSURES**

**F.    PUBLIC HEARINGS**
1) Public Hearing regarding a specific use permit to allow 16 multi-family living units at 1319 Moody Street being Lot 2, Block 1 of the Farris Addition, zoned C-4, Highway Commercial and generally located approximately 160-feet on the inside of N. Loop 256 on the north side of Moody Street. Development Services Director Jeffrey Lyons
2) Public Hearing regarding amendment to Appendix A, Zoning, Section 3.3, Section 4.6 and Section 15 by adding a definition, providing special provisions and designating zoning districts for indoor gun ranges. Development Services Director Jeffrey Lyons

**G.    MAYOR'S REPORT**

**H.    ITEMS FROM COUNCIL**
1) Recognition by Council
2) Update on Community Events

**I.    CITY MANAGER'S REPORT**
1) Palestine Mall – Pad Sites
2) Departmental Report

a) Sales Tax Update
b) Development Services
c) Web
d) Public Works
e) Library
f) Community Services
g) Police CID
h) Police Support

**J.   BOARD APPOINTMENTS**

1) Consider board of appointments of Ann Connor to Place 1, Phil Jenkins to Place 2, and Larry Weber to Place 3 with term to expire September 30, 2017; and Andrew Gregory to Place 4 and Brenda Walker to Place 5 with term to expire September 30, 2018 to Real Estate Committee.

2) Consider appointment of Chris Gouras to vacant Place 7 with term to expire September 30, 2018 to Historic Landmark Commission.

**K.   CONSENT AGENDA**

The Consent Items shall be considered for action as a whole, unless one or more Councilmembers objects. Approval of the consent agenda authorized the City Manager to implement each item in accordance with staff recommendations.

1) Consider approval of minutes of the Work Session and Regular Meeting of April 10, 2017.

2) Consider approval of minutes of the Work Session and Regular Meeting of April 24, 2017.

3) Consider approval of minutes of the Work Session and Regular Meeting of May 8, 2017.

4) Consider approval of minutes of the Special Meeting of May 10, 2017.

5) Consider approval of invoices over $25,000. Finance Director Steve Groom

6) Consider approval of modified Steven Bennett Swimming Pool Schedule for 2017. Community Services Director Patsy Smith

7) Consider an ordinance vacating and abandoning all right, title and interest to the City of Palestine in a 20-foot wide sanitary sewer easement located on Lot 1 of the Cartmell Addition to the City of Palestine recorded in Volume 998, Page 179 of the Deed Records of Anderson County, Texas. Development Services Director Jeffrey Lyons

8) Consider expenditure in the amount of $33,648 to purchase 25' Magna Rotor from Lakeside Equipment Corporation. Public Works Deputy Director Felipe Garcia

**L.   REGULAR AGENDA**

1) Consider approval of Phase II of the Downtown Assessment Study. Asst. PEDC Director Greg Laudadio

2) Consider a specific use permit to allow 16 multi-family living units at 1319 Moody Street being Lot 2, Block 1 of the Farris Addition, zoned C-4, Highway Commercial and generally located approximately 160-feet on the inside of N. Loop 256 on the north side of Moody Street. Development Services Director Jeffrey Lyons

3) Consider an ordinance amending Appendix A, Zoning, Section 3.3, Section 4.6 and Section 15 by adding a definition, providing special provisions and designating zoning districts for indoor gun ranges. Development Services Director Jeffrey Lyons

4) First reading of a Resolution regarding Palestine Economic Development Corporation and City of Palestine notice of intention to grant $25,000 to Texas State Railroad Authority, $11,500 to Palestine YMCA, $9,500 to Palestine Tomorrow, and $4,000 to Palestine Youth Athletic Association. PEDC Asst. Director Greg Laudadio

5) Consider a resolution for TxDOT Off System Bridge Replacement of Saltworks Road. Public Works Director Tim Perry

6) Consider an Ordinance approving an amendment to Chapter 34, Cemeteries, Section 34-9, entitled "Enclosures, Ornaments Prohibited," to limit the size of flags that are placed on cemetery plots in Palestine's cemeteries. City Secretary Teresa Herrera

7) Discuss Council's top ten goals and wishes for next year. Mayor Steve Presley

**M.**     **CLOSED SESSION**
    Council will go into Closed Session pursuant to Section 551.071 to consult with city attorney; pending or contemplated litigation.
    1)   Update on litigation (*City of Palestine v. Jerry Laza*, Cause No. DCCV16-359-349, 349th District Court, Anderson County).

**N.**     **RECONVENE IN REGULAR SESSION**

**O.**     **ADJOURN**

CERTIFICATION

I, the undersigned authority, do hereby certify that this Notice of Meeting was posted on the outdoor bulletin board at the main entrance to City Hall, 504 N. Queen Street, Palestine, Texas, on the following date and time:

Friday, June 09, 2017  at 3:20 p.m.                    Teresa Herrera
                                                      Teresa Herrera, City Secretary

**In compliance with the Americans with Disabilities Act, the City of Palestine will provide for reasonable accommodations for persons attending City Council meetings. Requests for accommodations or interpretive services must be made 48 hours prior to the meetings. Please contact the City Secretary's office for further information at 903-731-8414.**

Will Brule, Council District #1
Mitchell Jordan, Council District #2
Vickey L. Chivers, Council District #3
Joe Baxter, Council District #4
Doug Smith, Council District #5
Ann Connor, Council District #6



Mike Alexander, City Manager
Michael Hornes, Asst. City Manager
Teresa Herrera, City Secretary
Ronald D. Stutes, City Attorney

Steve Presley, Mayor

**NOTICE OF MEETING**
**CITY COUNCIL AGENDA**
**Monday, July 10, 2017**
**Regular Meeting @ 5:30 p.m., City Council Chambers**
**504 N. Queen Street**
**Palestine, Texas**

The City Council may meet in Closed Session regarding any item on this agenda if necessary, as permitted by Subchapter D of Chapter 551 of the Texas Government Code.

**REGULAR MEETING**
**A.     CALL TO ORDER**

**B.     INVOCATION AND PLEDGE OF ALLEGIANCE**
Invocation followed by Pledge of Allegiance

**C.     PROPOSED CHANGES OF AGENDA ITEMS**

**D.     PUBLIC COMMENTS, PUBLIC RECOGNITION, AND ANNOUNCEMENTS**

**E.     CONFLICT OF INTEREST DISCLOSURES**

**F.     PUBLIC HEARINGS**
1)  Public Hearing regarding old Memorial Hospital building.

**G.     MAYOR'S REPORT**

**H.     ITEMS FROM COUNCIL**
1)  Recognition by Council
2)  Update on Community Events

**I.     CITY MANAGER'S REPORT**
1)  Departmental Report
    a)  Fire
    b)  Community Services
    c)  Development Services

**J.     CONSENT AGENDA**
The Consent Items shall be considered for action as a whole, unless one or more Councilmembers objects. Approval of the consent agenda authorized the City Manager to implement each item in accordance with staff recommendations.
1)  Consider approval of minutes of the Work Session of June 19, 2017.
2)  Consider approval of minutes of the Work Session and Regular Meeting of June 26, 2017.
3)  Consider approval of invoices over $25,000. Finance Director Steve Groom
4)  Consider approval of modified Steven Bennett Swimming Pool Schedule for 2017. Community Services Director Patsy Smith

**K.     REGULAR AGENDA**
1)  Consider approval of Resolutions regarding Palestine Economic Development Corporation and City of Palestine granting $25,000 to Texas State Railroad Authority, $11,500 to Palestine YMCA,

$9,500 to Palestine Tomorrow, and $4,000 to Palestine Youth Athletic Association. PEDC Asst. Director Greg Laudadio

**L.**   **CLOSED SESSION**
Council will go into Closed Session pursuant to Section 551.071 to consult with city attorney; pending or contemplated litigation and Section 551.074 regarding personnel matters:
1)   Receive legal advice regarding issues related to amendments to Appendix A, Zoning, Section 3.3 Uses Definitions, Section 4.6 Zoning Use Graphs and Section 15 Special Provisions providing a definition, adding special provisions and designating zoning districts for transitional housing.
2)   Update on litigation (*City of Palestine v. Jerry Laza*, Cause No. DCCV16-359-349, 349th District Court, Anderson County).
3)   Discuss the appointment, employment, evaluation, reassignment, duties, discipline, or dismissal of Police Chief.
4)   Discuss the appointment, employment, evaluation, reassignment, duties, discipline, or dismissal of City Manager.
5)   Discuss the appointment, employment, evaluation, reassignment, duties, discipline, or dismissal of one or more city employees.

**M.**   **RECONVENE IN REGULAR SESSION**
1)   Take any action necessary regarding amendments to Appendix A, Zoning, Section 3.3 Uses Definitions, Section 4.6 Zoning Use Graphs and Section 15 Special Provisions providing a definition, adding special provisions and designating zoning districts for transitional housing.
2)   Take any action necessary regarding the appointment, employment, evaluation, reassignment, duties, discipline, or dismissal Police Chief.
3)   Take any action necessary regarding the appointment, employment, evaluation, reassignment, duties, discipline, or dismissal City Manager.
4)   Take any action necessary regarding the appointment, employment, evaluation, reassignment, duties, discipline, or dismissal of one or more city employees.

**N.**   **ADJOURN**

CERTIFICATION

I, the undersigned authority, do hereby certify that this Notice of Meeting was posted on the outdoor bulletin board at the main entrance to City Hall, 504 N. Queen Street, Palestine, Texas, on the following date and time:

Thursday, July 06, 2017   at 4:20 p.m.

Teresa Herrera, City Secretary

**In compliance with the Americans with Disabilities Act, the City of Palestine will provide for reasonable accommodations for persons attending City Council meetings. Requests for accommodations or interpretive services must be made 48 hours prior to the meetings. Please contact the City Secretary's office for further information at 903-731-8414.**

Will Brule, Council District #1
Mitchell Jordan, Council District #2
Vickey L. Chivers, Council District #3
Joe Baxter, Council District #4
Doug Smith, Council District #5
Ann Connor, Council District #6



Mike Alexander, City Manager
Michael Hornes, Asst. City Manager
Teresa Herrera, City Secretary
Ronald D. Stutes, City Attorney

Steve Presley, Mayor

**NOTICE OF MEETING**
**CITY COUNCIL AGENDA**
Monday, August 14, 2017
Work Session @ 4:30 p.m., City Hall Conference Room
Regular Meeting @ 5:30 p.m., City Council Chambers
504 N. Queen Street
Palestine, Texas

The City Council may meet in Closed Session regarding any item on this agenda if necessary, as permitted by Subchapter D of Chapter 551 of the Texas Government Code.

**WORK SESSION**
    1) Code Enforcement 101

**REGULAR MEETING**
**A.**    **CALL TO ORDER**

**B.**    **INVOCATION AND PLEDGE OF ALLEGIANCE**
      Invocation followed by Pledge of Allegiance

**C.**    **PROPOSED CHANGES OF AGENDA ITEMS**

**D.**    **PUBLIC COMMENTS, PUBLIC RECOGNITION, AND ANNOUNCEMENTS**

**E.**    **CONFLICT OF INTEREST DISCLOSURES**

**F.**    **MAYOR'S REPORT**

**G.**    **ITEMS FROM COUNCIL**
    1) Recognition by Council
    2) Update on Community Events

**H.**    **CITY MANAGER'S REPORT**
    1) Update on Palestine Mall – Pad Sites
    2) Departmental Report
       a) Fire
       b) Development Services
       c) Library
       d) Finance (Municipal Court, Utility Billing, Check Register, and Sales Tax)
       e) PEDC

**I.**    **CONSENT AGENDA**
    The Consent Items shall be considered for action as a whole, unless one or more Councilmembers objects. Approval of the consent agenda authorized the City Manager to implement each item in accordance with staff recommendations.
    1) Consider approval of minutes of the Regular Meeting of July 10, 2017.
    2) Consider approval of minutes of the Work Session of July 11, 2017.
    3) Consider approval of minutes of the Regular Meeting of July 24, 2017.
    4) Consider approval of invoices over $25,000. Finance Director Steve Groom

**J.      REGULAR AGENDA**
   1) Discuss Effective and Rollback Rates for Fiscal Year 2017-18, adopt the proposed tax rate for Fiscal Year 2017-18, and schedule two public hearings for proposed tax rate. Finance Director Steve Groom
   2) Consider approval of Intergovernmental Cooperative Agreement between Anderson County and City of Palestine for the performance of governmental functions and services related to roads. Public Works Director Tim Perry
   3) Consider approval of expenditure in the amount of $60,139.30 for an 18' Tiger Bengal Boom Mower. Public Works Deputy Director Rob Thames
   4) Second reading and consider approval of a Resolution regarding Palestine Economic Development Corporation and City of Palestine notice of intention to grant $5,695.00 to Jerry Hatton for 2017 Façade Improvement Program for building located at 217 W. Oak Street. PEDC Asst. Director Greg Laudadio
   5) Consider an ordinance for a Budget Amendment for Fiscal Year 2016-2017 for $45,000 to Retail Fund. Assistant City Manager Michael Hornes
   6) Consider a resolution of support and payment, authorizing submission of a request to the Texas Department of Housing and Community Affairs for participation in the HOME Grant. Assistant City Manager Michael Hornes

**K.      CLOSED SESSION**
Council will go into Closed Session pursuant to Section 551.087 deliberations regarding economic development, Section 551.074 regarding personnel matters, Section 551.072 deliberations regarding Real Estate, and Section 551.071 to consult with city attorney; pending or contemplated litigation.
   1) Update on litigation (*City of Palestine v. Jerry Laza*, Cause No. DCCV16-359-349, 349th District Court, Anderson County);
   2) Discuss "Project Safety";
   3) Discuss Palestine Mall pad sites;
   4) Discuss the appointment of a municipal court judge, possible adoption of procedures for searching for a new municipal court judge, possible use of a search firm to recruit candidates, possible appointment of a search committee, discussion of candidates for the municipal court judge position, discussion of the municipal court judge duties and job description, discussion of the desirable characteristics of a new municipal court judge, possible terms of a contract with a new municipal court judge, or possible appointment of a new municipal court judge;
   5) Discuss the appointment, employment, evaluation, reassignment, duties, discipline, or dismissal of City Prosecutor;
   6) Discuss the appointment, employment, evaluation, reassignment, duties, discipline, or dismissal of Police Chief;
   7) Discuss the appointment, employment, evaluation, reassignment, duties, discipline, or dismissal of City Attorney; and
   8) Discuss the appointment, employment, evaluation, reassignment, duties, discipline, or dismissal of City Manager.

**L.      RECONVENE IN REGULAR SESSION**
   1) Take any action necessary regarding "Project Safety";
   2) Take any action necessary regarding Palestine Mall pad sites;
   3) Take any action necessary regarding the appointment of a municipal court judge, possible adoption of procedures for searching for a new municipal court judge, possible use of a search firm to recruit candidates, possible appointment of a search committee, discussion of candidates for the municipal court judge position, discussion of the municipal court judge duties and job description, discussion of the desirable characteristics of a new municipal court judge, possible terms of a contract with a new municipal court judge, or possible appointment of a new municipal court judge;
   4) Take any action necessary regarding the appointment, employment, evaluation, reassignment, duties, discipline, or dismissal of City Prosecutor;

5)   Take any action necessary regarding the appointment, employment, evaluation, reassignment, duties, discipline, or dismissal of Police Chief;

6)   Take any action necessary regarding the appointment, employment, evaluation, reassignment, duties, discipline, or dismissal of City Attorney; and

7)   Take any action necessary regarding the appointment, employment, evaluation, reassignment, duties, discipline, or dismissal of City Manager.

**M.   ADJOURN**

CERTIFICATION

I, the undersigned authority, do hereby certify that this Notice of Meeting was posted on the outdoor bulletin board at the main entrance to City Hall, 504 N. Queen Street, Palestine, Texas, on the following date and time:

Thursday, August 10, 2017   *at 2:45 p.m.*

Teresa Herrera, City Secretary

**In compliance with the Americans with Disabilities Act, the City of Palestine will provide for reasonable accommodations for persons attending City Council meetings. Requests for accommodations or interpretive services must be made 48 hours prior to the meetings. Please contact the City Secretary's office for further information at 903-731-8414.**

Cause No. DCCV16-356-349

| | | |
|---|---|---|
| CITY OF PALESTINE, TEXAS, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | |
| | § | |
| JERRY LAZA, | § | |
| *Defendant.* | § | |
| | § | ANDERSON COUNTY, TEXAS |
| JERRY LAZA, | § | |
| *Counter-plaintiff,* | § | |
| | § | |
| VS. | § | |
| | § | |
| CITY OF PALESTINE, MIKE | § | |
| ALEXANDER, AND RONALD STUTES, | § | |
| *Counter-defendants.* | § | 349th JUDICIAL DISTRICT |

## ORDER GRANTING COUNTER-DEFENDANT CITY OF PALESTINE'S MOTION TO STRIKE

On the _____ day of _____, 2017, came to be heard the Motion to Strike filed by Counter-Defendant City of Palestine in the above-referenced case.

The Court finds that the Motion is well-founded, that Defendant Jerry Laza's First and Second Amended Counterclaims are not timely, and are filed for the purpose of delaying the initial lawsuit.

ACCORDINGLY, it is hereby ordered that the First and Second Amended Counterclaims filed by Counter-Plaintiff Jerry Laza on August 18, 2017 and August 21, 2017 be and the same are hereby stricken.

_____
JUDGE PRESIDING

**ORDER GRANTING COUNTER-DEFENDANT CITY OF PALESTINE'S MOTION TO STRIKE – Page 1**
{A47/06319/0030/W1518061.1 }