IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| JERRY LAZA | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:17-cv-00533 |
| | § | |
| CITY OF PALESTINE, MIKE ALEXANDER, | § | JURY TRIAL REQUESTED |
| RONALD STUTES | § | |
| | § | |
| *Defendants.* | § | |

## DEFENDANT CITY OF PALESTINE'S ORIGNAL ANSWER

COMES NOW the City of Palestine (hereinafter "Defendant"), Defendant in the above-styled and numbered cause, by and through its attorney of record, to file this its Original Answer to Plaintiff Jerry Laza's Second Amended Counterclaim and Petition for Relief and Inverse Condemnation and Violation of Texas Open Meetings Act, Seeking Damages and Demand for Jury Trial, and for its answer would respectfully show the following:

## INTRODUCTION

On August 18, 2017, in a state court action in the 349th Judicial District Court of Anderson County, Texas, Plaintiff Jerry Laza filed his First Amended Counterclaim and Petition for Relief and Inverse Condemnation and Violation of Texas Open Meetings Act, Seeking Damages and Demand for Jury Trial. *See* Dkt. 1. In that filing, Laza asserted **new** causes of action against the City of Palestine for violations of the Texas Open Meetings Act, 42 U.S.C. § 1983, the Texas Constitution (Article I, § 17 and Article I, § 19), Texas's common law of contracts, the Contracts Clause of the United States Constitution, the Fifth Amendment of the

United States Constitution, and the Fourteenth Amendment to the United States Constitution. *See* Dkt. 1.

On August 21, 2017, Plaintiff filed his Second Amended Counterclaim, which includes the same allegations included in his First Amended Counterclaim. *See* Dkt. 1.

In response, the City of Palestine filed a Motion to Sever the Counterclaims first alleged in Plaintiff Laza's First Amended Counterclaim and re-stated in Plaintiff Laza's Second Amended Counterclaim. *See* Dkt. 1. The court granted Palestine's Motion to Sever on September 15, 2017 and ordered that Plaintiff Laza's new counterclaims be severed from the original suit and be given the new Cause Number DCCV16-356-349A. *See* Dkt. 1.

Therefore, because Plaintiff's counterclaims have been severed and filed anew in this Court pursuant to Defendant's Notice of Removal, Defendant answers specifically those severed claims found in Plaintiff's First Amended Counterclaim and Petition for Relief and Inverse Condemnation and Violation of Texas Open Meetings Act, Seeking Damages and Demand for Jury Trial. *See* Dkt. 1.

## PLAINTIFF'S ALLEGED FACTS UNDERLYING HIS CLAIMS

1. Defendant admits as true the statement found in Plaintiff's paragraph 20 that Plaintiff was and is an individual residing in Anderson County, Texas.

2. Defendant admits as true the statement found in Plaintiff's paragraph 21 that Defendant is a municipality located in the State of Texas, Anderson County, and may be served with process by serving Teresa Herrera, City Secretary, 504 N. Queen Street, Palestine Texas, 75801, Anderson County, Texas.

3. Defendant admits as true the statement found in Plaintiff's paragraph 22 that Laza owns property located in the City of Palestine but denies the remainder of the statement that the property underlies his counterclaims.

4. Defendant denies the statement contained in paragraph 23 of Plaintiff's Counterclaims.

5. Defendant denies the allegations contained in paragraph 24 of Plaintiff's Counterclaims, to the extent that any exist in that paragraph.

6. Defendant denies the allegations contained in paragraph 25 of Plaintiff's Counterclaims.

7. Defendant admits as true the statement found in paragraph 29 of Plaintiff's Counterclaims.

8. Defendant denies the statement contained in paragraph 30 of Plaintiff's Counterclaims.

9. Defendant admits the allegations contained in paragraph 31 of Plaintiff's Counterclaims.

10. Defendant admits as true the statement found in paragraph 32 of Plaintiff's Counterclaims.

## PLAINTIFF'S CAUSES OF ACTION

11. Defendant denies the allegations contained in paragraph 33 of Plaintiff's Counterclaims.

12. Defendant denies the allegations contained in paragraph 34 of Plaintiff's Counterclaims.

13. Defendant denies the allegations contained in paragraph 35 of Plaintiff's Counterclaims.

14. Defendant denies the allegations contained in paragraph 36 of Plaintiff's Counterclaims.

15. Defendant denies the statement contained in paragraph 40 of Plaintiff's Counterclaims to the extent that it implies or states that Mike Anderson is the City Administrator of the City of Palestine. Mike Anderson is the City Manager of the City of Palestine.

16. Defendant denies the allegations contained in paragraph 41 of Plaintiff's Counterclaims.

17. Defendant denies the allegations contained in paragraph 43 of Plaintiff's Counterclaims.

18. Defendant denies the allegations contained in paragraph 44 of Plaintiff's Counterclaims.

19. Defendant admits as true the statement contained in paragraph 45, that Tex. Gov. Code § 551.045 concerns in part the notice requirements of meetings.

20. Defendant denies the allegations contained in paragraph 46 of Plaintiff's Counterclaims.

21. Defendant denies the allegations contained in paragraph 47 of Plaintiff's Counterclaims.

22. Defendant denies the allegations contained in paragraph 48 of Plaintiff's Counterclaims.

23. Defendant denies the allegations contained in paragraph 49 of Plaintiff's Counterclaims.

24. Defendant denies the allegations contained in paragraph 50 of Plaintiff's Counterclaims.

25. Defendant denies the allegations contained in paragraph 51 of Plaintiff's Counterclaims.

26. Defendant denies the allegations contained in paragraph 52 of Plaintiff's Counterclaims.

27. Defendant denies the allegations contained in paragraph 53 of Plaintiff's Counterclaims.

28. Defendant denies that Plaintiff is entitled to any of the relief sought by Plaintiff's Amended Counterclaims.

## ANSWER TO PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any relief requested in Plaintiff's Counterclaims or any other relief whatsoever. To the extent that the Prayer for Relief section of the Plaintiff's Counterclaims is deemed to allege any facts, Defendant denies each and every allegation.

## GENERAL DENIAL

To the extent that any allegations of Plaintiff's Counterclaims are not specifically admitted herein, Defendant hereby denies them.

## AFFIRMATIVE DEFENSES

Defendant incorporates the above admissions and denials in the preceding paragraphs as if fully repeated and restated herein. By raising the following defenses, Defendant does not assume the burden of proof on any issue that, as a matter of law, is Plaintiff's burden to prove. Defendant reserves the right to amend its Answer to add additional defenses as they become known through the course of discovery or otherwise.

### FIRST DEFENSE

Plaintiff's claims should be dismissed in whole or in part under Rule 12 (b) (6) of the Federal Rules of Civil Procedure for failing to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred by the governmental immunity of the City of Palestine, Texas.

### THIRD DEFENSE

Plaintiff's damages, if any, were caused by his own conduct or were caused by third parties.

### FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part by the applicable statute of limitations.

### FIFTH DEFENSE

Defendant affirmatively pleads that at all times relevant hereto, it engaged in good faith efforts to comply with the law, and that it had reasonable, legitimate, non-discriminatory and non-retaliatory reasons for its actions and decisions regarding Plaintiff.

### SIXTH DEFENSE

Plaintiff's claims for damages are barred or reduced to the extent that he failed to properly mitigate his alleged damages.

## SEVENTH DEFENSE

Plaintiff's claims are barred to the extent that he did not exhaust his required administrative remedies.

## EIGHTH DEFENSE

Plaintiff's claims may be barred by the doctrine of after-acquired evidence.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant respectfully demands a jury trial of all issues applicable to a jury in this action.

WHEREFORE, Defendant City of Palestine prays that Plaintiff's claims and causes of action be dismissed with prejudice, and for such other and further relief to which it is entitled, including recovery of all attorneys' fees and costs.

Respectfully submitted,

**RITCHESON, LAUFFER & VINCENT**
A Professional Corporation

TWO AMERICAN CENTER
821 ESE Loop 323, Ste. 530
Tyler, Texas 75701
(903) 535-2900

{Answer.3660-315}

By:   /s/ Lance Vincent
_____
Lance Vincent
State Bar No. 20585580

**ATTORNEYS FOR DEFENDANT
CITY OF PALESTINE**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF electronic mail system per Local Rule CV-5(a)(3) on September 25, 2017.

*/s/ Lance Vincent*
Lance Vincent

{Answer.3660-315}