**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **JERRY LAZA** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION** |
| **v.** | § | **NO. 6:17-cv-00533** |
| | § | |
| | § | **JURY TRIAL REQUESTED** |
| **CITY OF PALESTINE, MIKE ALEXANDER,** | § | |
| **RONALD STUTES,** | § | |
| | § | |
| **Defendants** | § | |

**DEFENDANT CITY OF PALESTINE'S RESPONSE TO PLAINTIFF'S MOTION FOR HEARING CONCERNING REMOVED CASE AND STATE OF THE PLEADINGS**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, the City of Palestine, Texas (**"Defendant" or "Defendant City"**) and files this Response to Plaintiff Jerry Laza's Motion for Hearing Concerning Removed Case and State of the Pleadings, and in support thereof, would respectfully show the Court as follows:

## I.
## INTRODUCTION AND OVERVIEW OF REMOVED CASE

The following is a brief summary of the development and evolution of the underlying lawsuit filed in state court which resulted in the removal of Cause No. DCCV16-356-349A to the United States District Court for the Eastern District of Texas – Tyler Division:

1. Defendant City of Palestine was originally the Plaintiff in the underlying state case filed against Defendant Jerry Laza. However, during the course of the lawsuit, Defendant Laza asserted a number of counterclaims against the City of Palestine. Following the filing of a proper motion by the Counter Defendant City the trial court severed a number of counter

plaintiff Laza's counterclaims and established a separate cause of action. (Ex. B) This separate cause of action, composed only of Plaintiff's newly alleged counterclaims, was later removed to this Court, and is the subject of this motion. Thus, for the purpose of this Response, the City of Palestine is designated as "Defendant," and Counter Plaintiff Laza is designated as "Plaintiff." The Anderson County case was subsequently delayed, and a new trial date of September 18, 2017 was established. The original affirmative claims filed by the Defendant City were tried to jury verdict at that time. The jury found in favor of the City on all claims. Laza's original counterclaims were held for separate trial in state court.

2. The original lawsuit was filed in June 2016 by the Plaintiff City of Palestine, Texas in the 349th District Court, Anderson County, Texas and assigned the cause number DCCV16-356-349. The City of Palestine brought the lawsuit against Jerry Laza (originally the Defendant) for civil penalties and injunctive relief based upon repeated violations of city ordinances. Plaintiff Laza filed a timely Answer. No counterclaims were filed at that time. The case was set for trial originally on June 5, 2017.

3. Plaintiff Laza first raised counterclaims against Defendant City upon filing of Defendant Jerry Laza's Third Amended Original Answer and Defendant Jerry Laza's Counterclaim and Petition for Relief and Inverse Condemnation, Seeking Damages and Demand for Jury Trial, which was filed on August 18, 2017.

4. On August 18, 2017, thirty one days prior to the trial setting, Defendant Laza filed his First Amended Counterclaim which included new counterclaims against the City of Palestine as well as Mike Alexander, City Manager, Ronald Stutes, City Attorney, and "Defendant, John or Jane Does 1-9, City Council Persons." These amended counterclaims inserted new allegations, new parties, and new issues into the case. (Ex. F)

5. On September 15, 2017, Judge Dwight Phifer, sitting by assignment in the 349th District Court, Anderson County, Texas, signed an Order of Severance in Cause Number DCCV16-356-349. That Order severed all counterclaims that were in Defendant's Second Amended Counterclaim (filed August 21, 2017), but which were not in Defendant's Original Counterclaim (filed August 18, 2107) in to a separate cause of action designated Cause Number DCCV16-356-349A. (Ex. B)

6. The Order of Severance clearly designates which counterclaims are included in the severed cause number, and which are not. A comparison of the Original Counterclaim (Ex. C) of Jerry Laza and the Second Amended Counterclaims (Ex. D) is necessary to determine precisely which causes of action are severed, and which remain part of the original case in Anderson County District Court. On September 18, 2017 the Defendant City filed a Notice of Removal in the United States District Court for the Eastern District of Texas – Tyler Division. Defendant's Notice of Removal clearly states that applies **only to those claims originally pending as Cause Number DCCV16-356-349A**, in the 349th Judicial District Court, Anderson County, Texas, ("the State Court Action"). Thus, it applies only to the newly established cause number established by the Order of Severance entered in the state court action.

## II.
## ARGUMENT

### A. Defendant City's Notice of Removal was effective to remove only case number DCCV16-356-349A.

7. Plaintiff Laza's fundamental contention is fatally defective. Plaintiff Laza contends that the City of Palestine removed cause number DCCV16-356-349 and not cause number DCCV16-356-349A, because there was "nothing to remove" in cause number DCCV16-356-349A. (Plaintiff's Motion ¶ 9). This position is apparently based upon the fact that at the

time of the filing of the Notice of Removal there were no pleadings filed in case number DCCV16-356-349A, and that the only pleadings furnished to the Court were those originally filed in cause number DCCV16-356-349. Plaintiff's position is unsupported by the law.

8. The Texas Supreme Court has long held that an order granting a severance in the cause ordered severed is effective when signed. *McRoberts v. Ryals,* 863 S.W. 2d 450 (Tex. 1993) citing *Hall v. City of Austin,* 450 S.W. 2d 836, 838 (Tex. 1970). It becomes effective even without the district clerk's creation of a separate physical file with a different cause number. Unless the severance order indicates that further proceedings are to be conducted in the severed action an order granting a severance is effective when signed, regardless of whether the trial court, in its order, assigns a new cause number or directs a physical separation of the file. *Id.* at 313. Accordingly, the Order severing Plaintiff Laza's newly formed counterclaims became effective immediately upon the signing of the order by the trial court judge. *Id.; Humble Sand and Gravel, Inc.*, 875 S.W. 2d 311, 312 (Tex. 1994). Whether any pleadings were actively filed in the new cause number, and physically placed in the file has no impact on the severance.

9. Since upon the signing of the Order of Severance, (Ex. B) a newly established cause number consisting of Plaintiff Laza's severed counterclaims was clearly established and designated as cause number DCCV16-356-349A. Plaintiff Laza's contention that Defendant City's Notice of Removal did not remove cause number DCCV16-356-349A "because there was nothing to remove in cause number DCCV16-356-349A" is fundamentally incorrect. Clearly, at the time of this filing of the Notice of Removal, the severance of the newly filed counterclaims was effective and they were assigned this new cause number. Cause number DCCV16-356-349A was a valid and subsisting civil action which contained specific claims clearly delineated in the Order of Severance signed and filed on August 21, 2017.

10. In addition, Plaintiff Laza relies heavily upon the fact that the active pleadings attached to Defendant City's Notice of Removal were all originally filed in the parent case, DCCV16-356-349, and no pleadings were attached which were filed specifically in the severed cause number DCCV16-356-349A. All of the pleadings at that time were from the original case, and were commingled with the counterclaims which were later severed. However, the Order of Severance clearly identified the counterclaims which were severed and assigned the new cause number. While it is true that no separate pleading containing only the severed counterclaims had yet been filed in cause number DCCV16-356-349A, the pleadings attached to the Notice of Removal contained all of the counterclaims which had been severed and assigned the new cause number. The fact that no separate pleading had been filed specifically in cause number DCCV16-356-349A is immaterial.

11. The pleadings filed along with the Defendant City's Notice of Removal were effective to provide the Court with ample information regarding the removed case. These included the entirety of the active pleadings in the case – the Defendant City's original claims; Plaintiff Laza's original counterclaim; and Plaintiff Laza's additional counterclaims (which had been severed by the trial court's September 15, 2017 Order.) (See Ex. D, Ex. F, and Ex. B) These pleadings were clearly sufficient to allow the trial court to identify the claims being removed, and to confirm that a federal claim is presented in cause number DCCV16-356-349A.

**B. Defendant City's Notice of Removal is specific as to which cause number was removed.**

12. The underlying theme of Plaintiff's Motion for Hearing Concerning Removed Case and State of the Pleadings is that since there was no specific pleading filed in cause number DCCV16-356-349A, and the pleadings provided to the Court were all originally filed in DCCV16-356-349, this resulted in a removal of DCCV16-356-349 the parent case. This

argument completely ignores the fact that Defendant City's Notice of Removal on its face clearly and unequivocally states that it applies only to cause number DCCV16-356-349A currently pending in the 349th Judicial District Court, Anderson County, Texas. The Notice of Removal goes on to state that it is filed on the basis of the existence of a federal question pursuant to 28 U.S.C. § 1441(a), and specifically based upon Plaintiff Laza's federal claims brought for alleged violations of Article I, §10 of the United States Constitution, 42 U.S.C. § 1983, and violations of the Fifth and Fourteenth Amendments to the United States Constitution. The Notice of Removal contains no statement, comment, or suggestion that it pertains to any other cause number.

13. Further, in order to eliminate any possibility of confusion, the Defendant City's Notice of Removal goes on to provide the Court with a brief history of the case, and to reiterate that the Notice of Removal only applied to cause number DCCV16-356-349A:

> "On August 21, 2017, twenty eight days prior to the trial setting, Jerry Laza filed his Second Amended Counterclaim… which includes the same allegations included in the First Amended Counterclaim.
>
> In response, the City of Palestine filed a Motion to Sever the Counterclaims first alleged in Plaintiff Laza's First Amended Counterclaim and re-stated in Plaintiff Laza's Second Amended Counterclaim on the basis that such counterclaims, if not severed from the underlying suit, would inevitably and unnecessarily delay the initial lawsuit. The Court granted Palestine's Motion to Sever on **September 15, 2017** and ordered that Plaintiff Laza's new counterclaims be severed from the original suit and be given the new cause number DCCV16-356-349A." (Defendant City of Palestine's Notice of Removal, p. 5).

To suggest that Defendant City's Notice of Removal could possibly remove any cause of action other than cause number DCCV16-356-349A would require the Court to completely ignore the precise terms stated in Defendant City of Palestine's Notice of Removal.

14. Plaintiff Laza also suggests that the fact that the pleadings attached to the Notice of Removal do not contain a pleading in case number DCCV16-356-349A does not comply with

the requirements of Eastern District of Texas Local Rule LR CV-81(c)(2), and may be confusing to the Court and result in the Court not being properly informed. This assertion has no basis in fact. With regard to pleadings, Local Rule CV-81(c)(2) requires that the removing party furnish "a copy of all pleadings that assert causes of action (e.g. complaints, amended complaints, supplemental complaints, petitions, counterclaims, cross actions, third party actions, interventions, etc.); all answers to such pleadings and a copy of all process and orders served upon the party removing the case to this court as required by 28 U.S.C. §1446(a). All such operative documents filed in the underlying case, as well as those counterclaims which were severed and assigned to the new cause of action were furnished to the clerk as required by LR CV-81(c)(2).

The contents of the active pleadings coupled with the case history provided in Defendant City's Notice of Removal should eliminate any chance that the "reviewing persons may be confused and the Court not properly informed." (Plaintiff's Motion for Hearing, p. 4). The pleadings filed with the Notice of Removal provide a complete statement of the claims and causes of action in this case which were removed. Nothing in LR CV-81(c)(2) requires that the pleadings bear a specific cause number. More importantly, nothing in Rule LR CV-81(c)(2) would require that the pleadings be filed specifically in cause number DCCV16-356-349A. Defendant's Notice of Removal, and the documents furnished with the Notice meet all of the substantive requirements of this Local Rule.

15. In short, Defendant City's Notice of Removal is very specific that it is removing only those claims which were precisely severed and established as cause number DCCV16-356-349A. The Order of Severance clearly identifies the counterclaims which are removed and established in that cause of action. From a factual standpoint, there is no basis to support an

argument that the Notice of Removal applies to any other cause number.

**C. Plaintiff Laza's argument that Defendant City removed cause number DCCV16-356-349 is insupportable.**

16. Plaintiff Laza contends that since there was "nothing to remove in cause number DCCV16-356-349A, the Notice of Removal actually served to remove cause number DCCV16-356-349. As has been discussed in this Response, he bases this claim upon the fact that the pleadings provided to the Court in conjunction with the Notice of Removal were originally filed in DCCV16-356-349, the underlying state court case. However, Plaintiff Laza cites no legal authority in support of this proposition. Plaintiff argues that in issuing its Order of Severance, the trial court failed to identify the actual claims that were severed. Thus, in filing the claims and matters removed were defined only by the live pleadings furnished along with the Notice of Removal. Thus, Plaintiff argues that upon the filing of the Notice of Removal, all claims, counterclaims, causes of action and other matters in issue were removed to the Federal Court for the Eastern District of Texas – Tyler Division. Finally, upon the filing of the Notice of Removal the jurisdiction of the Anderson County state court over this action was immediately suspended. This argument is without legal or factual support.

17. First, the Plaintiff's basic premise fails. A clear reading of the District Court's Order of Severance demonstrates that the Court was meticulous in detailing the counterclaims which had been removed and assigned the new cause number. There is no failure on the state court's part to identify the claims being severed.

18. Further, there is no basis for Plaintiff's contention that the filing of the pleadings in the state court case, which contained the counterclaims severed and assigned to the new docket number somehow removed the entire Anderson County court case. Plaintiff cites no supporting authority for this proposition. As was pointed out previously in this Response, the Defendant

City's Notice of Removal is specific that it is removing only those counterclaims severed and assigned the cause number DCCV16-356-349A.

19. Finally, Plaintiff's arguments are inconsistent. On the one hand, Plaintiff Laza argues that Defendant City could not have removed the counterclaims severed and assigned to cause number DCCV16-356-349A "because there was nothing to remove." (Plaintiff's Motion for Hearing ¶ 9). On the other hand, Plaintiff Laza argues that Defendant City's filing of a Notice of Removal in cause number DCCV16-356-349A resulted in the removal of the underlying state case, DCCV16-356-349 in its entirety. If Plaintiff Laza's initial premise was supported by the law then the filing of Defendant City's Notice of Removal was ineffective, and no claim or counterclaim was removed. It does not follow under any theory of law that the attempt to remove that which does not exist "inadvertently, removed the underlying state case that was never intended for removal."

## III.
## CONCLUSION

In conclusion, in light of the foregoing legal and factual arguments, Defendant City asserts that its Notice of Removal was appropriate and effective to remove only cause number DCCV16-356-349A. Accordingly, the remaining state law claims contained in cause number DCCV16-356-349 remain within the jurisdiction of the Anderson County District Court, and have not been removed to this Court.

## IV.
## PRAYER

Defendant City requests that all relief requested in Plaintiff's Motion for Hearing Concerning Removed Case and State of the Pleadings be in all things denied, and that all claims and causes of action assigned to cause number DCCV16-356-349A remain established as Civil

Action 6:17-cv-00533-RWS in the United States District Court for the Eastern District of Texas – Tyler Division. Defendant City of Palestine additionally prays for such and further relief to which it may show itself entitled.

Respectfully submitted,

**RITCHESON, LAUFFER & VINCENT**
A Professional Corporation

TWO AMERICAN CENTER
821 ESE Loop 323, Ste. 530
Tyler, Texas 75701
(903) 535-2900

By:

/s/ Lance Vincent
___________________________
Lance Vincent
State Bar No. 20585580

**ATTORNEYS FOR DEFENDANT**
**CITY OF PALESTINE**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF electronic mail system per Local Rule CV-5(a)(3) on October 27, 2017.

/s/ Lance Vincent
___________________________
Lance Vincent