IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

**JERRY LAZA**
    **COUNTER PLAINTIFF**      **CIVIL ACTION 6:17-CV-00533-RWS**
**V.**
**CITY OF PALESTINE,**
**MIKE ALEXANDER AND**
**RONALD STUTES**
    **COUNTER DEFENDANTS**      **JURY TRIAL REQUESTED**

**REPLY**
TO DEFENDANT CITY OF PALESTINE'S RESPONSE TO PLAINTIFF'S
MOTION FOR HEARING CONCERNING REMOVED CASE
AND STATE OF THE PLEADINGS

1. Jerry Laza files this reply to the City of Palestine's (City) response.

2. City claims that a order of severance exists in the original case Cause No. DCCV16-356-349. See City's Exhibit B; Doc 8-2. However a reading of the order shows nothing that was severed, contrary to the City's claims in its response. Doc 8 para. 2. In Doc 8 para. 6, City claims that the order of severance, "clearly designates which counterclaims are included in the severed cause number, and which are not."

3. The Notice of Removal was filed on 18 September 2017.

4. As of November 2, 2017, and according to the Anderson County

District Clerk's records there has never been a petition filed in Cause No. DCCV16-356-349A. See Doc 5 and 5-1.

5. However, City claims in Doc 8 para. 6, "Defendant's Notice of Removal clearly states that applies only to those claims originally pending as Cause Number DCCV16-356-349A, in the 349th Judicial District Court, Anderson County, Texas, ("the State Court Action")."

6. City then lists their basis for removal 28 U.S.C. §§ 1441, and 1446, claiming federal question jurisdiction. Doc 1.

7. City provides no petition or any other pleading from Cause Number DCCV16-356-349A. It cannot because there is none. The severence order provides no basis to file one. Consequently there is nothing to remove from Cause Number DCCV16-356-349A.

8. In Doc 8, para. 8, City cites to severed cases related a judgment that was severed, (presumably to make it immediately appealable), in which the court identified specific issues (the judgment) and provided specific instruction to the attorneys. See *McRoberts v. Ryals*, 863 S.W. 2d 450 (Tex. 1993). The subject Severance Order from Cause Number DCCV16-356-349, did assign a new Cause Number

    DCCV16-356-349A, but failed to identify any claims or causes of action to be severed, or make any other instructions to counsel. See Doc 8-2.

9. City further states that "Whether any pleadings were actively filed in the new cause number, and physically placed in the file has no impact on the severance." Doc 8 para. 8, last sentence. While this may be a true statement, it still provided nothing to be removed to this court, other than the original Cause Number DCCV16-356-349, because there is no other pleading in existence.

10. In Doc 8 para. 9, City erroneously cliams that there are pleadings in Cause Number DCCV16-356-349A. None have been found therein. See See Doc 5 and 5-1. **No specific claims have been clearly delineated in the Order of Severance signed and filed on August 21, 2017 (sic).** Actually the Order of Severance was signed and filed on 15 September 2017 and there were no specific claims identified, and the court therein refused to identify any specific claims. See Doc 8-2.

11. The Texas system of pleadings is composed of petitions and

answers. *Elliott v. Elliott*, 797 S.W.2d 388, 391-92 (Tex.App.—Austin 1990, no writ); see TRCP 45(a). The pleadings define the suit, give notice of the facts and legal theories of the case, guide the trial court in admitting evidence and in charging the jury, restrict the trial court in rendering the judgment, and form the basis for appellate review. See Erisman v. Thompson, 167 S.W.2d 731, 733 (Tex.1943). (pleadings define lawsuit and determine issues for trial); Crain v. San Jacinto Sav. Ass'n, 781 S.W.2d 638, 639 (Tex.App.—Houston [14th Dist.] 1989, writ dism'd) (pleadings give notice of evidence to be introduced). The controversy described in the pleadings is resolved by a judgment. Lindley v. Flores, 672 S.W.2d 612, 614 (Tex.App.—Corpus Christi 1984, no writ). Because there are no pleadings in Cause Number DCCV16-356-349A, there was nothing to remove.

12. Lastly, after further review of City's response it seems to rehash the items addressed in paragraphs 1-10.

13. However, City fails to properly identify its status as the removing party. City is a counter-defendant. The removal statute does not

permit removal by a counter-defendant, only defendants. "The bare text of section 1441(a) mentions only defendants, not counter-defendants, as parties eligible to remove. The statute reads in pertinent part:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the *defendant or the defendants,* to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a) (emphasis supplied). Same for 28 U.S.C. § 1446.

"The district court held that only a true defendant, not a counterclaim defendant, may remove a case to federal court. *See Tindle,* 627 F.Supp. at 407 (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)). This well-settled proposition was first announced in the United States Supreme Court decision of *Shamrock Oil & Gas Corp. v. Sheets, supra. OPNAD Fund, Inc. v. Watson*, 863 F. Supp. 328, 331 (S.D. Miss. 1994). City is a counter-defendant and there is no

removal basis for a counter-defendant. "The controlling legal principle from *Shamrock* is that "the plaintiff, having submitted himself to the jurisdiction of the state court, [is] not entitled to avail himself of a right of removal conferred only on a defendant who has not submitted himself to the jurisdiction."14 If the McFall firm wished for a federal forum, it was required to pursue a separate action in federal court. Having chosen to intervene as a plaintiff in state court, the firm forfeited its right to removal." In re Crystal Power Co., Ltd., 641 F.3d 78, 81 (5th Cir. 2011), opinion withdrawn and superseded on reh'g, 641 F.3d 82 (5th Cir. 2011).

Prayer

14. Laza asks the court to hold a hearing related to this removal in the above captioned and numbered lawsuit, properly align the parties and provide definition as to what was removed from Anderson County to this Court. Laza asks this Court to **issue and emergency order** notifying the 349th District Court in Anderson County Texas that removal jurisdiction applies in Cause No. DCCV16-356-349, until the case is remanded to the 349th District Court in Anderson County Texas.

Respectfully submitted, Mosser Law PLLC
By: /s/ James C. Mosser
James C. Mosser
Texas Bar No. 00789784
Nicholas D. Mosser
Texas Bar No. 24075405
Email:CourtDocuments@MosserLaw.com
2805 Dallas Parkway
Suite 222
Plano, Texas 75093
Tel. (972) 733-3223
Fax. (972) 473-0600
Lawyer for Defendant Jerry Laza

CERTIFICATE OF SERVICE
I certify that on November 2, 2017, a true and correct copy of this document was served on RITCHESON, LAUFFER & VINCENT A Professional Corporation 821 ESE Loop 323, Ste. 530 Tyler, Texas 75701
Telephone 903- 535-2900
Lance Vincent
State Bar No. 20585580
ATTORNEYS FOR DEFENDANT CITY OF PALESTIN Eelectronically through the ECF filing manager.
/s/ James C. Mosser
James C. Mosser