# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **JERRY LAZA,** § | |
| § | |
| § | CIVIL ACTION NO.  6:17-CV-00533-RWS |
| **Plaintiff,** § | |
| § | |
| v. § | |
| § | |
| **CITY OF PALESTINE, TEXAS,** § | |
| § | |
| **Defendant.** § | |

## ORDER

Before the Court is Plaintiff Jerry Laza's Emergency Motion for Hearing ("Motion"). (Doc. No. 5.) The Court held a hearing on November 2, 2017, and that Motion (Doc. No. 5) is therefore **GRANTED.** Plaintiff's Motion seeks clarity on what was removed to federal court. The pleadings before this Court are based on the City of Palestine's Notice of Removal from Cause No. DCCV16-356-349A, in the 349th Judicial District Court, Anderson County, Texas, for claims invoking a federal question pursuant to 28 U.S.C. §1441(a). (Doc. No. 1.) Pursuant to the Notice of Removal, the live complaint before this Court is Docket No. 3, which was originally filed in state court as Plaintiff's "Fifth Amended Original Answer and Second Amended Counterclaim." (Doc. No. 3.) This is the only live pleading filed before this Court and one that indeed asserts claims arising under the United States Constitution and 42 U.S.C. § 1983. *See, e.g*, Doc. No. 3, at 7. To the extent there is a discrepancy regarding what counterclaims were

severed in state court by virtue of the state court judge's severance order, no motion to remand was timely brought on that basis.[1]

As it stands, on the pleadings before this Court, the Court finds that the allegations in the complaint (filed originally as "Fifth Amended Original Answer and Second Amended Counterclaim" (Doc. No. 3)) that invoke federal jurisdiction have been properly removed to this Court. By November 30, 2017, the parties are **ORDERED** to meet and confer and Plaintiff shall file an amended complaint that delineates the federal claims asserted in this matter. By this same date, the parties shall file a notice including whether these claims involve newly named defendants and, if so, whether there is agreement to stay service of process or waive service. Further, the Court **ORDERS** that this case be **STAYED** pending further order of the Court. At any time during the pendency of the stay, either party may request to lift the stay based on any developments in the state court actions that would warrant resumption of this matter.

**So ORDERED and SIGNED this 2nd day of November, 2017.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

---

[1] The Notice of Removal and corresponding complaint in this matter were filed on September 18, 2017. (Doc. Nos. 1, 3.) More than 30 days have passed since that time and Plaintiff has not filed a motion to remand. *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal…").