IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

**JERRY LAZA**             CIVIL ACTION 6:17-CV-00533-RWS
    **PLAINTIFF,**         MAGISTRATE JUDGE. (RLF)
**V.**                     JURY TRIAL REQUESTED
**CITY OF PALESTINE**
**and JOHN DOES 1-9**
    **DEFENDANTS.**

## LAZA'S AMENDED COMPLAINT AS ORDERED BY DOCUMENT 11

1. Paragraphs 1-40 are incorporated herein, in haec verba.

**Plea to the Jurisdiction**

2. The City of Palestine does not have standing to prosecute or denfend this lawsuit because it has not passed an ordinance permitting participation in this litigation.

**Subject Matter Jurisdiction**

3. The Court does not have Subject Matter Jurisdiction in this litigation.

## ORIGINAL COMPLAINT

### JERRY LAZA CLAIMS AND SEEKS DECLARATORY RELIEF AND INVERSE CONDEMNATION, SEEKING DAMAGES AND DEMAND FOR JURY TRIAL

4. Paragraphs 1-40 are incorporated herein, *in haec verba*.

5. Without waiving any rights or claims, Laza, as Plaintiff, complains of the City of Palestine, as Defendant, and for such cause of action alleges as follows:

6. At all times mentioned in this petition, Plaintiff was and is an individual residing in Anderson County Texas.

7. Defendant City of Palestine, is a home rule municipality located in the State of Texas, Anderson County which may be served with process by serving Teresa

      Herrera the City Secretary at City of Palestine, 504 N. Queen Street, Palestine, TX 75801 Anderson County, Texas. Service is complete and the City of Palestine has removed this case and appeared herein.

8. Laza the Plaintiff owns property located in the City of Palestine which is the subject of this lawsuit.

9. Plaintiff acquired the property in *1998*. At that time, the property was underdeveloped land, unoccupied and suitable for Laza's use as agreed to by the Plaintiff and the Defendant, and to be changed to a commercial zoning designation, under defendant's zoning and land use regulations. Plaintiff acquired the property with the intent of constructing and expanding his lawnmower storage and small motor repair facility, all with the agreement of the Defendant.

10. The Plaintiff, sues the Defendants, the City of Palestine for injunctive relief and damages resulting from the Defendants' intentional deprivation of the Plaintiff's constitutionally protected rights and the ultra vires acts. This action is brought pursuant to Title 42 Section 1983 of the Code of Laws of the United States of America, the Texas Constitution, and Texas's common law of contracts and Texas Statutes and their ultra vires conduct.

11. The City of Palestine, and its agent Ronald Stutes are acting ultra vires because they do not have an ordinance or resolution authorizing their respective actions as required by the laws enacted by the City of Palestine, Anderson County Texas and the State of Texas.

**JURISDICTIONAL BASIS OF THE CLAIMS**

12. This action is brought pursuant to United States Constitution Article 1 Section 10

and 42 U.S.C.A. § 1983 and claims violations of the Plaintiff's civil rights as guaranteed by the Contracts Clause and Fourteenth Amendment to the United States Constitution and in violation of the Texas Constitution Art. I, § 17.

13. This action arises out of the Constitution of the United States of America and alleges violations of constitutionally protected rights of the Plaintiff who is a citizen of the United States of America and the Texas Constitution Art. I, § 17 and Plaintiff is citizen of the State of Texas.

14. The claims are brought under the Texas Constitution, common law of contract claims and statutory law arising from the same operative nucleus of facts and circumstances that form part of the same case and controversy.

15. All of the actions of the Defendant giving rise to this action substantially occurred in Anderson County, Texas.

16. The amount in controversy exceeds $600,000; exclusive of statutory entitlement to attorney's fees and costs.

**THE PARTIES**

17. The Plaintiff, Jerry Laza, at all relevant times owned the lots identified on Exhibit A attached hereto and incorporated in haec verba. The lots are now located in the City of Palestine Anderson County Texas.

18. The Defendant, City of Palestine, (The City) is a Home Rule City empowered by and deriving its authority from the Texas Constitution and Texas Statutes and the duly enacted City ordinances.

**Causes of Action**

**CONSTITUTIONAL VIOLATIONS**

19. This cause of action is brought as a result of the City's purposeful and ostensibly authorized violations of Laza's rights under Article 1, Section 10 and the Fifth Amendment and the Fourteenth Amendment of the United States Constitution, and the Texas Constitution, Art. I, §17. The Defendant continues its violation of Texas Constitution Art. I, §19.

20. In 2012, the City adopted ordinances, which changed the future land use designation of Laza's property after Laza had been using the property for over 10 years in a commercial and agricultural manner. The City's legislative action unreasonably impaired, altered and extinguished existing terms and its obligations under a agreement with Laza in violation of the contracts clause of the Constitution of the United States.

21. This Single-Family Residential land use designation was adopted and continued based upon improper pretextual motives and for arbitrary and capricious reasons without any rational basis, in violation of due process. Defendants agreed 20 years ago to change Laza'a zoning to commercial. Defendant has refused to accept Laza's prior use and change the zoning of certain parcels to commercial and have prosecuted Laza because of his 20 year use of the subject parcels as defendants agreed. Even after the criminal prosecution and the acquittal by a jury, 10 years ago, in 2016, the Defendant after permitting Laza's use of the parcels as commercial and agricultural properties, filed a civil lawsuit to force Laza to change his 20 year old use of the property as a commercial use. The Defendant City through its policy and the ultra vires conduct unlawfully frustrated and significantly impaired Laza's vested right in having his duly filed zoning

change applications and other requests heard under the then-existing comprehensive plan, which permitted a land use consistent with the Defendant's prior agreement. The Defendant's combined legislative and quasi-judicial actions were ultra vires and caused an unlawful restriction in the use of Laza's property and a loss in its value. The Defendant's intentional conduct also caused Laza to be treated differently than other similarly situated persons in violation of the equal protection clause. These violations were done under the color and authority of state law and constitute state action. The aforementioned conduct gives rise to the state claims for breach of contract, declaratory relief, and inverse condemnation and in the alternative, an unlawful taking under the Constitution of the United States and the Constitution of the State of Texas. The Defendant fails and refuses to comply with Sec. 19. "No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land." Tex. Const. art. I, § 19.

22. All conditions precedent have occurred.

23. Defendant seeks monetary relief over $200,000 but not more than $1,000,000.

**Violation of Texas Open Meetings Act**

24. Paragraphs 1-40 are incorporated herein, in haec verba.

25. Defendant, Mike Anderson, may be served at the City of Palestine, 504 N. Queen Street, Palestine, TX 75801 Anderson County, Texas.

26. Defendant, John or Jane Does 1-9, City Council Persons, are the Council Persons of the City of Palestine, Anderson County, Texas. Defendants, John or Jane Does 1-9, may be served at the City of Palestine, 504 N. Queen Street,

Palestine, TX 75801 Anderson County, Texas.

27. This suit is brought against each City Council Person individually and as members of the City Council of the City of Palestine Anderson County Texas.

28. The City Administrator was Mike Alexander under sworn testimony, stated that he held meeting with members of the City Council of the City of Palestine, and discussed the above captioned and numbered lawsuit as it related to the authority of the City Council to pass an ordinance or resolution authorizing the subject litigation.

29. Anderson further stated under oath that he did not have approval and did not sign any document authorized by the City Council to file any law suit against the Plaintiff.

30. On any date published in Anderson County there is no meeting notice related to a City Council meeting held and posted an agenda of that meeting pursuant to Section 551.041 of the Texas Government Code authorizing any lawsuit against the Plaintiff. The posted agenda included did not include any notice or agenda related to the above described authority or ordinance authorizing any lawsuit against the Plaintiff.

31. The Texas Open Meetings Act requires written notice of the subject of each meeting under Section 551.041 of the Texas Government Code.

32. In violation of Section 551.041 of the Texas Government Code, the John Does 1-9, also heard and discussed the lawsuit at the an unnoticed meeting, even though this subject was not listed on any posted agenda. Nothing on the posted agenda indicated the substance of the presentation which covered discussions

concerning the authority and the ordinance to prosecute a lawsuit and litigation against Plaintiff.

33. Plaintiff has standing to sue the city for violation of the Open Meetings Act as an "interested person," in that he was a defendant in the unauthorized litigation giving rise to this present lawsuit.

34. Plaintiff has a probable right of recovery in this action, in that the Defendants are persons that have unlawfully prosecuted claims against the Plaintiff and violated the Texas Open Meetings Act.

35. Plaintiff has a probable right of recovery in this action, in that the City Attorney and in concert with the City Administrator have violated Texas Law and caused damages to the Plaintiff.

36. Plaintiff has no adequate remedy at law other than injunctive relief to protect plaintiff from the harm caused, in that the City of Palestine, intends to violate the laws of Texas and the United States, breach its agreements with the Plaintiff, by failing to honor its agreements, and to refuse to allow the operation of the Plaintiff's business as was agreed 20 years ago. Monetary damages will not compensate plaintiff for the harm done by Defendant's actions.

37. The court should issue a temporary injunction to preserve the status quo prior to the conduct by defendant in violation of the Open Meetings Act and to prevent the violation of Texas Law;

38. On final trial, the temporary injunction should be made permanent;

39. Plaintiff should be awarded attorney fees and costs under Section 551.142(b) of the Texas Government Code and under Section 37.009 of the Texas Civil

Practice and Remedies Code, together with pre-and postjudgment interest on those amounts at the legal rate and Plaintiff be awarded any other relief to which plaintiff is entitled.

**Prayer**

40. For these reasons, Defendant requests that the court enter judgment for the Plaintiff that his land use is as commercial land and has been for 20 years, and that the Defendant has breached its agreements with Plaintiff and has unlawfully taken Laza's land by applying zoning ordinances to land in the City of Palestine, that reduces the value of the subject land, and applies these laws against the Plaintiff and not to others and treats Laza in an unlawful and disparate manner, in violation of the Texas and United States Constitutions. Award Plaintiff attorney's fee in the amount of $100,000. And if an appeal is filed to the Court of Appeals, attorney's fees in the amount of $150,000, and if an appeal to the the Supreme Court attorney's fees in the amount $200,000.

Respectfully submitted, MOSSER LAW PLLC
By: /s/ James C. Mosser
James C. Mosser
Texas Bar No. 00789784
Nicholas D. Mosser
Texas Bar No. 24075405
Email:CourtDocuments@MosserLaw.com
2805 Dallas Parkway
Suite 222
Plano, Texas 75093
Tel. (972) 733-3223
Fax. (972) 473-0600
Lawyer for Defendant Jerry Laza

**CERTIFICATE OF SERVICE**
I certify that on December 15, 2017, a true and correct copy of this document was served on RITCHESON, LAUFFER & VINCENT A Professional Corporation 821 ESE Loop 323, Ste. 530 Tyler, Texas 75701 Telephone 903- 535-2900 Lance Vincent

State Bar No. 20585580 ATTORNEYS FOR DEFENDANT CITY OF PALESTINE, electronically through the ECF filing manager.

/s/ James C. Mosser
James C. Mosser