IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **JERRY LAZA** § | |
| § | |
| Plaintiff, § | |
| § | CIVIL ACTION |
| v. § | NO. 6:17-cv-00533 |
| § | JURY TRIAL REQUESTED |
| **CITY OF PALESTINE and JOHN DOES 1-9** § | |
| § | |
| Defendants § | |

**DEFENDANT CITY OF PALESTINE'S FIRST AMENDED ANSWER TO LAZA'S AMENDED COMPLAINT**

**COMES NOW** the City of Palestine (hereinafter "Defendant"), Defendant in the above-styled and numbered cause, by and through its attorney of record, to file this First Amended Answer to Plaintiff Laza's Amended Complaint, and for its Answer would respectfully show the Court as follows:

**I.
PROCEDURAL HISTORY**

On August 18, 2017, in a State Court action in the 349th Judicial District Court of Anderson County, Texas, Plaintiff Jerry Laza filed his First Amended Counterclaim and Petition for Relief and Inverse Condemnation and Violation of Texas Open Meetings Act, Seeking Damages and Demand for Jury Trial. *See* Dkt. 1. In that filing, Laza asserted **new** causes of action against the City of Palestine for violations of the Texas Open Meetings Act, 42 U.S.C. § 1983, the Texas Constitution (Article I, § 17 and Article I, § 19), Texas's common law of contracts, the Contracts Clause of the United States Constitution, the Fifth Amendment of the United States Constitution, and the Fourteenth Amendment to the United States Constitution. *See* Dkt. 1.

On August 21, 2017, Plaintiff filed his Second Amended Counterclaim, which includes the same allegations included in his First Amended Counterclaim. *See* Dkt. 1.

In response, the City of Palestine filed a Motion to Sever the Counterclaims first alleged in Plaintiff Laza's First Amended Counterclaim and re-stated in Plaintiff Laza's Second Amended Counterclaim. *See* Dkt. 1. The court granted Palestine's Motion to Sever on September 15, 2017 and ordered that Plaintiff Laza's new counterclaims be severed from the original suit and be given the new Cause Number DCCV16-356-349A. *See* Dkt. 1.

This new Cause Number DCCV16-356-349A was subsequently removed to the United States Federal District Court for the Eastern District of Texas – Tyler Division by Defendant City of Palestine. (*See* Document 1). The removed claims are currently pending before this Court in the present case.

## II.
## DEFENDANT'S ANSWER

1. Defendant's responses to paragraphs 1 – 40 of Plaintiff's Complaint (Document 3), as stated in Defendant City of Palestine's Original Answer (Document 4), are incorporated by reference as if the same were set forth at length herein.

2. Defendant denies the allegations stated in Plaintiff's Amended Complaint paragraph 2.

3. Defendant denies the allegations stated in Plaintiff's Amended Complaint, paragraph 3.

**"ORIGINAL COMPLAINT"**

4. Defendant's responses to paragraphs 1 – 40 of Plaintiff's Complaint (Document 3), as stated in Defendant City of Palestine's Original Answer (Document 4), are incorporated by reference as if the same were set forth at length herein.

5. Defendant admits that Plaintiff alleges a number of causes of action as stated in Plaintiff's Amended Complaint paragraph 5, but denies liability for any of the alleged claims or causes of action. Defendant further denies that Plaintiff's causes of action are properly pled, and reserves the right to challenge the subject-matter jurisdiction of specific causes of action.

6. Defendant admits the allegation stated in Plaintiff's Amended Complaint paragraph 6 that Plaintiff Laza is an individual residing in Anderson County, Texas.

7. Defendant admits the allegations contained in Plaintiff's Amended Complaint paragraph 7 that Defendant City of Palestine is a home rule municipality located in Anderson County, Texas, and that Defendant has removed this case to Federal Court and appeared herein.

8. Defendant admits the allegations contained in Plaintiff's Amended Complaint paragraph 8.

9. Defendant is without sufficient knowledge or information to admit or deny the allegations stated in Plaintiff's Amended Complaint paragraph 9.

10. Defendant denies all allegations contained in Plaintiff's Amended Complaint paragraph 10 to the extent that any allegations exist in paragraph 10.

11. Defendant denies the allegations contained in Plaintiff's Amended Complaint paragraph 11.

12. Defendant admits that Plaintiff attempts to state a jurisdictional basis for his allegations in Plaintiff's Amended Complaint paragraph 12, but denies all allegations stated in paragraph 12.

13. Defendant denies the allegations contained in Plaintiff's Amended Complaint paragraph 13.

14. Defendant denies the allegations contained in Plaintiff's Amended Complaint paragraph 14.

15. Defendant denies the allegations contained in Plaintiff's Amended Complaint paragraph 15.

16. Defendant is without sufficient knowledge or information to admit or deny the allegations stated in Plaintiff's Amended Complaint paragraph 16.

**"THE PARTIES"**

17. Defendant admits that the lots described on "Exhibit A" attached to Plaintiff's Amended Complaint are located in Anderson County, Texas. Defendant is without sufficient knowledge or information to admit or deny the current ownership of the lots as alleged in Plaintiff's Amended Complaint paragraph 17.

18. Defendant admits the allegations contained in Plaintiff's Amended Complaint paragraph 18.

**"CAUSES OF ACTION"**

19. Defendant denies the allegations contained in Plaintiff's Amended Complaint paragraph 19.

20. Defendant denies the allegations contained in Plaintiff's Amended Complaint paragraph 20.

21. Defendant denies the allegations contained in Plaintiff's Amended Complaint paragraph 21.

22. Defendant denies the allegations contained in Plaintiff's Amended Complaint paragraph 22.

23. Defendant is without sufficient knowledge or information to admit or deny the allegations stated in Plaintiff's Amended Complaint paragraph 23.

**ALLEGED "VIOLATION OF TEXAS OPEN MEETINGS ACT"**

24. Defendant's responses to paragraphs 1 – 40 of Plaintiff's Complaint (Document 3), as stated in Defendant City of Palestine's Original Answer (Document 4), are incorporated by reference as if the same were set forth at length herein.

25. Defendant denies the statement contained in Plaintiff's Amended Complaint paragraph 25 to the extent that it implies that Defendant Mike Anderson is the acting City Manager of Defendant, or that he currently serves in any other official capacity with Defendant.

26. Defendant denies the allegations contained in Plaintiff's Amended Complaint paragraph 26.

27. Defendant denies the allegations contained in Plaintiff's Amended Complaint paragraph 27.

28. Defendant denies the allegations contained in Plaintiff's Amended Complaint paragraph 28.

29. Defendant denies the allegations contained in Plaintiff's Amended Complaint paragraph 29.

30. Defendant denies the allegations contained in Plaintiff's Amended Complaint paragraph 30.

31. Defendant admits the allegations contained in Plaintiff's Amended Complaint paragraph 31 to the extent that it contends that the requirements of the Texas Open Meetings Act are stated in §551.041, *et seq.* of the Texas Government Code. Defendant denies any violation of this statute.

32. Defendant denies the allegations contained in Plaintiff's Amended Complaint paragraph 32.

33. Defendant denies the allegations contained in Plaintiff's Amended Complaint paragraph 33.

34. Defendant denies the allegations contained in Plaintiff's Amended Complaint paragraph 34.

35. Defendant denies the allegations contained in Plaintiff's Amended Complaint paragraph 35.

36. Defendant denies the allegations contained in Plaintiff's Amended Complaint paragraph 36.

37. Defendant denies the allegations contained in Plaintiff's Amended Complaint paragraph 37.

38. Defendant denies the allegations contained in Plaintiff's Amended Complaint paragraph 38.

39. Defendant denies the allegations contained in Plaintiff's Amended Complaint paragraph 39.

**"PRAYER"**

40. Defendant denies all allegations contained in Plaintiff's Amended Complaint paragraph 40, and further denies that Plaintiff Laza is entitled to any of the recovery alleged or requested by Plaintiff and/or Plaintiff's counsel.

## III.
## GENERAL DENIAL

41. To the extent that any allegations of Plaintiff's Counterclaims are not specifically admitted herein, Defendant hereby denies them.

## IV.
## **AFFIRMATIVE DEFENSES**

Defendant incorporates the responses to Plaintiff's allegations as stated in the preceding paragraphs as if the same were set forth at length herein.  By raising the following defenses, Defendant does not assume the burden of proof on any issue that, as a matter of law, is Plaintiff's burden to prove.  Defendant reserves the right to amend its Answer and to add additional defenses as they become known through the course of disclosure, discovery, or otherwise.

42. Plaintiff's claims should be dismissed in whole or in part under Rule 12 (b) (6) of the Federal Rules of Civil Procedure for failing to state a claim upon which relief can be granted.

43. Plaintiff's claims are barred by the sovereign immunity of the Defendant City of Palestine.  Under the Doctrine of Sovereign Immunity, Defendant is immune from both liability and suit.

44. Defendant City of Palestine is entitled to the defense of governmental immunity from Plaintiff's State law tort claims to the extent any are alleged.

45. Plaintiff's damages, if any, were caused by his own conduct or were caused by third parties.

46. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

47. Defendant affirmatively pleads that at all times relevant hereto, it engaged in good faith efforts to comply with the law, and that it had reasonable, legitimate, non-discriminatory and non-retaliatory reasons for its actions and decisions against Plaintiff.

48. Plaintiff's claims for damages are barred or reduced to the extent that he failed to properly mitigate his damages, if any.

49. Plaintiff's claims are barred to the extent that he did not exhaust his required administrative remedies as required by law.

50. Plaintiff's claims may be barred by the doctrine of after-acquired evidence.

51. Defendant City of Palestine further asserts all other defenses and immunities contained in Texas Civil Practice & Remedies Code §101.001, *et seq*., to the extent that any such defenses and immunities are applicable. Defendant City of Palestine asserts that pursuant to Texas Civil Practice & Remedies Code §101.057, any of Plaintiff's claims which are established as constituting an intentional tort are barred.

52. Defendant specifically asserts that pursuant to Texas Civil Practice & Remedies Code §101.106, the filing of suit against the Defendant City of Palestine constitutes an irrevocable election by the Plaintiff and immediately and forever bars any suit or recovery by the Plaintiff against any individual employee of the governmental unit regarding the same subject matter. Accordingly, Defendant moves the Court to dismiss all claims against individual employees subject to this statutory provision.

53. Defendant asserts all provisions of Texas Civil Practice & Remedies Code §101.023 with regard to limitations of liability.

54. Defendant asserts the provisions of Texas Civil Practice & Remedies Code §101.024 with regard to the prohibition of exemplary damages.

55. Defendant asserts that it is entitled to the recovery of all costs and attorney's fees incurred in the defense of this matter pursuant to 42 U.S.C. §1988.

## V.
## JURY DEMAND

56. Defendant demands a trial by jury on all issues so triable.

Defendant reserves the right to plead further in accordance with the provisions of the Federal Rules of Civil Procedure, the Local Rules for the Eastern District of Texas, and the Court's Docket control Order.

**WHEREFORE, PREMISES CONSIDERED**, Defendant City of Palestine respectfully prays that Plaintiff take nothing by way of his Amended Complaint; that Defendant recovers its costs of Court and attorney's fees and be discharged without penalty; and for such other and further relief to which Defendant may show itself to be justly entitled.

Respectfully submitted,

**RITCHESON, LAUFFER & VINCENT**
A Professional Corporation

TWO AMERICAN CENTER
821 ESE Loop 323, Ste. 530
Tyler, Texas 75701
(903) 535-2900

By:   /s/ Lance Vincent
_____
Lance Vincent
State Bar No. 20585580
**ATTORNEYS FOR DEFENDANT
CITY OF PALESTINE**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF electronic mail system per Local Rule CV-5(a)(3) on July 19, 2018.

/s/ Lance Vincent
_____
Lance Vincent