# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | | |
|---|---|---|
| **JERRY LAZA,** | § § § | **CIVIL ACTION NO. 6:17-CV-00533-JDK** |
| **Plaintiff,** | § § | |
| **v.** | § § | |
| **CITY OF PALESTINE, MIKE ALEXANDER, RONALD STUTES, DOUG SMITH, WILL BRULE, STEVE PRESLEY, MITCHELL JORDAN, VICKEY CHIVERS, LARISSA LOVELESS, JOE BAXTER, DANA GOOLSBY, ANN CONNER,** | § § § § § § § | |
| **Defendants.** | | |

## MEMORANDUM OPINION AND ORDER[1]

Before the court is Defendant Ronald Stutes's motion to dismiss Plaintiff's claims against him pursuant to Federal Rule of Civil Procedure 12(b)(6) filed on May 18, 2021. (Doc. No. 59.) Plaintiff filed a response in opposition to the motion to dismiss on June 8, 2021. (Doc. No. 63.)[2] Defendant filed a reply to Plaintiff's response on June 17, 2021. (Doc. No. 73.) For the reasons stated herein, Defendant's motion (Doc. No. 59.) is **GRANTED-IN-PART** and **DENIED-IN-PART** as set forth herein.

## BACKGROUND

---

[1] Pursuant to the order reassigning this case to the undersigned by consent of the parties (Doc. No. 80), this Memorandum Opinion and Order is issued to replace the undersigned's prior Report and Recommendation (Doc. No. 77).

[2] Plaintiff's response was untimely as it was filed more than fourteen days after the motion was served. *See* Local Rule CV–7(e) ("A party opposing a motion has fourteen days . . . from the date the motion was served in which to file a response and any supporting documents, after which the court will consider the submitted motion for decision.") However, given that there was no opposition from Defendant to Plaintiff's untimely response, the court will consider it in the disposition of the present motion.

Plaintiff alleges that, since 1995, officials for the City of Palestine have harassed him with illegitimate disruptions and zoning violations in attempts to remove Plaintiff's lawn mower repair shop from a historic district within the city. (Doc. No. 46, at 3–33.) Since 1988, Plaintiff has owned and operated the lawn mower repair shop within the City of Palestine. *Id.* In 1992, the City of Palestine created a historic preservation program which placed Plaintiff's property in the Downtown Historic District. (Doc. No. 46, at 4.) Plaintiff asserts that despite grandfather clauses protecting his property from new zoning regulations, the City of Palestine enforced ordinances against him while declining to enforce the same ordinances against owners of similar properties. (Doc. No. 46, at 4, 8, 11–12.) Plaintiff contends that the enforcements violated a Specific Use Permit ("the Permit") granted to him by the City of Palestine, keeping him from using his property for outside storage as granted by the Permit. (Doc. No. 46, at 6, 11.) In 2016, the City of Palestine, through city attorney Defendant Ronald Stutes, brought a suit against Plaintiff for ordinance violations which Plaintiff alleges did not have the required approval of the Palestine City Council, violating Plaintiff's right to due process. (Doc. No. 46, at 8.) Plaintiff further alleges that Defendant Mike Alexander discussed the 2016 lawsuit in a meeting with the Palestine City Council that did not comply with the Texas Open Meetings Act ("TOMA") requirement that government meetings be open to the public. (Doc. No. 46, at 14.) Additionally, Plaintiff claims the City of Palestine, under direction from Defendant Mike Alexander, conducted a warrantless search of Plaintiff's property in October of 2016. (Doc. No. 46, at 8–9.)

The court received this case after removal of Plaintiff's complaint, a counterclaim on the suit brought against Plaintiff by the City of Palestine, from the 349th Judicial District Court of Texas on September 18, 2017. (Doc. Nos. 1, 3.) Thereafter, on August 2, 2018, Plaintiff filed for Chapter 7 bankruptcy and this action was administratively closed. (Doc. Nos. 30, 32.) Ms.

Michelle Chow, trustee of Plaintiff's estate, became the plaintiff in this case on February 7, 2019. (Doc. No. 32.) Plaintiff and Ms. Chow reached a settlement approved by the United States Bankruptcy Court for the Eastern District of Texas whereby Ms. Chow abandoned interest in the case and Plaintiff's interest returned on October 1, 2020. (Doc. No. 38.) On February 15, 2021, following an order for a status update on the case, Plaintiff informed the court that he had retained counsel and would proceed with claims under 42 U.S.C. § 1983 and the Texas Open Meetings Act. (Doc. No. 43.) On the same day, the court ordered that Plaintiff file and serve his amended complaint within fourteen days. (Doc. No. 44.) On March 9, 2021, Plaintiff filed his amended complaint with six causes of action against previously named Defendants. (Doc. No. 46.) Plaintiff's claims included: (1) "Violation of Takings Clause," (2) "Violation of Equal Protection Clause," (3) "Violation of Due Process," (4) "Unlawful Search," (5) "Violation of Texas Open Meetings Act," and (6) "Injunctive Relief." (Doc. No. 46, at 9–16.)

## LEGAL STANDARD

Motions to dismiss under Rule 12(b)(6) for failure to state a claim "are viewed with disfavor and are rarely granted." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005); *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). The court utilizes a "two-pronged approach" in considering a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). First, the court identifies and excludes legal conclusions that "are not entitled to the assumption of truth." *Id.* Second, the court considers the remaining "well-pleaded factual allegations." *Id.* The court must accept as true all facts alleged in a plaintiff's complaint, and the court views the facts in the light most favorable to a plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). A plaintiff's complaint survives a defendant's Rule 12(b)(6) motion to dismiss only if it includes facts sufficient "to raise a right to relief above the speculative

level." *Id.* (quotations and citations omitted). In other words, the court must consider whether a plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "'[D]etailed factual allegations'" are not required. *Iqbal,* 556 U.S. 662 at 678 (quoting *Twombly*, 550 U.S. at 555). Nevertheless, a complaint must allege "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

## DISCUSSION

In his motion, Defendant Ronald Stutes ("Defendant Stutes") argues that the prescriptive period in which Plaintiff could initiate action against him for the six claims at hand has lapsed, warranting dismissal of the charges against Defendant Stutes as a matter of law. (Doc. No. 59, at 5, 9–10.) Specifically, Defendant Stutes maintains that each 42 U.S.C. § 1983 claim carries a two-year statute of limitations under Tex. Civ. Prac. & Rem. Code § 16.003(a). (Doc. No. 59, at 5.) Defendant Stutes also argues that the claims under the Texas Open Meetings Act carry a four-year statute of limitations. (Doc. No. 59, at 9.) Defendant Stutes reasons that he was not named a party to the lawsuit until March 9, 2021, meaning more than the time allowed by the statute of limitations passed for the claims which stem from 2016 and earlier. (Doc. No. 59, at 4, 6–9.) Defendant Stutes additionally argues that all claims against him are barred by judicial estoppel because Plaintiff takes a position inconsistent with one taken in a previous bankruptcy petition. (Doc. No. 59, at 11–17.) Defendant Stutes further asserts that the Takings Clause, Equal Protection Clause, and

unlawful search claims do not pertain to Defendant Stutes in his individual capacity and cannot be brought against him. (Doc. No. 59, at 6–9.) Lastly, Defendant Stutes argues that the claims under the Texas Open Meetings Act are barred by mootness, with the Plaintiff unable to win a decision that would affect the parties' rights or interests. (Doc. No. 59, at 17–19.) Plaintiff responds that counterclaims from August 21, 2017, filed in state court then severed and removed to this court, prohibit the statute of limitations from barring any of the claims. (Doc. No. 63, at 3–4.) Plaintiff additionally contends that Defendant Stutes, in his role as an agent for the City of Palestine, can be held liable for the Takings Clause, Equal Protection Clause, and unlawful search claims. (Doc. No. 63, at 4–5.) Plaintiff further asserts that the doctrine of judicial estoppel does not apply and that the damages caused by violations of the Texas Open Meetings Act are ongoing and not moot. (Doc. No. 63, at 7–16.)

## I. Takings, Equal Protection, and Unlawful Search Claims

As discussed above, Defendant Stutes argues that Plaintiff's claims for violation of the Takings Clause, violation of the Equal Protection Clause, and for an unlawful search, cannot be brought against Defendant Stutes in his individual capacity. (Doc. No. 59, at 6–9.) In his response, Plaintiff confirms that he is not asserting these claims against Defendant Stutes in his individual capacity. (Doc. No. 63, at 4–5.) Rather, Plaintiff contends that these allegations against Defendant Stutes are being brought against him in his official capacity for actions taken while he was acting as an agent of the City of Palestine. (Doc. No. 63, at 4–5.) Defendant Stutes has not moved to dismiss any allegations against him in his official capacity nor has the City of Palestine moved to

dismiss the claims against it. Therefore, the court finds no basis to consider the official capacity claims in the present motion.[3]

Accordingly, the court **GRANTS** Defendant Stutes's motion (Doc. No. 59) as to the claims against Defendant Stutes in his individual capacity for violations of the Takings Clause, the Equal Protection Clause, and the Fourth Amendment, and those claims are **DISMISSED** without prejudice as agreed. The court makes no ruling as to any official capacity claims as that issue is not ripe before the court.

## II.     Statute of Limitations

As to the remaining claims for due process and violations of TOMA, Defendant Stutes argues generally that the claims are barred by the applicable statute of limitations. (Doc. No. 59.) Plaintiff contends that the claims were timely brought. (Doc. No. 63.)

### a.  Due Process Claim

Specifically, regarding the due process claim asserted against him, Defendant Stutes argues that the two-year statute of limitations expired before Plaintiff named Defendant Stutes as a party, necessitating dismissal of the claim as a matter of law. (Doc. No. 59, at 8.) Defendant contends that the lawsuit brought against him in state court by the City of Palestine was filed on June 9, 2016 and any due process claim against him in this action was not asserted until March 9, 2021—more than two years later. Plaintiff responds that he timely filed his due process claim against Defendant Stutes within the two-year statute of limitations. (Doc. No. 63, at 3.) Plaintiff specifically argues that his second amended counterclaim filed on August 21, 2017, severed from

---

[3] As to these claims, the court does not address the statute of limitations arguments raised by Defendant Stutes because the court recommends dismissal of the claims brought against him in his individual capacity. Moreover, official capacity claims that have been brought against the governmental entity have not been challenged as time-barred in this action.

Texas state court and removed to this court, raised the violation of due process against Defendant Stutes within the two-year statute of limitations period. *Id.*

There is no federal statute of limitations for 42 U.S.C. § 1983 actions; the relevant statute of the forum state furnishes the limitations period—but federal law determines the date the accrual commences. *See Owens v. Okure*, 488 U.S. 235 (1989). The statute of limitations in Texas for § 1983 actions is two years, as claims under § 1983 are governed by Texas's two-year, personal-injury limitations statute. *See* Tex. Civ. Prac. & Rem. Code § 16.003(a); *Helton v. Clements*, 832 F.2d 332, 334 (5th Cir. 1987) ("Civil rights actions brought under 42 U.S.C. §§ 1981, 1983, 1985, and 1988 are deemed analogous to Texas tort actions, and therefore, the applicable limitations period is … two years."); *see also Wade v. City of Dallas*, 2018 WL 3966358 *1–2 (N.D. Tex. July 16, 2018) (citing and quoting *Helton*, 832 F.3d at 334). The Fifth Circuit has stated that "the limitations period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *See Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (internal citation and quotations omitted); *Shelby v. City of El Paso, Tex.*, 577 F. App'x 327, 331–32 (5th Cir. 2014) (per curiam) ("The standard in § 1983 actions provides 'that the time for accrual is when the plaintiff knows or has reason to know of the injury which is the basis of the action.'") (quoting *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989)).

In this case, the issue presented by the parties is whether Plaintiff's second amended complaint filed in this court on March 9, 2021 can relate back to his timely filed petition in state court that was removed this court on September 18, 2017. (Doc. No. 3.) Rule 15(c)(1) of the Federal Rules of Civil Procedure allows a party to amend a pleading to add a claim beyond the expiration of the statute of limitations so long as the amendment relates back to the date of the

original pleading. Fed.R.Civ.P. 15(c)(1). An amendment to a pleading relates back when (1) "the law that provides the applicable statute of limitations allows relation back," or (2) "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1). In other words, a statute of limitations bar can be avoided if the amended claim "arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed.R.Civ.P. 15(c)(1)(B); *Mayle v. Felix*, 545 U.S. 644, 659 (2005). The amendment may invoke a legal theory and rely on facts not asserted in the original complaint. *Mayle*, 545 U.S. at 659. "[R]elation-back doctrine is controlled by . . . the underlying facts upon which the cause of action is based." *Watkins v. Lujan*, 922 F.2d 261, 265 (5th Cir. 1991). Where an amended claim relies on the same operative facts as that which the cause of action was based, the amended complaint relates back, defeating a statute of limitations bar. *Id.*

Here, Plaintiff's second amended complaint relates back to the conduct set out in the original pleading that was asserted within the statutory period and removed to this court on September 18, 2017. In his second amended complaint, Plaintiff alleges that "Ron Stutes . . . instigated this lawsuit without approval of the Palestine City Council, the City's governing body, as required by state law" in violation of the Due Process Clause. (Doc. No. 46, at 12.) This allegation relies on the same facts as Plaintiff's claim in the original complaint that "Counter-Defendant . . . filed a civil lawsuit to force Laza to change his 20 year old use of the property as a commercial use to single family residential land, based upon improper pretextual motives . . . in violation of due process." (Doc. No. 3, at 9.) The original complaint further alleged that "the ultra vires conduct of the City Attorney . . . unlawfully frustrated and significantly impaired Laza's vested right in having his duly filed zoning change applications and other requests heard." *Id.*

Indeed, there is no dispute that Defendant Stutes was named as a counter-defendant in the original complaint and that the allegations for violations of due process were made against him based upon the same set of facts currently alleged. (Doc. No. 3.) Defendant did not then and does not now challenge the sufficiency of the due process allegations as they relate to whether Plaintiff has alleged a plausible claim for relief. The court will not sua sponte undertake that analysis in consideration of this motion. Effectively, Defendant Stutes was on notice of the due process claim asserted against him as early as that claim was asserted in state court in 2017.

In his reply brief, Defendant Stutes argues that he was dismissed as a defendant in this case when he was not named in the first amended complaint filed on December 15, 2017 because "the amendment [eliminating claims against Defendant Stutes] is the same as a motion to dismiss under Rule 41(a)(2)." (Doc. No. 73, at 3.) Defendant Stutes suggests that this omission from the first amended complaint would bar the claims against him. *Id.*

As an initial matter, even if the court accepted Defendant Stutes's contention that Plaintiff intended to voluntarily dismiss him from this action by way of the first amended complaint, Rule 41(a)(2) stipulates "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed.R.Civ.P. 41(a)(2). Here, the court never entered an order dismissing Defendant Stutes. Thus, he was never actually dismissed from this action. Moreover, such a dismissal would be without prejudice unless an order of the court said otherwise. *Id.* Thus, when the court ordered the filing of the second amended complaint after this case was reopened pursuant to the settlement of the bankruptcy proceedings, there was no procedural bar to Defendant Stutes being named as a party therein. (Doc. No. 44.)

Moreover, although the first amended complaint does not list Defendant Stutes as a party, Plaintiff's allegations against Stutes, of which he was on notice of as early as 2017, remained

factually alleged. Specifically, in the first amended complaint, Plaintiff alleges that "[t]he City of Palestine, and its agent Ronald Stutes are acting ultra vires because they do not have an ordinance or resolution authorizing their respective actions as required by the laws," and "the City Attorney and in concert with the City Administrator have violated Texas Law and caused damages to the Plaintiff." (Doc. No. 16, at 1–2, 7.) Thus, as discussed above, Defendant Stutes was put on notice of the claims against him within the statutory period and the factual basis for those claims was present in the first amended complaint. Additionally, the court finds no prejudice to Defendant Stutes by Plaintiff's omission. Shortly after the filing of the first amended complaint, the court stayed this action during Plaintiff's bankruptcy proceeding. (Doc. No. 32.) Therefore, discovery was not proceeding in this case and Defendant Stutes was not delayed in the collection of evidence. As present, this action is still in its early stages. The court held an initial scheduling conference on June 17, 2021, but no scheduling order has yet been entered in this case. (Doc. No. 71.)

As discussed above, because Defendant Stutes was on notice of the factual basis for the claims asserted against him within the statutory period, and the court finds no unfair prejudice to Defendant Stutes by the filing of the second amended complaint,  Plaintiff's first amended complaint did not operate to bar Plaintiff from asserting claims against Defendant Stutes in the second amended complaint. Because the second amended complaint relates back to the original pleading and relies on the same operative facts to assert a claim, Plaintiff's due process claim against Defendant Stutes is not barred by the statute of limitations. Therefore, Defendant Stutes's motion (Doc. No. 59) is **DENIED** as to Plaintiff's due process claim being barred by the statute of limitations.

### b.  Texas Open Meetings Act Claims

Regarding the Texas Open Meetings Act claims asserted against him, Defendant Stutes argues that the four-year statute of limitations for Texas Open Meetings Act claims bars Plaintiff's claims against him. (Doc. No. 59, at 9–10.) Specifically, Defendant Stutes argues that Plaintiff named Defendant Stutes as a party on March 9, 2021, more than four years after the filing of the state court suit on June 9, 2016, warranting dismissal as a matter of law. *Id.* Plaintiff responds that he raised the Texas Open meetings Act claims on August 21, 2017 in his second amended Texas state court counterclaim that was later severed and removed to this court, within the four-year limitation period. (Doc. No. 63, at 4.)

The Texas Open Meetings Act does not stipulate a statute of limitations for claims arising from violations of the Act. *Rivera v. City of Laredo*, 948 S.W.2d 787, 793 (Tex. App.—San Antonio 1997, writ denied). Texas Civil Practice & Remedies Code § 16.051 provides a four-year statute of limitations for actions without an express limitations period. Again, the issue presented by the parties is whether Plaintiff's TOMA claim sufficiently relates back to his original complaint such that it should not be barred by the applicable statute of limitations.

In his second amended complaint, Plaintiff alleges that Palestine City Administrator Mike Alexander held a meeting with the Palestine City Council without posting a notice or agenda as required by the Texas Open Meetings Act. (Doc. No. 46, at 14–15.) Plaintiff alleges "the Defendants heard and discussed the lawsuit at the unnoticed meeting, even though this subject was not listed on any posted agenda," violating the Texas Open Meetings Act. (Doc. No. 46, at 14–16.) Plaintiff correctly notes that the claims for violation of the Texas Open Meetings Act first appear in his amended counterclaim that became Plaintiff's original complaint after it was removed to this court on September 18, 2017. (Doc. No. 3, at 1.)  As discussed above, Plaintiff names Defendant Stutes in that complaint as a counter-defendant. *Id.* Plaintiff specifically alleges that the

"[t]he City Administrator Mike Alexander under sworn testimony, stated that he held meeting with member of the City Council of the City of Palestine, and discussed the above captioned and numbered lawsuit." (Doc. No. 3, at 10.) Plaintiff continues that "[i]n violation of Section 551.041 of the Texas Government Code, the City Attorney and the City Administrator and John Does 1-9, also heard and discussed the above captioned and numbered lawsuit at the unnoticed meeting." *Id.* Plaintiff's second amended complaint relies on the same conduct set out in the original complaint, emphasizing the importance of the alleged closed-door meeting by the Palestine City Council discussing the lawsuit against Plaintiff, first mentioned in the original complaint. (Doc. No. 3, at 10–11) (Doc. No. 46, at 14–15.)

Because the second amended complaint relates back to the original pleading and relies on the same operative facts to assert a claim, Plaintiff's TOMA claim against Defendant Stutes is not barred by the statute of limitations. Therefore, Defendant Stutes's motion (Doc. No. 59) is **DENIED** as to Plaintiff's TOMA claim being barred by the statute of limitations.

### III. Judicial Estoppel

Defendant Stutes also argues that all individual claims asserted against him should be dismissed under the doctrine of judicial estoppel. (Doc. No. 59, at 15–17.) Specifically, Defendant Stutes argues that because Plaintiff did not list any claims against Defendant Stutes individually in his bankruptcy schedules, he should be precluded from now asserting any claims against Defendant Stutes individually in this action. *Id.* at 16. Plaintiff contends that his federal claims were listed in the bankruptcy schedules filed with the court and therefore should not be precluded under the doctrine of judicial estoppel. (Doc. No. 63, at 6.)

Judicial estoppel is "a common law doctrine by which a party who has assumed one position in his pleadings may be estopped from assuming an inconsistent position." *Brandon v.*

*Interfirst Corp.*, 858 F.2d 266, 268 (5th Cir. 1988). In the bankruptcy context, the federal courts have developed a basic default rule: If a plaintiff-debtor omits a pending lawsuit from the bankruptcy schedules and obtains a discharge (or plan confirmation), judicial estoppel bars the action. *See, e.g., In re Coastal Plains, Inc.,* 179 F.3d 197, 213 (5th Cir. 1999)*; Payless Wholesale Distribs., Inc. v. Alberto Culver (P.R.) Inc.*, 989 F.2d 570, 571 (1st Cir. 1993) ("Conceal your claims; get rid of your creditors on the cheap, and start over with a bundle of rights. This is a palpable fraud that the court will not tolerate, even passively."); *Hay v. First Interstate Bank of Kalispell, N.A.*, 978 F.2d 555, 557 (9th Cir. 1992) (holding that "[f]ailure to give the required notice [to the bankruptcy court] estops [the plaintiff-debtor] and justifies the grant of summary judgment to the defendants.")

Here, Plaintiff's bankruptcy schedule undisputedly identifies this lawsuit. Part 4, Section 33 of Plaintiff's bankruptcy schedule lists under claims "Jerry Laza vs. City of Palestine." (Doc. No. 63, at 33.) Thus, this is not a question of an omission of the lawsuit from Plaintiff's schedule, but whether judicial estoppel should apply because Defendant Stutes was not specifically named in the disclosure therefore barring any claims brought against him *individually*. To apply the doctrine of judicial estoppel, the court considers whether: "(1) the party against whom it is sought has asserted a legal position that is plainly inconsistent with a prior position; (2) a court accepted the prior position; and (3) the party did not act inadvertently." *In re Flugence*, 738 F.3d 126, 129 (5th Cir. 2013). The court finds that Plaintiff's prior position was not plainly inconsistent. As discussed above, Plaintiff did include individual claims against Defendant Stutes in his original complaint removed to this court that Defendant Stutes was undisputedly aware of when the case was removed by Defendant Stutes to federal court on September 18, 2017. (Doc. No. 1.) When Plaintiff identified this case in his bankruptcy schedule on August 23, 2018 as "Jerry Laza vs. City

of Palestine", the individual claims against Defendant Stutes had already been asserted in this action. Thus, this is not a case where Plaintiff intended to lie in wait, seeking bankruptcy, to only later add new claims against Defendant Stutes. Rather, it appears that Plaintiff, for perhaps lack of expertise and/or inadvertence only designated this case as "Jerry Laza vs. City of Palestine," but was indeed referring to this federal action that had already included the individual claims against Defendant Stutes of which he was aware. For these reasons, the court declines to apply the doctrine of judicial estoppel to bar Plaintiff's individual claims against Defendant Stutes. *See In re Coastal Plains, Inc.*, 179 F.3d at 213 ("the purpose of judicial estoppel is to protect the integrity of courts, not to punish adversaries or to protect litigants"). Therefore, Defendant Stutes's motion (Doc. No. 59) is **DENIED** as to Plaintiff's claims being precluded by the doctrine of judicial estoppel.

## IV. Mootness

Defendant Stutes additionally argues that mootness bars Plaintiff's Texas Open Meetings Act claim, asserting that Plaintiff cannot win a decision that would impact the rights or interests of the parties. (Doc. No. 59, at 17–19.) Defendant Stutes specifically argues that Plaintiff could only receive an advisory opinion from the court if successful on the Texas Open Meetings Act claims. (Doc. No. 59, at 19.) Plaintiff responds that the damages caused by the violation of the Texas Open Meetings Act are ongoing and not moot. (Doc. No. 63, at 7–9.)

Article III of the Constitution provides federal courts jurisdiction over matters only if there exists a live case or controversy. U.S. CONST. art. 3, § 2; *Dierlam v. Trump*, 977 F.3d 471, 477 (5th Cir. 2020). "[A] court analyzing mootness in the early stages of litigation need only ask whether the plaintiff's requested relief is so implausible that it may be disregarded on the question of jurisdiction." *Dierlam v. Trump*, 977 F.3d 471, 477 (5th Cir. 2020) (internal quotation marks omitted). A case becomes moot when it is impossible for a court to grant any effectual relief to the

14

prevailing party. *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 161 (2016) (quoting *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012)) (internal quotation marks omitted).

As mentioned above, Plaintiff alleges that Defendants discussed the lawsuit against Plaintiff in a closed meeting with the Palestine City Council, violating the Texas Open Meetings Act. (Doc. No. 46, at 14–15.) Plaintiff further alleges that the unauthorized suit against him is ongoing here and in Texas state court. (Doc. No. 46, at 9, 14–15.) Plaintiff seeks to "void all actions taken without authority" under the Texas Open Meetings Act. (Doc. No. 63, at 7.) As alleged, the closed meeting violated the Texas Open Meetings Act's requirements for conducting a closed meeting with a governmental body and led to the pending lawsuit against Plaintiff, which Plaintiff attempts to void. Tex. Gov't Code Ann. § 551.101 (West). This controversy is ongoing and live, as the Texas state court lawsuit is still active on appeal, and Plaintiff has a concrete interest in the matter. Additionally, Plaintiff could win relief more than that of an advisory opinion from the court if successful on the Texas Open Meetings Act claims by voiding the state court judgment against him. Specifically, the Texas Open Meetings Act states "[a]n action taken by a governmental body in violation of this chapter is voidable." Tex. Gov't Code Ann. § 551.141 (West). Plaintiff's Texas Open Meetings Act claim therefore meets the live controversy and effectual relief requirements to defeat a mootness argument. Accordingly, Defendant Stutes's motion (Doc. No. 59) is **DENIED** as to Plaintiff's Texas Open Meetings Act claim being moot.

## CONCLUSION

For the reasons stated herein, Defendant Stutes's motion (Doc. No. 59) is **GRANTED** as to the claims against Defendant Stutes in his individual capacity for violations of the Takings Clause, the Equal Protection Clause, and the Fourth Amendment, and those claims are **DISMISSED** without prejudice as agreed. Defendant Stutes's motion (Doc. No. 59) is **DENIED**

as to the claims against Defendant Stutes for violations of due process and the Texas Open

Meetings Act.

So ORDERED and SIGNED this 8th day of July, 2021.

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE