IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **JERRY LAZA** | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION |
| v. | § | NO. 6:17-cv-00533-JDK |
| | § | JURY DEMANDED |
| CITY OF PALESTINE, MIKE ALEXANDER, | § | |
| RONALD STUTES, DOUG SMITH, WILL | § | |
| BRULE, STEVE PRESLEY, MITCHELL | § | |
| JORDAN, VICKEY CHIVERS, LARISSA | § | |
| LOVELESS, JOE BAXTER, DANA | § | |
| GOOLSBY, AND ANN CONNER | § | |
| | § | |
| Defendants | § | |

**DEFENDANT RONALD STUTES' ANSWER AND DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT**

**COMES NOW**, Defendant Ronald Stutes, and files this Answer and Defenses to Plaintiff's Second Amended Complaint, and would respectfully show the Court as follows:

**I.**

**ANSWER TO PLAINTIFF'S SUMMARY STATEMENT**

Plaintiff's Second Amended Complaint (page 1) contains an unnumbered statement which purports to summarize the background of Plaintiff's case. To the extent that this "summary" contains any statements, claims, or comments which may be construed as allegations, Defendant denies all such allegations.

**II.**

**OTHER DEFENSIVE PLEADINGS**

1.      Defendant admits that Jerry Laza is an individual, but is without sufficient knowledge or information to admit or deny Plaintiff's current place of residency as stated in paragraph 1 of Plaintiff's Second Amended Complaint.

2.      Defendant admits the allegations contained in paragraph 2 of Plaintiff's Second Amended Complaint.

3.      Defendant admits the allegations contained in paragraph 3 of Plaintiff's Second Amended Complaint.

4.      Defendant admits that he has been sued in his individual capacity, as stated in paragraph 4 of Plaintiff's Second Amended Complaint, but denies that he is liable to Plaintiff in any capacity.

5.      Defendant admits the 2016 City Council members have been sued in their official capacities as alleged in paragraph 5 of Plaintiff's Second Amended Complaint.

6.      Defendant admits that this Court has subject-matter jurisdiction over this suit because Plaintiff's alleged claims and causes of action arise under the U.S. Constitution, amendment XIV, as alleged in paragraph 6 of Plaintiff's Second Amended.  However, Defendant wholly denies that he violated any of Plaintiff's Constitutional or statutory rights or privileges.

7.      Defendant admits that this Court has subject-matter jurisdiction over this suit because Plaintiff's alleged claims and causes of action arise under 42 U.S.C. §1983 and §1983 as alleged in paragraph 7 of Plaintiff's Second Amended. However, Defendant wholly denies that he violated any of Plaintiff's Constitutional or statutory rights or privileges.  Defendant further denies that he conspired with anyone to deprive Plaintiff any of his Constitutional or statutory rights or privileges.

8.      Defendant admits that this Court has supplemental jurisdiction to determine all pendent state law claims which as alleged in paragraph 8 of Plaintiff's Second Amended Complaint.

However, Defendant denies that he is liable to Plaintiff for any alleged state law claim or cause of action.

9. Defendant admits that this Court has personal jurisdiction over Defendant as alleged in paragraph 9 of Plaintiff's Second Amended Complaint, but denies that he "acted as described herein".

10. Defendants admits that the alleged underlying causes of action and events (which are denied as described and stated by Plaintiff) occurred in Anderson County, Texas, and that venue is appropriate in the Tyler Division of the Eastern District of Texas as alleged in paragraph 10 of Plaintiff's Second Amended Complaint. Defendant, however, denies that any act or omission of Defendant violated any of Plaintiff's Constitutional or statutory rights or privilege.

11. Defendant is without sufficient knowledge or information to admit or deny the allegations stated in paragraph 11 of Plaintiff's Second Amended Complaint.

12. Defendant is without sufficient knowledge or information to admit or deny the allegations stated in paragraph 12 of Plaintiff's Second Amended Complaint.

13. Defendant denies the allegations contained in paragraph 13 of Plaintiff's Second Amended Complaint.

14. Defendant denies the allegations contained in paragraph 14 of Plaintiff's Second Amended Complaint.

15. Defendant denies the allegations contained in paragraph 15 of Plaintiff's Second Amended Complaint.

16. Defendant denies the allegations as stated and described in paragraph 16 of Plaintiff's Second Amended Complaint.

17. Defendant denies the allegations as stated and described in paragraph 17 of Plaintiff's Second Amended Complaint.

18. Defendant denies the allegations as stated and described in paragraph 18 of Plaintiff's Second Amended Complaint.

19. Defendant denies the allegations as stated and described in paragraph 19 of Plaintiff's Second Amended Complaint.

20. Defendant is without sufficient knowledge or information to admit or deny the allegations stated in paragraph 20 of Plaintiff's Second Amended Complaint.

21. Defendant denies the allegations as stated and described in paragraph 21 of Plaintiff's Second Amended Complaint.

22. Defendant denies the allegations contained in paragraph 22 of Plaintiff's Second Amended Complaint. Defendant does admit that Plaintiff's property was in violation of City of Palestine Ordinances.

23. Defendant denies the allegations contained in paragraph 23 of Plaintiff's Second Amended Complaint. Defendant does admit that Plaintiff's property was in violation of City of Palestine Ordinances.

24. Defendant denies the allegations contained in paragraph 24 of Plaintiff's Second Amended Complaint. Defendant does admit that Plaintiff's property was in violation of City of Palestine Ordinances.

25. Defendant denies the allegations as stated and described in paragraph 25 of Plaintiff's Second Amended Complaint. Defendant does admit that Plaintiff's property was in violation of City of Palestine Ordinances.

26. Defendant admits that a trial was held in Municipal Court and that Plaintiff was found not guilty, but denies the remaining allegations as stated and described in paragraph 26 of Plaintiff's Second Amended Complaint.

27. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 27 of Plaintiff's Second Amended Complaint; but denies that Defendants were "harassing" Plaintiff.

28. Defendant denies the allegations as stated and described in paragraph 28 of Plaintiff's Second Amended Complaint. Defendant admits, however, that he was lawfully retained to represent the City of Palestine in legal matters pertaining to Plaintiff and that Plaintiff was presented with notice of his violations of City of Palestine ordinances.

29. Defendant denies the allegations as stated and described in paragraph 29 of Plaintiff's Second Amended Complaint.

30. Defendant denies the allegations as stated and described in paragraph 30 of Plaintiff's Second Amended Complaint.

31. Defendant denies the allegations as described and stated in paragraph 31 of Plaintiff's Second Amended Complaint. Defendant admits, however, that he was lawfully retained to represent the City of Palestine in legal matters pertaining to Plaintiff.

32. Defendant admits that suit was filed in State District Court, captioned *City of Palestine, Texas v. Jerry Laza,* No. DCCV 16-356-349, as alleged paragraph 32 of Plaintiff's Second Amended Complaint. Defendant further admits an agreed inspection of Plaintiff's property occurred pursuant to civil discovery rules. Defendant, however, denies all remaining allegations as stated and described in paragraph 32 of Plaintiff's Second Amended Complaint.

33. Defendant admits that Defendant City of Palestine prevailed in the District Court case filed against Plaintiff as stated in paragraph 33 of Plaintiff's Second Amended Complaint. Defendant further admits that a final judgment in the state court case was entered on or about September 18, 2017, that contained injunctive relief in the favor of the City of Palestine and awarded statutory penalties against Plaintiff in the amount of $163,155.00.

34. Defendant avers that paragraph 34 contains an alleged statement of law to which no responsive pleading is required. Defendant, however, admits that paragraph 34 of Plaintiff's Second Amended Complaint contains a short statement concerning federal law; but denies that he violated any of Plaintiff's Constitutional or statutory rights or privileges as alleged in paragraph 34 of Plaintiff's Second Amended.

35. Defendant avers that paragraph 35 contains an alleged statement of law to which no responsive pleading is required. Defendant, however, admits that paragraph 35 of Plaintiff's Second Amended Complaint contains a short statement concerning federal law; but denies that he violated any of Plaintiff's Constitutional or statutory rights or privileges as alleged in paragraph 34 of Plaintiff's Second Amended.

36. Defendant denies the allegations contained in paragraph 36 of Plaintiff's Second Amended Complaint.

37. Defendant avers that paragraph 37 contains an alleged statement of law to which no responsive pleading is required. Defendant, however, admits that paragraph 37 of Plaintiff's Second Amended Complaint contains statements regarding Tex. Gov't Code §551.041, but denies that Defendant violated this state statute or any other provisions of the Texas Open Meetings Act.

38. Defendant avers that paragraph 38 contains an alleged statement of law to which no responsive pleading is required. Defendant, however, admits that paragraph 38 of Plaintiff's

Second Amended Complaint contains statements regarding the Texas Open Meetings Act, but denies that Defendant violated any provisions of the Texas Open Meetings Act.

39. Defendant avers that paragraph 39 contains an alleged statement of law to which no responsive pleading is required. Defendant, however, admits that paragraph 39 of Plaintiff's Second Amended Complaint contains general legal statements from limited case authority. Defendant denies that he engaged in any conduct or action which resulted in a violation of Plaintiff's Fifth Amendment rights.

40. Defendant avers that paragraph 40 contains an alleged statement of law to which no responsive pleading is required. Defendant, however, admits that paragraph 40 of Plaintiff's Second Amended Complaint contains general legal statements from limited case authority. Defendant denies that he engaged in any conduct or action which resulted in violation of the Takings Clause.

41. Defendant denies the allegations contained in paragraph 41 of Plaintiff's Second Amended Complaint.

42. Defendant denies the allegations contained in paragraph 42 of Plaintiff's Second Amended Complaint.

43. Defendant denies the allegations contained in paragraph 43 of Plaintiff's Second Amended Complaint.

44. Defendant avers that paragraph 44 contains an alleged statement of law to which no responsive pleading is required. Defendant, however, admits that paragraph 44 of Plaintiff's Second Amended Complaint contains general legal statements from limited case authority. Defendant denies that he engaged in any conduct or action which resulted in violation of the Equal Protection Clause.

45.  Defendant denies the allegations contained in paragraph 45 of Plaintiff's Second Amended Complaint.

46.  Defendant denies the allegations contained in paragraph 46 of Plaintiff's Second Amended Complaint.

47.  Defendant denies the allegations contained in paragraph 47 of Plaintiff's Second Amended Complaint.

48.  Defendant avers that paragraph 48 contains an alleged statement of law to which no responsive pleading is required.  Defendant, however, admits that paragraph 48 Plaintiff's Second Amended Complaint contains general legal statements from limited case authority.  Defendant denies that he engaged in any conduct or action which resulted in violation of Plaintiff's Due Process rights or privileges.

49.  Defendant denies the allegations as stated and described in paragraph 49 of Plaintiff's Second Amended Complaint.

50.  Defendant admits that he was one of the attorneys representing the City of Palestine, Texas in a civil action against Plaintiff, filed on or about June 9, 2016; but denies the remaining allegations as stated and described by Plaintiff in paragraph 50 of Plaintiff's Second Amended Complaint.

51.  Defendant denies the allegations contained in paragraph 51 of Plaintiff's Second Amended Complaint.

52.  Defendant denies the allegations contained in paragraph 52 of Plaintiff's Second Amended Complaint.

53.  Defendant avers that paragraph 53 contains an alleged statement of constitutional law to which no responsive pleading is required.  Defendant, however, admits that paragraph 53 of

Plaintiff's Second Amended Complaint quotes the Fourth Amendment. Defendant denies that he engaged in any conduct which resulted in violation of the Fourth Amendment.

54. Defendant avers that paragraph 54 contains an alleged statement of law to which no responsive pleading is required. Defendant, however, admits that paragraph 54 of Plaintiff's Second Amended Complaint contains general legal statements from limited case authority. Defendant denies that he engaged in any conduct which resulted in violation of the Fourth Amendment.

55. Defendant denies the allegations contained in paragraph 55 of Plaintiff's Second Amended Complaint.

56. Defendant avers that paragraph 56 contains an alleged statement of law to which no responsive pleading is required. Defendant, however, admits that paragraph 56 of Plaintiff's Second Amended Complaint contains general legal statements from limited case authority. Defendant denies that he engaged in any conduct which resulted in violation of the Texas Open Meetings Act.

57. Defendant avers that paragraph 57 contains an alleged statement of law to which no responsive pleading is required. Defendant, however, admits that paragraph 57 of Plaintiff's Second Amended Complaint contains general legal statements from limited case authority. Defendant denies that he engaged in any conduct which resulted in violation of the Texas Open Meetings Act.

58. Defendant avers that paragraph 58 contains an alleged statement of law to which no responsive pleading is required. Defendant, however, admits that paragraph 58 of Plaintiff's Second Amended Complaint contains only a portion of the Texas Open Meetings Act. Defendant

denies that he engaged in any conduct which resulted in violation of the Texas Open Meetings Act.

59. Defendant admits that Plaintiff's Second Amended Complaint paragraph 59 contains a general statement of the statutory law. Defendant denies violating the Texas Open Meeting Act.

60. Defendant denies the allegations contained in paragraph 60 of Plaintiff's Second Amended Complaint.

61. Defendant denies the allegations as stated and described in paragraph 61 of Plaintiff's Second Amended Complaint.

62. Defendant denies that any violation of the Texas Open Meetings Act occurred as alleged in paragraph 62 of Plaintiff's Second Amended Complaint. Defendant further denies that any meeting of the City Council occurred without lawful and proper notice of such meeting.

63. Defendant denies the allegations contained in paragraph 63 of Plaintiff's Second Amended Complaint.

64. Defendant denies the allegations contained in paragraph 64 of Plaintiff's Second Amended Complaint.

65. Defendant denies the allegations contained in paragraph 65 of Plaintiff's Second Amended Complaint.

66. Defendant denies the allegations contained in paragraph 66 of Plaintiff's Second Amended Complaint.

67. Defendant denies the allegations contained in paragraph 67 of Plaintiff's Second Amended Complaint.

68. Defendant denies the allegations contained in paragraph 68 of Plaintiff's Second Amended Complaint.

69. Defendant denies the allegations contained in paragraph 69 of Plaintiff's Second Amended Complaint.

70. Defendant denies the allegations contained in paragraph 70 of Plaintiff's Second Amended Complaint.

71. Defendant denies the allegations as stated and described in paragraph 71 of Plaintiff's Second Amended Complaint.

72. Defendant avers that paragraph 72 contains an alleged statement of law to which no responsive pleading is required. Defendant, however, admits that paragraph 72 of Plaintiff's Second Amended Complaint contains only a general statement of the law pertaining to Section 1983 municipal liability.

**\*\*Note to the Court: Following paragraph 72 of Plaintiff's Second Amended Complaint, Plaintiff continues his pleading, and numbers the subsequent paragraphs in a nonsequential order. (i.e. paragraph 72 is followed by paragraph 67, 68, etc.).**

73. Defendant admits that Plaintiff's Second Amended Complaint paragraph 67(sic) contains only a small portion of the Texas Open Meetings Act (section §551.141). However, Defendant denies that governmental and/or individual immunities have been waived in the present case, or that any action taken by Defendant City of Palestine is voidable due to a violation of the Open Meetings Act because no such violation occurred.

74. Defendant avers that paragraph 68(sic) contains an alleged statement of law to which no responsive pleading is required. Defendant, however, admits that paragraph 68(sic) of Plaintiff's Second Amended Complaint contains general legal statements from limited case authority. Defendant denies that he engaged in any conduct or action that resulted in violation of the Texas Open Meetings Act.

75.     Defendant denies the allegations contained in paragraph 69(sic) of Plaintiff's Second Amended Complaint.

76.     Defendant denies that Plaintiff is entitled to any of the "damages" which he seeks in paragraph 70(sic) of Plaintiff's Second Amended Complaint.

77.     Defendant denies that Plaintiff is entitled to the injunctive relief sought in paragraph 71(sic) of Plaintiff's Second Amended Complaint.

78.     Defendant denies that Plaintiff is entitled to the recovery of attorney's fees under any of the statutory provisions alleged in paragraph 72(sic) of Plaintiff's Second Amended Complaint.

79.     Plaintiff's Second Amended Complaint paragraph 73(sic) requires no response from Defendant since it makes no allegation, but only a request for a jury trial.  Defendant joins Plaintiff in requesting a jury trial.

80.     Defendant denies that Plaintiff is entitled to recover any of the damages requested in Plaintiff's Second Amended Complaint paragraph "XVI. PRAYER."

81.     Defendant denies all claims alleged in Plaintiff's Second Amended Complaint which have not previously been denied in this Answer to Plaintiff's Second Amended Complaint.

## V.
## AFFIRMATIVE DEFENSES

82.     By raising the following defenses, Defendant does not assume the burden of proof on any issue that, as a matter of law, is Plaintiff's burden to prove.  Defendant reserves the right to amend his Answer and to add additional defenses as they become known through the course of disclosure, discovery, or otherwise.

83.     Plaintiff's claims should be dismissed in whole or in part under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failing to state a claim upon which relief can be granted.

84. Plaintiff's claims against Defendant Stutes are barred by immunity. Specifically, Defendant Stutes is entitled the defenses of qualified and official immunities.

85. Plaintiff's damages, if any, were caused by his own conduct or were caused by third parties.

86. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

87. Defendant affirmatively pleads that at all times relevant hereto, he engaged in good faith efforts to comply with the law, and that he had reasonable, legitimate, non-discriminatory and non-retaliatory reasons for his actions and decisions applicable to this case.

88. Plaintiff's claims for damages are barred or reduced to the extent that Plaintiff failed to properly mitigate his damages, if any.

89. Plaintiff's claims are barred by his bankruptcy settlement.

90. Plaintiff's claims are barred to the extent that he did not exhaust his required administrative remedies as required by law.

91. Plaintiff's claims against Defendant is barred because his claims were previously disposed of by Order of the Bankruptcy Court.

92. Plaintiff is further judicially estopped from asserting his claims in the present case. Plaintiff seeks to take a position in the present case which is contrary to, and inconsistent with, the legal position taken in his Chapter 7 bankruptcy case. (*Eastern District of Texas Bankruptcy Court* 18-60485*).*

93. Defendant specifically asserts that pursuant to Texas Civil Practice & Remedies Code §101.106, the filing of suit against the Defendant City of Palestine constitutes an irrevocable election by the Plaintiff and immediately and forever bars any suit or recovery by the Plaintiff against any individual employee of the governmental unit regarding the same subject matter,

including Defendant Stutes. Accordingly, Defendant Stutes moves the Court to dismiss all claims against individual employees subject to this statutory provision.

94. Defendant asserts all provisions of Texas Civil Practice & Remedies Code §101.023 with regard to limitations of liability.

95. Defendant asserts that Plaintiff's claims for violation of the Texas Open Meetings Act are barred by the doctrine of mootness.

96. Defendant asserts that it is entitled to the recovery of all costs and attorney's fees incurred in the defense of this matter pursuant to 42 U.S.C. §1988.

## VI.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendant Ronald Stutes respectfully prays that Plaintiff take nothing by way of his Second Amended Complaint; that Defendant Ronald Stutes recover his costs of Court and attorney's fees and be discharged without penalty; and for such other and further relief to which Defendant Ronald Stutes may show himself to be entitled.

> Respectfully submitted,
>
> **BOON CALK ECHOLS COLEMAN
> & GOOLSBY, PLLC**
> 1800 NW Loop 281, Suite 303
> Longview, Texas 75604
> (903) 759-2200 Telephone
> (903) 759-3306 Facsimile
>
> By:    */s/ Darren Coleman*
>         Darren K. Coleman
>         State Bar No. 04558570
>
> *ATTORNEYS FOR DEFENDANT
> RONALD STUTES*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF electronic mail system per Local Rule CV-5(a)(3) on July 15, 2021.

*/s/ Darren Coleman*
Darren K. Coleman
